Attn: Mary

**FILED**

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DEC 20 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA

DARRYL ECKERT AND
ANA ECKERT,

PLAINTIFF

VS                                          CASE NO: 12CV1534

A&D CONTRACTING & MACHINE
SHOP, INC. D/B/A A&D CONTRACTING
& MACHINE SHOP, WARE, INC. AND
JOHN DOES 1-2,

DEFENDANT.

### AFFIDAVIT OF SERVICE

Personally appeared before me, the undersigned officer duly authorized, Jennifer Rehm, an Agent of MLQ Attorney Services, specially appointed for service of process in the above styled action, who first being duly sworn, on oath deposes and states that he is a citizen of the United States, eighteen (18) years of age or older, and is a party having no interest in the above styled case. Affiant states that on the _4_ day of _December_ 2012, at approximately _3:20_ am/pm I served

WARE, INC.

BY SERVING _Richard Ware Jr._ WHO IS _officer of company_
AT THE ADDRESS OF: _4005 Produce Rd. Louisville, KY 40218_

with the following: SEE ATTACHED PLEADINGS INDEX.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this _6_ day of _December_ 2012.

Process Server for
MLQ Attorney Services
2000 Riveredge Parkway NW #885
Atlanta, Ga 30328
770-984-7007

Sworn and subscribed to before me on this _6_ day of _December_ 2012, and notarized by me on said date.

Notary Public ROBIN WADE
EXP: JUNE 21, 2014
_M_ SEX _W_ RACE _45_ AGE _5'11"_ HEIGHT _175_ WEIGHT _bron_ HAIR _g grey_

293938

EXHIBIT
A

` GEORGIA, BARTOW COUNTY                                    DO NOT WRITE IN THIS SPACE

SUPERIOR COURT OF BARTOW COUNTY                CIVIL ACTION FILE NO. 12CV1534
Civil Division

DARRYL ECKERT AND ANA ECKERT
C/O STEPHEN D. APOLINSKY, ESQ.
APOLINSKY & ASSOCIATES, LLC
ONE DECATUR TOWNCENTER, STE. 200
150 E. PONCE DE LEON AVENUE
DECATUR, GA  30030    (404)377-9191

**FILED**

**NOV 19 2012**

CLERK OF SUPERIOR COURT
BARTOW CO., GA

Plaintiff's Name, Address, City, State, Zip Code

vs.

A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D
CONTRACTING & MACHINE SHOP:
100 W. CHEROKEE AVENUE, CARTERSVILLE, GA 30120;
) JOHN DOE 1 : ADDRESS UNKNOWN
) WARE, INC. C/O RICHARD L. WARE, SR
   4005 PRODUCE ROAD, LOUISVILLE, KY 40218; AND
) JOHN DOE 2: ADDRESS UNKNOWN

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_TBD_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $___TBD_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $___TBD_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _TBD_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  STEPHEN D. APOLINSKY

Address: One Decatur TownCenter, Suite 200, 150 E. Ponce de Leon Avenue

City, State, Zip Code: Decatur, Georgia 30030   Phone No: (404) 377-9191

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, in the Clerk's Office at 135 W. Cherokee Avenue, Suite 233, Cartersville, GA 30120.

This   11-19-2012                                    _Gary Bell_

                                                     Gary Bell., ~~Chief Deputy~~ Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.    _____

                                                     DEPUTY MARSHAL, SUPERIOR COURT OF BARTOW COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**FILED**

NOV 19 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA

| | | |
|---|---|---|
| DARRYL ECKERT and | ) | |
| ANA ECKERT, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO 12CV1534 |
| | ) | |
| v. | ) | |
| | ) | |
| A&D CONTRACTING & MACHINE | ) | |
| SHOP, INC. d/b/a/ A&D CONTRACTING | ) | |
| & MACHINE SHOP; | ) | |
| WARE, INC.; and JOHN DOES 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Darryl Eckert and Ana Eckert, Plaintiffs in the above-styled civil action, by and through their counsel of record, and file this, their First Amended Complaint for Damages and show this Court as follows:

1.

Defendant Ware, Inc. is a foreign corporation doing business in the State of Georgia, who committed a tortious act in Bartow County, Georgia. Defendant Ware, Inc. will be subject to the jurisdiction and venue of this Court upon service of process upon its registered agent.

2.

Defendant John Doe 2's legal name is not presently known to Plaintiffs, but upon information and belief, this Defendant is the employee of Defendant Ware, Inc.'s who worked on the vat lid prior to its failure. The true legal name of John Doe 2 will be substituted when Plaintiff discovers his or her true identity.

3.

During 2010, Tintoria Piana U.S., Inc. hired Defendant Ware, Inc. to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure.

4.

On or about September 27, 2010, Plaintiff Daryl Eckert was working at Tintoria Piana US, Inc. when the newly repaired lid was placed on the vat and put under pressure, at which time the grooves in the lid failed, causing the lid to explode from the vat and strike Plaintiff Darryl Eckert, knocking him to the ground.

5.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligent repair of the vat lid, Plaintiff Darryl Eckert sustained serious injuries and incurred medical expenses in excess of $75,000.00, the exact amount to be proven at trial.

6.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligent repair of the vat lid, Plaintiff Darryl Eckert suffered a loss of wages and Plaintiff Ana Eckert suffered the loss of her husband's consortium.

7.

At all times material hereto, Plaintiff Darryl Eckert was married to Plaintiff Ana Eckert.

## COUNT I – NEGLIGENCE

8.

Plaintiffs reallege and incorporate Paragraphs 1-7 as though fully set forth herein.

9.

Defendants Ware, Inc. and John Doe 2 owed a duty to Plaintiffs to complete their work in a non-negligent manner.

10.

Defendants Ware, Inc. and John Doe 2 breached their duty by failing to repair the vat lid properly.

11.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligence, Plaintiff Darryl Eckert suffered injuries and damages and Plaintiff Ana Eckert suffered the loss of consortium with her husband.

## COUNT II – RESPONDEAT SUPERIOR

12.

Plaintiffs reallege and incorporate Paragraphs 1-11 as though fully set forth herein.

13.

Defendant John Doe 2 was in the scope of his employment with Defendant Ware, Inc. when he repaired the vat lid in a negligent manner.

14.

Pursuant to a theory of respondeat superior, Defendant Ware, Inc. is vicariously liable for the actions of Defendant John Doe 2.

## COUNT III – NEGLIGENT HIRING, RETENTION AND SUPERVISION

15.

Plaintiffs reallege and incorporate Paragraphs 1-14 as though fully set forth herein.

16.

Defendant Ware, Inc. owed a duty to Plaintiffs not to hire or retain John Doe 2 after knowledge of his incompetence for the job, and to supervise John Doe 2 in a reasonable manner.

17.

Defendant Ware, Inc. breached its duty by hiring and/or retaining Defendant John Doe 2 after knowledge of his incompetence for the job and by failing to properly supervise his work.

18.

Defendant Ware, Inc.'s negligence was the direct and proximate cause of Plaintiff Darryl Eckert's injuries and damages and Plaintiff Ana Eckert's loss of consortium.

## COUNT IV – LOSS OF CONSORTIUM

19.

Plaintiffs reallege and incorporate Paragraphs 1-18 as though fully set forth herein.

20.

Pursuant to O.C.G.A. § 51-1-9, Plaintiff Ana Eckert has a right to recover for the loss of her husband, Darryl Eckert's society, companionship and affection that was lost due to the negligent actions of Defendants Ware, Inc. and John Doe 2..

WHEREFORE, Plaintiffs respectfully pray:

    a.   That Summons be issued and Defendants Ware, Inc. and John Doe 2 be served with process;

    b.   That judgment be entered in favor of Plaintiffs holding Defendants Ware, Inc. and John Doe 2 liable for losses suffered resulting from the injuries sustained and caused by these Defendants in such amount as will fairly and adequately compensate Plaintiffs;

c. That Plaintiffs recover judgment for the injuries and losses they incurred as a result of the negligence of Defendants Ware, Inc. and John Doe 2, including, without limitation, damages for:

(1) All medical expenses incurred in the care and treatment of Plaintiff Darryl Eckert's injuries and the resulting consequences;

(2) Compensation for all pain and suffering endured by Plaintiff Darryl Eckert;

(3) Compensation for lost wages endured by Plaintiff Darryl Eckert; and

(4) Compensation for Plaintiff Ana Eckert's loss of consortium.

d. That all costs be assessed against Defendants Ware, Inc. and John Doe 2;

e. That Plaintiffs have a trial by 12-member jury;

f. That Plaintiffs be allowed to amend their Complaint in order to avoid a manifest injustice; and

g. That Plaintiffs have such other relief as this Court deems just and proper.

Respectfully submitted this 16th day of November, 2012.

APOLINSKY & ASSOCIATES, LLC


_____
STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**FILED**

**NOV 19 2012**

CLERK OF SUPERIOR COURT
BARTOW CO., GA

| | | |
|---|---|---|
| DARRYL ECKERT and | ) | |
| ANA ECKERT, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO 12CV1534 |
| | ) | |
| v. | ) | |
| | ) | |
| A&D CONTRACTING & MACHINE | ) | |
| SHOP, INC. d/b/a/ A&D CONTRACTING | ) | |
| & MACHINE SHOP; | ) | |
| WARE, INC.; and JOHN DOES 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing Plaintiffs' First Amended Complaint for Damages upon Defendants A&D Contracting & Machine Shop, Inc. by placing a true and correct copy in the U.S. Mail, with sufficient postage attached addressed to:

Matthew G. Moffett, Esq.
Wayne S. Melnick, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road
Atlanta, Georgia 30309

Defendant Ware, Inc. will be served personally with a true and correct copy of the pleading.

This 16th day of November, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

# APOLINSKY & ASSOCIATES, LLC

### TRIAL LAWYERS

STEPHEN D. APOLINSKY (GA, AL, DC)
TONA SHRUM

JET HARRIS (OF COUNSEL)
MYAH T. RAINEY (OF COUNSEL)

ONE DECATUR TownCenter, Suite 200
150 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
www.sa-legal.com

TELEPHONE: (404) 377-9191
FACSIMILE: (404) 377-6996

November 16, 2012

**FILED**

NOV 19 2012

CLERK OF SUPERIOR COURT
BARTOW CO.. GA

<u>Via U. S. Mail</u>
Clerk of Court
Superior Court of Bartow County
Bartow County Courthouse
Frank Moore Administration Building and Judicial Center
135 West Cherokee Avenue
Cartersville, Georgia 30120

RE:   <u>Eckert v. A&D Contracting & Machine Shop, Inc. etc.</u>, Superior Court of Bartow
County, Civil Action File No. 12CV1534

Dear Sir or Madam:

Enclosed please find one original and one copy of Plaintiffs' Summons and Amended Complaint. Please file the original, file-stamp the copy, and return the Summons with an original signature and the file-stamped copy of the Complaint to our office in the enclosed self-addressed, postage-paid envelope.

Thank you for your assistance with this matter. Should you need further information, please contact me at the above-listed number.

Sincerely,

Tona L. Shrum, Esq.

Enclosures
cc:   Stephen D. Apolinsky, Esq.

PDF created with pdfFactory trial version www.pdffactory.com

GEORGIA, BARTOW COUNTY

DO NOT WRITE IN THIS SPACE

**SUPERIOR COURT OF BARTOW COUNTY**
Civil Division

CIVIL ACTION FILE NO. 12CV1534

DARRYL ECKERT AND ANA ECKERT
C/O STEPHEN D. APOLINSKY, ESQ.
APOLINSKY & ASSOCIATES, LLC
ONE DECATUR TOWNCENTER, STE. 200
150 E. PONCE DE LEON AVENUE
DECATUR, GA 30030   &(404)377-9191

**FILED**

NOV 19 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

Plaintiff's Name, Address, City, State, Zip Code

VS.

H&D CONTRACTING & MACHINE SHOP, INC. D/B/A H&D
CONTRACTING & MACHINE SHOP;
100 W. CHEROKEE AVENUE, CARTERSVILLE, GA 30120;
) JOHN DOE 1: ADDRESS UNKNOWN
) WARE, INC. C/O RICHARD L. WARE, SR
  4005 PRODUCE ROAD, LOUISVILLE, KY 40218; AND
) JOHN DOE 2: ADDRESS UNKNOWN

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_TBD_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $___TBD_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $___TBD_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_TBD_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: STEPHEN D. APOLINSKY

Address: One Decatur TownCenter, Suite 200, 150 E. Ponce de Leon Avenue

City, State, Zip Code: Decatur, Georgia 30030   Phone No: (404) 377-9191

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, in the Clerk's Office at 135 W. Cherokee Avenue, Suite 233, Cartersville, GA 30120.

This ___11-19-2012___

*Gary Bell*

Gary Bell, ~~Chief Deputy~~ Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, SUPERIOR COURT OF BARTOW COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**FILED**

**NOV 19 2012**

CLERK OF SUPERIOR COURT
BARTOW CO., GA

DARRYL ECKERT and )
ANA ECKERT, )
                     )
            Plaintiffs, )
                     )
v. )
                     )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; )
WARE, INC.; and JOHN DOES 1-2, )
                     )
            Defendants. )

CIVIL ACTION
FILE NO 12CV1534

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Darryl Eckert and Ana Eckert, Plaintiffs in the above-styled civil action, by and through their counsel of record, and file this, their First Amended Complaint for Damages and show this Court as follows:

1.

Defendant Ware, Inc. is a foreign corporation doing business in the State of Georgia, who committed a tortious act in Bartow County, Georgia. Defendant Ware, Inc. will be subject to the jurisdiction and venue of this Court upon service of process upon its registered agent.

2.

Defendant John Doe 2's legal name is not presently known to Plaintiffs, but upon information and belief, this Defendant is the employee of Defendant Ware, Inc.'s who worked on the vat lid prior to its failure. The true legal name of John Doe 2 will be substituted when Plaintiff discovers his or her true identity.

PDF created with pdfFactory trial version www.pdffactory.com

3.

During 2010, Tintoria Piana U.S., Inc. hired Defendant Ware, Inc. to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure.

4.

On or about September 27, 2010, Plaintiff Daryl Eckert was working at Tintoria Piana US, Inc. when the newly repaired lid was placed on the vat and put under pressure, at which time the grooves in the lid failed, causing the lid to explode from the vat and strike Plaintiff Darryl Eckert, knocking him to the ground.

5.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligent repair of the vat lid, Plaintiff Darryl Eckert sustained serious injuries and incurred medical expenses in excess of $75,000.00, the exact amount to be proven at trial.

6.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligent repair of the vat lid, Plaintiff Darryl Eckert suffered a loss of wages and Plaintiff Ana Eckert suffered the loss of her husband's consortium.

7.

At all times material hereto, Plaintiff Darryl Eckert was married to Plaintiff Ana Eckert.

## COUNT I – NEGLIGENCE

8.

Plaintiffs reallege and incorporate Paragraphs 1-7 as though fully set forth herein.

9.

Defendants Ware, Inc. and John Doe 2 owed a duty to Plaintiffs to complete their work in a non-negligent manner.

10.

Defendants Ware, Inc. and John Doe 2 breached their duty by failing to repair the vat lid properly.

11.

As a direct and proximate result of Defendants Ware, Inc. and John Doe 2's negligence, Plaintiff Darryl Eckert suffered injuries and damages and Plaintiff Ana Eckert suffered the loss of consortium with her husband.

**COUNT II – RESPONDEAT SUPERIOR**

12.

Plaintiffs reallege and incorporate Paragraphs 1-11 as though fully set forth herein.

13.

Defendant John Doe 2 was in the scope of his employment with Defendant Ware, Inc. when he repaired the vat lid in a negligent manner.

14.

Pursuant to a theory of respondeat superior, Defendant Ware, Inc. is vicariously liable for the actions of Defendant John Doe 2.

**COUNT III – NEGLIGENT HIRING, RETENTION AND SUPERVISION**

15.

Plaintiffs reallege and incorporate Paragraphs 1-14 as though fully set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

16.

Defendant Ware, Inc. owed a duty to Plaintiffs not to hire or retain John Doe 2 after knowledge of his incompetence for the job, and to supervise John Doe 2 in a reasonable manner.

17.

Defendant Ware, Inc. breached its duty by hiring and/or retaining Defendant John Doe 2 after knowledge of his incompetence for the job and by failing to properly supervise his work.

18.

Defendant Ware, Inc.'s negligence was the direct and proximate cause of Plaintiff Darryl Eckert's injuries and damages and Plaintiff Ana Eckert's loss of consortium.

## COUNT IV – LOSS OF CONSORTIUM

19.

Plaintiffs reallege and incorporate Paragraphs 1-18 as though fully set forth herein.

20.

Pursuant to O.C.G.A. § 51-1-9, Plaintiff Ana Eckert has a right to recover for the loss of her husband, Darryl Eckert's society, companionship and affection that was lost due to the negligent actions of Defendants Ware, Inc. and John Doe 2..

WHEREFORE, Plaintiffs respectfully pray:

   a. That Summons be issued and Defendants Ware, Inc. and John Doe 2 be served with process;

   b. That judgment be entered in favor of Plaintiffs holding Defendants Ware, Inc. and John Doe 2 liable for losses suffered resulting from the injuries sustained and caused by these Defendants in such amount as will fairly and adequately compensate Plaintiffs;

c. That Plaintiffs recover judgment for the injuries and losses they incurred as a result of the negligence of Defendants Ware, Inc. and John Doe 2, including, without limitation, damages for:

(1) All medical expenses incurred in the care and treatment of Plaintiff Darryl Eckert's injuries and the resulting consequences;

(2) Compensation for all pain and suffering endured by Plaintiff Darryl Eckert;

(3) Compensation for lost wages endured by Plaintiff Darryl Eckert; and

(4) Compensation for Plaintiff Ana Eckert's loss of consortium.

d. That all costs be assessed against Defendants Ware, Inc. and John Doe 2;

e. That Plaintiffs have a trial by 12-member jury;

f. That Plaintiffs be allowed to amend their Complaint in order to avoid a manifest injustice; and

g. That Plaintiffs have such other relief as this Court deems just and proper.

Respectfully submitted this 16th day of November, 2012.

APOLINSKY & ASSOCIATES, LLC

_____
STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**FILED**

**NOV 19 2012**

CLERK OF SUPERIOR COURT
BARTOW CO., GA

| | |
|---|---|
| DARRYL ECKERT and<br>ANA ECKERT,<br><br>   Plaintiffs,<br><br>v.<br><br>A&D CONTRACTING & MACHINE<br>SHOP, INC. d/b/a/ A&D CONTRACTING<br>& MACHINE SHOP;<br>WARE, INC.; and JOHN DOES 1-2,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
FILE NO 12CV1534

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing Plaintiffs' First Amended Complaint for Damages upon Defendants A&D Contracting & Machine Shop, Inc. by placing a true and correct copy in the U.S. Mail, with sufficient postage attached addressed to:

Matthew G. Moffett, Esq.
Wayne S. Melnick, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road
Atlanta, Georgia 30309

Defendant Ware, Inc. will be served personally with a true and correct copy of the pleading.

This 16th day of November, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

# COPY

**FILED**

NOV 0 5 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

### IN THE SUPERIOR COURT OF BARTOW COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| DARRYL ECKERT and<br>ANA ECKERT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| A&D CONTRACTING & MACHINE | ) |
| SHOP, INC. d/b/a A&D CONTRACTING | ) |
| & MACHINE SHOP; AND JOHN DOE 1 | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE NO.:
12CV1534

## ORDER

The Court, having considered Plaintiff's Motion to Add and Drop Parties pursuant to O.C.G.A. § 9-11-21, and finding that it is just to grant said Motion, it is hereby

ORDERED

(1) that Ware, Inc. is added as a party defendant to the present action;

(2) that Plaintiff shall file an amended complaint providing for all allegations against Ware, Inc. and John Doe 1;

(3) that Summons will issue for Plaintiffs to serve upon Ware, Inc.; and

(4) that Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop and John Doe 1 shall be automatically dismissed with prejudice when Plaintiffs' amended complaint is filed.

This ____ day of _____, 2012.

_____
JUDGE, SUPERIOR COURT OF BARTOW COUNTY

G. CAREY NELSON
JUDGE, SUPERIOR COURT
CHEROKEE JUDICIAL CIRCUIT

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
         )
    Plaintiffs, )     CIVIL ACTION FILE NO.:
         )     12CV1534
v. )
         )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
         )
    Defendants. )
         )

## ORDER

    The Court, having considered Plaintiff's Motion to Add and Drop Parties pursuant to O.C.G.A. § 9-11-21, and finding that it is just to grant said Motion, it is hereby

**ORDERED**

    (1) that Ware, Inc. is added as a party defendant to the present action;

    (2) that Plaintiff shall file an amended complaint providing for all allegations against Ware, Inc. and John Doe 1;

    (3) that Summons will issue for Plaintiffs to serve upon Ware, Inc.; and

    (4) that Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop and John Doe 1 shall be automatically dismissed with prejudice when Plaintiffs' amended complaint is filed.

This _____ day of _____, 2012.


_____
JUDGE, SUPERIOR COURT OF BARTOW COUNTY

PDF created with pdfFactory trial version www.pdffactory.com

## GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.
### ATTORNEYS AT LAW

950 EAST PACES FERRY ROAD
1700 ATLANTA PLAZA
ATLANTA, GEORGIA 30326

(404) 870-5941 (Telephone)
(404) 870-7374 (Facsimile)
lwheaton@grsmb.com (E-mail)

October 8, 2012

Clerk of Bartow County Superior Court
Bartow County Courthouse
(Frank Moore Administration Building and Judicial Center)
135 West Cherokee Avenue
Cartersville, Georgia 30120

> **Re:** *Darryl Eckert and Ana Eckert v. A&D Contracting & Machine Shop,*
> *Inc. d/b/a A&D Contracting and Machine Shop, et al.*
> *Superior Court of Bartow County, State of Georgia*
> *Civil Action File Number: 12CV1534*

Dear Sir or Madam:

With regard to the above-referenced matter, enclosed please find an original and one (1) copy of the Notice of Leave of Absence for Matthew G. Moffett. Please see attached Exhibit A for cases pending in your court.

Would you kindly file the enclosed and return to me a stamped, filed copy of same in the self-addressed stamped envelope provided herewith.

Thank you for your assistance in this matter, and if you have any questions please feel free to contact our office.

Sincerely,

LaKeya L. Wheaton
Legal Assistant to Matthew G. Moffett

/llw

Enclosures

cc:   All Attorneys of Record (w/encl.)

PDF created with pdfFactory trial version www.pdffactory.com

DATE:        October 8, 2012

TO:          All Judges, Clerks of Court, and Counsel of Record

FROM:        Matthew G. Moffett, Esq.
             GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP.

RE:          Notice of Leave of Absence

---

Comes now Matthew G. Moffett and respectfully notifies all Judges before whom he has cases pending (see the attached Exhibit A), all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.  The period of leave during which time Applicant will be away from the practice of law is:

    - November 12, 2012- November 16, 2012: Out of County

2.  All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

_Matthew G. Moffett_

Matthew G. Moffett, Esq.
State Bar Number:  515323

Eckert v. A + D Contracting
12CV1534

*Page 1 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP.**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30326
Telephone: 404.870.7390
Facsimile: 404.870.1030
Email: mmoffett@grsmb.com

*Page 2 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

This is to certify that I have, this date, served a copy of the foregoing *Notice of Leave of Absence* upon all Judges, Clerks of Court and Opposing Counsel listed on the attached "Exhibit A" by depositing same in the U. S. Mail with adequate postage affixed thereto or by electronically filing same via LexisNexis Document Service with electronic notification to opposing counsel and courtesy copy to all affected Judges.

Matthew G. Moffett, Esq.
State Bar Number: 515323

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP.**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30326
Telephone: 404.870.7390
Facsimile: 404.870.1030
Email: mmoffett@grsmb.com

*Page 3 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| Case Information | Judge | Attorney |
|---|---|---|
| **State Court of Athens-Clarke County** | **Judge** | **Attorney** |
| Sheats v .Kroger<br>ST12CV0369 | The Honorable Ethelyn N. Simpson<br>State Court of Athens-Clarke County<br>325 East Washington Street<br>Suite 425<br>Athens, Georgia 30601 | Malcom A. Palmore, Esq.<br>PALMORE, BOENIG &<br>ASSOCIATES<br>298 East Washington Street<br>Suite B<br>Athens, Georgia 30601 |
| **Superior Court of Bartow County** | **Judge** | **Attorney** |
| Eckert v. A & D Contracting<br>12CV1534 | Not Assigned | Stephen D. Apolinsky, Esq.<br>Tona L. Shrum, Esq.<br>APOLINSKY & ASSOCIATES,<br>LLC<br>150 East Ponce de Leon Avenue<br>One Decatur Town Center,<br>Suite200<br>Decatur , Georgia 30030 |
| **State Court of Carroll County** | **Judge** | **Attorney** |
| Greer v. Gas, Incorporated<br>11-S-00794 | The Honorable Robert H. Sullivan<br>State Court of Carroll County<br>P.O. Box 338<br>Carrollton, Georgia 30112 | Philip C. Henry, Esq.<br>Marla M. Eastwood, Esq.<br>HENRY, SPIEGEL, MILLING<br>LLP<br>2450 Atlanta Plaza<br>950 East Paces Ferry Road<br>Atlanta, Georgia 30326 |
| **Superior Court of Carroll County** | **Judge** | **Attorney** |
| Fortner v. Morgan and Williams<br>10CV02441 | The Honorable Jack Kirby<br>Superior Court of Carroll County<br>72 Greenville Street<br>Newnan, Georgia 30263 | Jack F. Witcher, Esq.<br>P.O. Box Drawer 1330<br>Bremen, Georgia 30110<br><br>**Marc H. Bardack, Esq.**<br>FREEMAN, MATHIS & GARY,<br>LLP<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, Georgia 30339 |

- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

|  |  | Christopher David Lee, Esq.<br>TISINGER VANCE, PC<br>100 Wagon Yard Plaza<br>P.O. Box 2069<br>Carrollton, Georgia 30112 |
| --- | --- | --- |
| **State Court of Cobb County** | **Judge** | **Attorney** |
| Kent v. Sonke and Merck & Co., Inc.<br>2011-A-3482-7 | The Honorable Carl W. Bowers<br>State Court Building B<br>12 East Park Square<br>Marietta, Georgia 30090-9630 | Marsa Kent, Pro Se<br>3406 Waters Edge Trail<br>Roswell, Georgia 30075 |
| Macking v. Mount Paran Church of God<br>2012A394-5 | The Honorable David P. Darden<br>State Court Building B<br>12 East Park Square<br>Marietta, Georgia 30090-9630 | **Steven Douglas Loube, Esq.**<br>LOUBE & PATEL, LLC<br>4036 Wetherburn Way<br>Norcross, Georgia 30092<br><br>**John Lawrence Sears**<br>1553 Hillhaven Drive<br>Marietta, Georgia 30062 |
| Marden v. Synovus Bank d/b/a Bank of North Georgia<br>12-A-2795-7 | The Honorable Carl W. Bowers<br>State Court Building B<br>12 East Park Square<br>Marietta, Georgia 30090-9630 | **Curtis J. Dickinson, Esq.**<br>**Laura M. Barron, Esq.**<br>DICKINSON & ASSOCIATES<br>145 Towne Lake Parkway, Suite 300<br>Woodstock, Georgia 30188 |
| Perkins v. Courier Express<br>2010A5026-7 | The Honorable Carl W. Bowers<br>State Court Building B<br>12 East Park Square<br>Marietta, Georgia 30090-9630 | **Mr. Hector Raul Cora, Esq.**<br>Hector R. Cora & Associates LLC<br>1770 Indian Trail Road, Suite 190<br>Norcross, Georgia 30093 |
| **Superior Court of Cobb County** | **Judge** | **Attorney** |
| Raza v. Tenant Access<br>10-1-12188-28 | The Honorable Donald B. Howe<br>Superior Court of Cobb County<br>Cobb County Justice Center<br>Building D1<br>32 Waddell Street<br>.Marietta, GA 30090 | **Russell H. Hippe, III, Esq.**<br>THE LAW OFFICE OF RUSSELL H. HIPPE, III, LLC<br>91 West Wieuca Road<br>Building A, Suite 4000<br>Atlanta, Georgia 30342<br><br>Ashok Handa, Pro Se<br>2501 Alston Drive<br>Marietta, Georgia<br><br>**Frank R. Olson, Esq.**<br>McCurdy and Candler, LLC<br>Six Piedmont Center, Suite 700<br>3525 Piedmont Road, NE<br>Atlanta, Georgia 30305 |

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | John G. Nelson, Esq.<br>WEISSMAN, NOWACK, CURRY<br>& WILCO, PC<br>One Alliance Center, 4th Floor<br>3500 Lenox Road, NE<br>Atlanta, Georgia 30326 |
|---|---|---|
| **State Court of Coweta County** | **Judge** | **Attorney** |
| Mitchell v. Kroger<br>10SV0438 | The Honorable John Herbert Cranford<br>State Court of Coweta County<br>P.O. Box 1925<br>Newnan, Georgia 30264 | W. Bryant Green, III, Esq.<br>LAW OFFICE OF W. BRYANT<br>GREEN, III, PC<br>303 Peachtree Street, N.W.<br>Suite 400<br>Atlanta, Georgia 30308 |
| **Magistrate Court of DeKalb County** | **Judge** | **Attorney** |
| Pruitt v. Corinthian Colleges<br>12M10726 | Not Assigned | Thomas E. Reynolds, Jr., Esq.<br>REYNOLDS LAW GROUP, LLC<br>191 Peachtree Street,<br>Suite 3300<br>Atlanta, Georgia 30303 |
| **State Court of DeKalb County** | **Judge** | **Attorney** |
| Flores v. Jasmine Trails<br><br>11A34636 | The Honorable Wayne M. Purdom<br>State Court of DeKalb County<br>104 DeKalb County Courthouse<br>556 North McDonough Street<br>Decatur, Georgia 30030 | Bruce A. Hagen, Esq.<br>Randal E. Fry, Esq.<br>119 North McDonough Street<br>Decatur, Georgia 30030-3300 |
| Claudis Silencio v. Regal Cinemas, Inc.,<br>Perfections Management Solutions, LLC.<br>John Doe 1, John Doe 2 and John Doe,<br>Inc.<br>08-A-95494-1 | The Honorable Alvin T. Wong<br>State Court of DeKalb County<br>104 DeKalb County Courthouse<br>556 North McDonough Street<br>Decatur, Georgia 30030 | Don Charles Keenan, Esq.<br>THE KEENAN LAW FIRM<br>148 Nassau Street, N.W.<br>Atlanta, Georgia 30303<br><br>W. Winston Briggs, Esq.<br>W. WINSTON BRIGGS LAW<br>FIRM<br>1005 Howell Mill Road<br>Building C<br>Atlanta, Georgia 30318<br><br>Waymon Sims, Esq.<br>SIMS LAW OFFICE<br>434 Flat Shoals Avenue, S.E.<br>Atlanta, Georgia 30316 |

- 3 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| Uriostegui v. La Rumba II, Inc.<br><br>12A40711-7 | The Honorable Janice C. Gordon<br>State Court of DeKalb County<br>104 DeKalb County Courthouse<br>556 North McDonough Street<br>Decatur, Georgia 30030 | Fariba Bayani, Esq.<br>FARIBA BAYANI, P.C.<br>236 Johnson Ferry Road, NE<br>Sandy Springs, Georgia 30328<br><br>Eric James Hertz, Esq.<br>W. Todd Johnson, Esq.<br>R. Michael Coker, Esq.<br>ERIC J, HERTZ, P.C.<br>4036 Wetherburn Way<br>Norcross, Georgia 30092 |
| **Superior Court of DeKalb County** | **Judge** | **Attorney** |
| Thieme v. Simmons & Spunkmeyer,<br><br>11-CV13004-8 | The Honorable Linda Warren Hunter<br>Superior Court of DeKalb County<br>DeKalb County Courthouse Judicial<br>Tower<br>556 North McDonough Street<br>Decatur, Georgia 30030 | Lysander Woods, Esq.<br>P.O. Box 1427<br>Lilburn, Georgia 30048 |
| **Superior Court of Dougherty County** | **Judge** | **Attorney** |
| Fenn v. Lawson Industries, Inc.<br>11CV1532-1 | The Honorable Denise Marshall<br>Superior Court of Dougherty County<br>P.O. Box 1827<br>Albany, Georgia 31702 | Jonah A. Flynn, Esq.<br>FLYNN LAW FIRM, LLC<br>945 East Paces Ferry Road<br>Suite 2525<br>Atlanta, Georgia 30326<br><br>William H. Walker, Jr., Esq.<br>S. Kirkpatrick Morgan, Jr., Esq.<br>WALKER & MORGAN, LLC<br>135 East Main Street<br>Lexington, South Carolina 29072<br><br>Diane M. Breneman, Esq.<br>BRENEMAN DUNGAN, LLC<br>311 Delaware Street<br>Kansas City, Missouri 64105<br><br>J. Chandler Bailey, Esq.<br>LIGHTFOOT, FRANKLIN &<br>WHITE, LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, Alabama 35203<br><br>Michael C. Kendall, Esq.<br>TALLEY FRENCH & KENDALL<br>PC<br>3152 Golf Ridge Boulevard<br>Suite 201 |

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| | | Douglasville, Georgia 30135<br>Ben E. Pellegrini, Esq.<br>RHEEM MANUFACTURING<br>COMPANY<br>500 Northpark Town Center<br>1100 Abernathy Road, N.E.<br>Suite 1400<br>Atlanta, Georgia 30328 |
| Fenn v. Lawson Industries, Inc.<br>12CV1674-1 | The Honorable Denise Marshall<br>Superior Court of Dougherty County<br>P.O. Box 1827<br>Albany, Georgia 31702 | Jonah A. Flynn, Esq.<br>FLYNN LAW FIRM, LLC<br>945 East Paces Ferry Road<br>Suite 2525<br>Atlanta, Georgia 30326<br><br>F. Faison Middleton, IV, Esq.<br>WATSON, SPENCE, LLP<br>P.O. BOX 2008<br>Albany, Georgia 31702-2008<br><br>J. Chandler Bailey, Esq.<br>LIGHTFOOT, FRANKLIN &<br>WHITE, LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, Alabama 35203<br><br>Warner Fox, Esq.<br>Michael J. Goldman, Esq.<br>HAWKINS PARNELL<br>THACKSTON & YOUNG, LLP<br>4000 Sun Trust Plaza<br>303 Peachtree Street, N.E.<br>Atlanta, Georgia 30308<br><br>Michael C. Kendall, Esq.<br>TALLEY FRENCH & KENDALL<br>PC<br>3152 Golf Ridge Boulevard<br>Suite 201<br>Douglasville, Georgia 30135<br><br>Diane M. Breneman, Esq.<br>BRENEMAN DUNGAN, LLC<br>311 Delaware Street<br>Kansas City, Missouri 64105<br><br>Charles R. Beans<br>Leonard & Associates<br>Caller Service 1808<br>Alpharetta, Georgia 30023-1808 |

- 5 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

|  |  | William Walker, Esq.<br>WALKER & MORGAN, LLC<br>P.O. Box 949<br>Lexington, South Carolina 29072 |
|---|---|---|
| **Superior Court of Elbert County** | **Judge** | **Attorney** |
| Steele v. Padgett Investigations & Security, Inc.<br>11EV705M | The Honorable Jeffrey S. Malcom<br>Superior Court of Elbert County<br>9592 Lavonia Highway<br>Carnesville, Georgia 30521 | R. Chris Phelps, Esq.<br>PHELPS LAW, LLC<br>313 Heard Street<br>P.O. Box 1056<br>Elberton, Georgia 30635 |
| **State Court of Fayette County** | **Judge** | **Attorney** |
| Brand v. Theodorakis Diner Group, LLC<br>2012SV-0295 | The Honorable Carla W. McMillian<br>State Court of Fayette County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214 | Shaun R. Cade, Esq.<br>THE MCALEER LAW FIRM, P.C.<br>121 Church Street<br>Decatur, Georgia 30030 |
| **Superior Court of Floyd County** | **Judge** | **Attorney** |
| Caldwell v. Watters<br>12CV01805JF1001 | The Honorable John E. Niedrach<br>Superior Court of Floyd County<br>Floyd County Courthouse<br>Three Government Plaza<br>Rome, Georgia 30161 | Gregory H. Kinnamon, Esq.<br>P.O. Box 6178<br>Dalton, Georgia 30722-6178 |
| **Superior Court of Forsyth County** | **Judge** | **Attorney** |
| Bebee v. Kroger<br>12CV-1414 | The Honorable David L. Dickins<br>Superior Court of Forsyth County<br>100 Courthouse Square<br>Suite 30<br>Cumming, Georgia 30040 | Stephen F. Mackle, Esq.<br>5 Concourse Parkway<br>Suite 1425<br>Atlanta, Georgia 30328<br><br>Jason B. Schwartz, Esq.<br>TEMPLE STRICKLAND DINGIS & SCHWARTZ<br>2200 Century Parkway, NE<br>Suite 1050<br>Atlanta, Georgia 30345 |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| Magistrate Court of Fulton County | Judge | Attorney |
|---|---|---|
| Bloodsaw v. Hampton @ Hawthorne Woods, L.P.<br>12MS140986 | Not Assigned | Kimberly M. Bloodsaw, pro se<br>15306 Kensington Trace<br>Lithonia, Georgia 30038 |
| **State Court of Fulton County** | **Judge** | **Attorney** |
| Johnson v. Compton<br>11VS187304B | The Honorable Patsy Y. Porter<br>State Court of Fulton County<br>185 Central Avenue, S.W.<br>Suite 2588<br>Atlanta, Georgia 30303 | Alvis M. Moore, Esq.<br>541 S. Evelyn Place<br>Atlanta, Georgia 30318 |
| **Superior Court of Fulton County** | **Judge** | **Attorney** |
| Allan v. Jefferson Lakeside<br>2012-CV-212758 | The Honorable Todd Markle<br>Superior Court of Fulton County<br>Lewis Slaton Courthouse<br>Suite JCT5755<br>136 Pryor Street SW<br>Atlanta, Georgia 30303 | Thomas P. Mitchell, Esq.<br>Saeed S. Mahallati, Esq.<br>533 D. Johnson Ferry Road<br>Suite 450<br>Marietta, Georgia 30068 |
| Metro Atlanta Taskforce for the Homeless, Inc. and Anita Beaty v. Fialkow<br><br>2010-CV-187740 | The Honorable Craig L. Schwall<br>Superior Court of Fulton County<br>Lewis Slaton Courthouse, Suite JCT 5905<br>136 Pryor Street SW<br>Atlanta, Georgia 30303 | Steven G. Hall, Esq.<br>BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC<br>3414 Peachtree Road, NE<br>Suite 1600<br>Atlanta, Georgia 30326<br><br>Stephen W. Riddell, Esq.<br>TROUTMAN SANDERS, LLP<br>Bank of America Plaza, Suite 5200<br>600 Peachtree Street, N.E.<br>Atlanta, Georgia 30308<br><br>Robert J. Kaufman, Esq.<br>Jordan Forman, Esq.<br>KAUFMAN, MILLER & SIVERTSEN, P.C.<br>Building 800<br>8215 Roswell Road<br>Atlanta, Georgia 30350<br><br>Lynn M, Roberson, Esq.<br>SWIFT, CURRIE, MCGHEE & HIERS, LLP<br>1355 Peachtree Street, NE<br>Suite 300<br>Atlanta, Georgia 30309-3238 |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| Mooney Construction, Inc., v. Architectural Integrated Metals, Inc.<br><br>2011-CV-196918 | The Honorable Cynthia D. Wright Superior Court of Fulton County Lewis Slaton Courthouse, Suite LSC C927 136 Pryor Street SW Atlanta, Georgia 30303 | John C. McManus, Esq. MCMANNUS & WARLICK, LLP Palisades Office Park 5901 Peachtree Dunwoody Road Building A, Suite 510 Atlanta, Georgia 30328<br><br><br>Georgia C. Reid, Esq. Samuel S. Olens, Esq. R.O. Lerer, Esq. Denis Whiting-Pack, Esq. Nancy M. Gallagher, Esq. 3330 Cumberland Boulevard Suite 925 Atlanta, Georgia 30339 |
| **State Court of Gwinnett County** | **Judge** | **Attorney** |
| Anderson v. BASF Corporation et al. 10-C-15420-S4 | The Honorable Joseph C. Iannazzone State Court of Gwinnett County Gwinnett County Justice & Administration Center 75 Langley Drive Lawrenceville, Georgia 30046 | **Plaintiffs-Wanda & Kenneth Anderson**<br><br>John D. Steel, Esq. johnsteel@msm-lawfirm.com<br><br>Kenneth B. McClain (pro hac vice) Steven E. Crick (pro hac vice) Scott A. Britton-Mehlisch (pro hac vice) Scott B. Hall J'Nan C. Kimak (pro hac vice) kbm@hfmlegal.com ; sec@hfmlegal.com ; sbm@hfmlegal.com ; sbh@hfmlegal.com jck@hfmlegal.com<br><br>**Bush Boake Allen, Inc.**<br><br>Earl W. Gunn, Esq. Brannon J. Arnold, Esq. bgunn@wwhgd.com barnold@wwhgd.com<br><br><br>**Chemtura Canada Co., CIE f/k/a Crompton Company CIE f/k/a Uniroyal Chemical Co., Limited CIE f/k/a Uniroyal Ltd.**<br><br>Kevin A. Maxim, Esq kmaxim@maximlawfirm.com<br><br>**Citrus and Allied Essences, Ltd.**<br><br>Jennifer G. Cooper, Esq. |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | Damany F. Ransom, Esq. |
| | | jcooper@bakerdonelson.com |
| | | dransom@bakerdonelson.com |
| | | |
| | | Mark S. Vilmek, Esq. |
| | | mvilimek@sanchezdh.com |
| | | |
| | | **Elan Chemical Registered Agent** |
| | | |
| | | Gregory H. Wheeler, Esq. |
| | | Ryan B. Wilhelm, Esq. |
| | | gwheeler@carlockcopeland.com |
| | | rwilhelm@carlockcopeland.com |
| | | |
| | | |
| | | Daniel J. Arnett (pro hac vice) |
| | | Amy Lemon (pro hac vice) |
| | | darnett@dowdanddowd.com |
| | | klemon@dowdanddowd.com |
| | | |
| | | **First Illes Investments LLC** |
| | | |
| | | John R. Lowery, Esq. |
| | | jlowery@plmllp.com |
| | | |
| | | **Frutarom USA, Inc.** |
| | | |
| | | Scott Masterson, Esq. |
| | | Masterson@lbbslaw.com |
| | | |
| | | **Gold Coast Ingredients** |
| | | |
| | | Stephen L. Cotter, Esq. |
| | | Stephen.cotter@swiftcurrie.com |
| | | |
| | | **Illes Food Ingredients LLC** |
| | | |
| | | John R. Lowery, Esq. |
| | | jlowery@plmllp.com |
| | | |
| | | **International Flavors & Fragrances, Inc.** |
| | | |
| | | Earl W. Gunn , Esq. |
| | | Brannon J. Arnold, Esq. |
| | | bgunn@wwhgd.com |
| | | barnold@wwhgd.com |
| | | |
| | | |
| | | **O'Laughlin Industries** |
| | | M. Diane Owens |
| | | Diane.owens@swiftcurrie.com |
| | | Michelle Corrigan (pro hac vice) |
| | | Cicely I. Lubben (pro hac vice) |
| | | mcorrigan@stinson.com |
| | | clubben@stinson.com |
| | | **Sensient Flavors, LLC** |

- 9 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| | | R. Scott Campbell<br>Lori G. Cohen<br>cohenl@gtlaw.com<br>campbellrs@gtlaw.com<br><br>Paul E. Benson<br>L. M. Seese<br>pebenson@michaelbest.com<br>lmseese@michaelbest.com<br><br>**Ungerer & Company**<br><br>Alan F. Herman<br>aherman@hptylaw.com<br><br><br>Jennifer Jerit Johnson *(pro hac vice)*<br>Si-Yong Yi *(pro hac vice)*<br>jjohnson@tresslerllp.com<br>syi@tresslerllp.com<br><br><br>**BASF Corporation**<br><br>Tamera Woodard<br>twoodard@schiffhardin.com<br><br>Heidi Oertle<br>Shelley Merkin<br>hoertle@schiffhardin.com<br>smerkin@schiffhardin.com<br><br>**Centrome, Inc. d/b/a Advanced Biotech**<br><br>Harry W. Bassler<br>hwb@crimbassler.com<br><br><br>**CHR Hansen, Inc.**<br><br>Alfred B. Adams, III<br>Chris G. Kelly<br>Al.adams@hklaw.com<br>Christopher.kelly@hklaw.com<br><br>**DSM Food Specialties USA, Inc.**<br><br>Robert A. Barnaby, II<br>rbarnaby@dnc-law.com<br><br><br>Ted McCullough<br>C. Dino Haloulos<br>tmccullough@mgpllp.com<br>dhaloulos@mgpllp.com<br><br>**Firmenich, Inc.**<br><br>Richard North, Jr.<br>richard.north@nelsonmullins.com |

- 10 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| | | Fleurchem, Inc.<br>Registered Agent (SERVE BY MAIL)<br><br>George Gluck<br>9 Jacaruso Drive<br>Spring Valley, NY 10977<br><br>Givaudan Flavors Corp.<br>Seth Litman<br>Seth.Litman@ThompsonHine.com<br><br>Gregory T. Parks *(pro hac vice)*<br>K. Catherine Roney *(pro hac vice)*<br>Shevon L. Scarafile *(pro hac vice)*<br>gparks@morganlewis.com<br>kroney@morganlewis.com<br>sscarafile@morganlewis.com<br><br>Kimberly E. Ramundo *(pro hac vice)* .<br>Kimberly.ramundo@thompsonhine.com<br><br>**McCormick & Company**<br><br>Ann M. Byrd<br>ann.byrd@dlapiper.com<br>David H. Bamberger<br>david.bamberger@dlapiper.com<br><br><br>**Penta Manufacturing<br>Registered Agent**<br><br><br>Alice H. Dickherber<br>Polsinelli Shughart<br>adickherber@polsinelli.com<br><br><br>**Polarome International**<br><br><br>btaylor@deflaw.com<br>Bruce A. Taylor, Jr.<br><br>Daniel W. McGrath<br>dmcgrath@hinshawlaw.com<br><br><br>**Symrise, Inc.**<br><br>W. Seaborn Jones<br>jones@og-law.com<br><br><br>David E. Kawala<br>Angela Karras Neboyskey<br>Erin E. Wright<br>dkawala@smbtrials.com<br>akarras@smbtrials.com<br>ewright@smbtrials.com |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| Deabernathy v. Don Pedro Mexican Restaurant<br>12-C-00476-S2 | The Honorable Randolph G. "Randy" Rich<br>State Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Gordon C. Tomlinson, Esq.<br>TOMLINSON LAW OFFICE, LLC<br>6050 Peachtree Parkway<br>Suite 240-111<br>Norcross, Georgia 30092 |
| Satterlee v. Synovus Financial Corp.<br>11-C-08019-4 | The Honorable Joseph C. Iannazzone<br>State Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Lee S. Goldstein, Esq.<br>COHEN, GOLDSTEIN, PORT & GOTTLIEB, LLP<br>One Lakeside Commons, Suite 990<br>990 Hammond Drive<br>Atlanta, Georgia 30328 |
| Angela Smith v. Kroger<br>12-C-04568-1 | The Honorable Robert W. Mock, Sr.<br>State Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Emanuel L. Balams, Jr., Esq.<br>BALAMS LAW GROUP<br>191 Peachtree Street, NE<br>Suite 3300<br>Atlanta, Georgia 30303 |
| Kathy Smith v. Kroger Co.<br>10C-16329-6 | The Honorable John F. Doran Jr.<br>State Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Larry E. Stewart, Esq.<br>LARRY E. STEWART & ASSOCIATES<br>485 South Perry Street<br>Suite B<br>Lawrenceville, Georgia 30046-4923 |
| Walker v. Jasmine at the Lake<br>11C-05505-2 | The Honorable Randolph G. "Randy" Rich<br>State Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Warren M. Sams, III, Esq.<br>THE SAMS LAW FIRM<br>127 Peachtree Street, NE<br>Suite 1305<br>Atlanta, Georgia 30303<br><br>John Calhoun Harris, Jr., Esq.<br>LAW OFFICES OF JAMES C. MCLAUGHLIN<br>360 Interstate North Parkway, S.E.<br>Suite 250<br>Atlanta, Georgia 30339 |
| **Superior Court of Gwinnett County** | **Judge** | **Attorney** |
| RV Motors v. Forthe Insurance Agency, Inc.<br>11A-01696-8 | The Honorable Timothy Hamil<br>Superior Court of Gwinnett County<br>Gwinnett County Justice & Administration Center<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Gregory H. Kinnamon, Esq.<br>GREGORY H. KINNAMON, P.C.<br>512 South Thornton Avenue<br>Dalton, Georgia 30722-6178 |

- 12 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| Superior Court of Murray County | Judge | Attorney |
|---|---|---|
| Miller v. Murray County School District 10-CI-1270-M | The Honorable M. Cindy Morris Superior Court of Murray County P.O. Box 732 Dalton, Georgia 30722 | Samuel L. Sanders, Esq. MCCAMY, PHILLIPS, TUGGLE & FORDHAM 411 West Crawford Street Dalton, Georgia 30722-1105<br><br>Michael B. Ely, Esq. (Pro Hac Vice) 1616 Concierge Blvd. Suite 100 Daytona Beach, Florida 32117 |
| Superior Court of Muscogee County | Judge | Attorney |
| Netherland v. Schnitzer Southeast SU-12-CV-1939 | The Honorable Bobby G. Peters Superior Court of Muscogee County Columbus Government Center 100 Tenth Street, 9th Floor Columbus, Georgia 31901 | Nathan C. Levy, Esq. John David Blair, Esq. ROSS & LEVY, LLC P.O. Box 71668 Albany, Georgia 31708-1668 |
| Superior Court of Polk County | Judge | Attorney |
| Locklear v. Don P. Harris & Associate, LLC d/b/a Harris Insurance Company 10-1808-S | The Honorable Richard C. Sutton Superior Court of Polk County 100 Prior Street Room 105 Cedartown, Georgia 30125 | W. Wright Gammon, Jr., Esq. GAMMON, ANDERSON & MCFALL P.O. Box 292 Cedartown, Georgia 30125 |
| Runyon v. Kroger 2011CV1364M | The Honorable Michael L. Murphy Superior Court of Polk County P.O. Box 186 Buchanan, Georgia 30113 | Charles E. Morris, Jr., Esq. PARKER & LUNDY 212 Main Street P.O. Box 1018 Cedartown, Georgia 30125 |
| Civil Court for the County of Richmond | Judge | Attorney |
| Georgia Farm Bureau Mutual Insurance Company as subrogee of Ora Williams v. Clymonteen Jones 298018 | Not Assigned | Jeffrey M. Butler, Esq. WOODARD AND BUTLER 561 Green Street Augusta, Georgia 30901 |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| Superior Court of Richmond County | Judge | Attorney |
|---|---|---|
| Jones v. Kroger<br>2012RCCV-166 | The Honorable J. Carlise Overstreet<br>Superior Court of Richmond County<br>735 James Brown Boulevard<br>Suite 4203<br>Augusta, Georgia 30901 | Victor Hawk, Esq.<br>338 Telfair Street<br>Augusta, Georgia 30901<br><br>F. Michael Taylor, Esq.<br>HULL BARRETT, P.C.<br>P.O.Box 1564<br>Augusta, Georgia 30901 |
| Superior Court of Rockdale County | Judge | Attorney |
| Randall v. American Home Mortgage Servicing, Inc.<br>2011-CV-1820N | The Honorable Sidney L. Nation<br>Superior Court of Rockdale County<br>Rockdale County Courthouse<br>922 Court Street, Room 200C<br>Conyers, Georgia 30012 | Gordon Clark Hall, Esq.<br>HALL, MARTIN, SINKLER & ASSOCIATES, P.C.<br>1000 Peek Street, NW<br>Conyers, Georgia 30012 |
| State Court of Spalding County | Judge | Attorney |
| State Farm Mutual Automobile Insurance Company a/s/o Keenan Touchstone v. Huey<br>08-SV-279 | The Honorable Sidney R. Esary<br>State Court of Spalding County<br>P.O. Box 843<br>Griffin, Georgia 30224 | Ronald W. Parnell, Esq.<br>Post Office Drawer 81085<br>Conyers, Georgia 30013 |
| Superior Court of Spalding County | Judge | Attorney |
| Crawford v. Eagles's Landing Property Owner's Association, Inc.<br><br>10V-2008 | The Honorable Christopher C. Edwards<br>Superior Court of Spalding County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214 | Jeffrey L. Sakas, Esq.<br>150 E. Ponce de Leon Avenue<br>Suite 260<br>Decatur, Georgia 30030<br><br>Andrew James Gebhardt, Esq.<br>SMITH, WELCH, WEBB & WHITE, LLC<br>280 Country Club Drive<br>Suite 200<br>Stockbridge, Georgia 30281 |
| State Court of Troup County | Judge | Attorney |

- 14 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| Greer v. Gas, Incorporated<br><br>11-CS-292 | The Honorable Jeannette L. Little<br>State Court of Troup County<br>Troup County Government Center<br>100 Ridley Avenue<br>LaGrange, Georgia 30240 | Philip C. Henry, Esq.<br>Maria M. Eastwood, Esq.<br>HENRY, SPIEGEL MILLING LLP<br>2450 Atlanta Plaza<br>950 East Paces Ferry Road<br>Atlanta, Georgia 30326<br><br>Sandra Health Taylor, Esq.<br>509 Greenville Street<br>LaGrange, Georgia 31241 |
| **Superior Court of Walton County** | **Judge** | **Attorney** |
| Taraszka v. Graziosi<br><br>11-0354-1 | The Honorable Eugene M. Benton<br>Superior Court of Walton County<br>303 South Hammond Drive<br>Monroe, Georgia 30655 | Jeremy Vern Kilburn, Esq.<br>PRESTON & MALCOM P.C.<br>P.O. Box 984<br>Monroe, GA 30655<br><br>Joseph C. Sharp, Esq.<br>ASHE, RAFUSE & HILL, LLP<br>1355 Peachtree Street, N.E.<br>Suite 500<br>Atlanta, GA 30309-3232 |
| **State Court of Fulton County E-File Cases Only** | **Judge** | **Attorney** |
| Brownlee v. Insituform Technologies, Inc.<br>2008EV006153J | The Honorable Diane E. Bessen<br>State Court of Fulton County<br>Room T3855<br>100 Justice Center Tower<br>185 Central Avenue SW<br>Atlanta, Georgia 30303 | Sam L. Starks, Esq.<br>Clint W. Sitton, Esq.<br>MARTIN & JONES LAW OFFICES<br>3353 Peachtree Road, Suite 510<br>Atlanta, Georgia 30326<br><br>Birdia M. Greer, Esq.<br>GREER & ASSOCIATES, P.C.<br>10882 Crabapple Road, Suite 2<br>Roswell, Georgia 30075<br><br>Torrey Smith, Esq.<br>Eric A. Richardson, Esq.<br>City of Atlanta Law Department<br>68 Mitchell Street, Suite 4100<br>Atlanta, Georgia 30303 |
| Cornelius v. Standard Parking<br><br>11EV012891Y | The Honorable Fred C. Eady<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Robin Frazer Clark, Esq.<br>ROBIN FRAZIER CLARK, P.C.<br>1230 Peachtree Street, N.E.<br>Promenade II, Suite 2323<br>Atlanta, Georgia 30309<br><br>Wayne D. McGrew, III, Esq.<br>CARLOCK, COPELAND & STAIR, LLP<br>P.O. BOX 56887<br>Atlanta, Georgia 30343 |

- 15 -

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

|  |  | Stephen M. Schatz, Esq.<br>Kathleen A. Quirk, Esq.<br>SWIFT, CURRIE, MCGHEE & HIERS<br>1355 Peachtree Street, N.E.<br>Suite 300, The Peachtree<br>Atlanta, Georgia 30309<br><br>C.T. Corporation<br>1201 Peachtree Street, N.E.<br>Atlanta, Georgia 30361 |
|---|---|---|
| Evans v. Columbia Artists Management LLC<br>11EV013744H | The Honorable Wesley B. Tailor<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Desiree D. Duke, Esq.<br>DUKE & TEVIS, LLC<br>215 Bankhead Hwy.<br>Carrollton, Georgia 30117 |
| Garey v. Kroger<br>12EV015526D | The Honorable Susan E. Edlein<br>State Court of Fulton County<br>Room T2655<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Robert S. Windholz, Esq.<br>ROBERT S. WINDHOLZ, LLC<br>Royal Centre One, Suite 125<br>11675 Great Oaks Way<br>Alpharetta, GA 30022 |
| Hunter v. Schnitzer Southeast, LLC<br>10EV011058 | The Honorable Brenda H. Cole<br>State Court of Fulton County<br>Room T3905<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | E. Wycliffe Orr, Sr., Esq.<br>Kristine Orr Brown, Esq.<br>ORR BROEN JOHNSON, LLP<br>641 Spring Street<br>P.O. Box 2944<br>Gainesville, GA 30503-2944 |
| Jenkins v. Evert<br>10EV009980H | The Honorable Wesley B. Tailor<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Robert H. Benfield, Jr., Esq.<br>Law Offices of Robert H. Benfield<br>3445 Peachtree Road, N.E.<br>Suite 425<br>Atlanta, Georgia 30326 |
| Kight v. Schnitzer Southeast<br>11EV013297A | The Honorable Jay Roth<br>State Court of Fulton County<br>Room T3705<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Michael G. Kam, Esq.<br>KAM, EBERSBACH, & LEWIS<br>P.O. BOX 71609<br>Newnan, Georgia 30271-1609 |
| Marmer v. Gausvik<br>11EV012092H | The Honorable Wesley B. Tailor<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Craig D. Miller & Robert<br>Kaufman, Miller Sivertsen, P.C.<br>KAUFMAN, MILLER,<br>SIVERTSEN, P.C.<br>8215 Roswell Road, Building 800<br>Atlanta, Georgia 30350 |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

| | | |
|---|---|---|
| McGee v. Schnitzer Steel Industries, Inc.<br>10EV009541Y | The Honorable Fred C. Eady<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | William H. Curtis, Esq.<br>2615 South Cobb Drive<br>Smryna, Georgia 30080 |
| Mobley v. Kroger<br>12EV014582-Y | The Honorable Fred C. Eady<br>State Court of Fulton County<br>Room T3755<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Jeffrey D. Reeder, Esq.<br>REEDER LAW FIRM<br>2845 Old Milton Parkway<br>Alpharetta, Georgia 30009<br><br>John Foy, Esq.<br>FOY & ASSOCIATES<br>3343 Peachtree Road, N.E.<br>Suite 350<br>Atlanta, Georgia 30326 |
| Moore v. Schnitzer Steel<br>11EV013034A | The Honorable Jay Roth<br>State Court of Fulton County<br>Room T3705<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Taylor B. Drake, Esq.<br>Nathan T. Lee, Esq.<br>GLOVER & DAVIS, P.A.<br>10 Brown Street<br>Newnan, Georgia 30263 |
| Netherland v. Schnitzer<br>12EV015053E | The Honorable Brenda H. Cole<br>State Court of Fulton County<br>Room T3905<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Darrell Carver, Esq.<br>MORGAN & MORGAN, PA<br>P.O. Box 57007<br>Atlanta, Georgia 30343-1007 |
| Peterson v. Evers<br>10EV011166B | The Honorable Patsy Y. Porter<br>State Court of Fulton County<br>Room T2855<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Evan H. Howell, Esq.<br>Michael W. Johnson, Esq.<br>HOWELL & JOHNSON LAW<br>FIRM, LLC<br>23 Lenox Pointe<br>Atlanta, Georgia 30324 |
| Salinas v. RAM Partners<br>10EV009982-G | The Honorable John R. Mather<br>State Court of Fulton County<br>Room T2905<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Pete Law, Esq.<br>Jeffrey Shiver, Esq.<br>LAW & MORGAN<br>563 Spring Street, NW<br>Atlanta, Georgia 30308<br><br>Joseph Berrigan, Esq.<br>2006 Whitaker Street<br>P.O. Box 13202<br>Savannah, Georgia 31416 |

PDF created with pdfFactory trial version www.pdffactory.com

Exhibit A:
Cases Listed Alphabetically

|  |  | Philip W. Savrin, Esq.<br>FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, Georgia 30339 |
|---|---|---|
| Saurman v. Schnitzer Southeast<br>11EV013129A | The Honorable Jay Roth<br>State Court of Fulton County<br>Room T3705<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Nathan T. Lee, Esq.<br>Taylor B. Drake, Esq.<br>GLOVER & DAVIS<br>10 Brown Street<br>Newnan, Georgia 30264<br><br>Clark H. McGehee, Esq.<br>William C. Lanham, Esq.<br>LANHAM & MCGEE<br>JOHNSON & WARK<br>100 Peachtree Street, NW<br>2100 Equitable Building<br>Atlanta, Georgia 30303<br><br>Michael G. Kam, Esq.<br>KAM & EBERSBACH<br>P.O. Box 71609<br>2795 East Highway 34<br>Newnan, Georgia 30271<br><br>John Gregory Godsey, Esq.<br>Shannon Schlottman, Esq.<br>THE GODSEY FIRM, LLC<br>Suite 1950<br>230 Peachtree Street, NW<br>Atlanta, Georgia 30303 |
| Thacker v. Subway Real Estate Corp.<br>11EV012250A | The Honorable Jay Roth<br>State Court of Fulton County<br>Room T3705<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Roger S. Sumrall, Esq.<br>Matthew F. Branch, Esq.<br>BENDIN, SUMRALL & LANDER, LLC<br>One Midtown Plaza, Suite 800<br>1360 Peachtree Street, N.E.<br>Atlanta, Georgia 30309 |
| Wagnac v. Panda Express<br>12EV015041C | The Honorable Myra H. Dixon<br>State Court of Fulton County<br>Room T3655<br>100 Justice Center Tower<br>185 Central Avenue, S.W.<br>Atlanta, Georgia 30303 | Russell J. Parker, Jr, Esq.<br>DEMING, PARKER, HOFFMAN, GREEN, CAMPBELL & DALY<br>4851 Jimmy Carter Boulevard<br>Norcross, Georgia 30093 |

PDF created with pdfFactory trial version www.pdffactory.com



RETURN COPY

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and          )
ANA ECKERT,                )
                           )
        Plaintiffs,        )        CIVIL ACTION FILE NO.:
                           )        12CV1534
v.                         )
                           )
A&D CONTRACTING & MACHINE  )        **FILED**
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1  )   OCT 0 2 2012
                           )
        Defendants.        )        CLERK OF SUPERIOR COURT
                           )        BARTOW CO., GA.

---

## MOTION TO ADD AND DROP PARTIES
## AND BRIEF IN SUPPORT THEREOF

COME NOW, Plaintiffs Darryl Eckert and Ana Eckert (hereinafter referred to as "Plaintiffs"), by and through their counsel of record in the above-styled action, and move this Court pursuant to O.C.G.A. § 9-11-21 to add a new party and drop an existing party. In support of the instant motion, Plaintiffs show this Court as follows:

On or about September 27, 2010, Plaintiff Darryl Eckert was working at his job when he was injured as a result of an explosion of a newly-repaired vat lid. At the time of the filing of the above-styled Complaint, Plaintiffs believed that Defendant was the company whose employee had performed the repairs on the subject vat lid. Through party and non-party discovery, Plaintiffs now believe that the worker that is alleged to have negligently performed the repair of the vat lid at issue was not employed by Defendant, but rather employed by Non-Party Ware, Inc., 4005 Produce Road, Louisville, Kentucky 40218. Defendant has represented to Plaintiffs and the discovery

*Page 1 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

RETURN COPY

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and          )
ANA ECKERT,                )
                           )        CIVIL ACTION FILE NO.:
        Plaintiffs,        )        12CV1534
                           )
v.                         )
                           )        **FILED**
A&D CONTRACTING & MACHINE  )
SHOP, INC. d/b/a A&D CONTRACTING )  OCT 0 2 2012
& MACHINE SHOP; AND JOHN DOE 1 )
                           )        CLERK OF SUPERIOR COURT
        Defendants.        )        BARTOW CO., GA.
                           )

## MOTION TO ADD AND DROP PARTIES
## AND BRIEF IN SUPPORT THEREOF

COME NOW, Plaintiffs Darryl Eckert and Ana Eckert (hereinafter referred to as

"Plaintiffs"), by and through their counsel of record in the above-styled action, and move

this Court pursuant to O.C.G.A. § 9-11-21 to add a new party and drop an existing party.

In support of the instant motion, Plaintiffs show this Court as follows:

On or about September 27, 2010, Plaintiff Darryl Eckert was working at his job

when he was injured as a result of an explosion of a newly-repaired vat lid. At the time

of the filing of the above-styled Complaint, Plaintiffs believed that Defendant was the

company whose employee had performed the repairs on the subject vat lid. Through

party and non-party discovery, Plaintiffs now believe that the worker that is alleged to

have negligently performed the repair of the vat lid at issue was not employed by

Defendant, but rather employed by Non-Party Ware, Inc., 4005 Produce Road,

Louisville, Kentucky 40218. Defendant has represented to Plaintiffs and the discovery

*Page 1 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

to date has confirmed that no employee of Defendant's did any repair work on the vat lid at issue.

As a result, Plaintiffs respectfully request this Court grant this motion and take the following actions:

1.    Add Ware, Inc. as a party Defendant to this case;

2.    Order Plaintiff to file an Amended Complaint providing for all allegations against Ware, Inc. and John Doe 1;

3.    Issue Summons for Plaintiffs to serve upon Ware, Inc.;

4.    Automatically dismiss Defendant with prejudice once Plaintiffs' Amended Complaint is filed.

WHEREFORE, Plaintiffs respectfully request this Court grant the instant motion.

Respectfully submitted this 26th day of September, 2012.

Stephen D. Apolinsky
State Bar No.: 020915
Tona L. Shrum
State Bar No.: 558363
Attorneys for Plaintiffs

**APOLINSKY & ASSOCIATES, LLC**
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
                      )
       Plaintiffs, )       CIVIL ACTION FILE NO.:
                      )       12CV1534
v. )
                      )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )      **FILED**
& MACHINE SHOP; AND JOHN DOE 1 )
                      )      OCT 0 2 2012
       Defendants. )
                      )   CLERK OF SUPERIOR COURT
                      )     BARTOW CO., GA.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the ***MOTION TO ADD***

***AND DROP PARTIES*** upon all counsel of record by depositing same in the United

States mail in a properly addressed envelope with adequate postage thereon to:

Matthew G. Moffett
Wayne S. Melnick
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
950 East Paces Ferry Road
Atlanta, Georgia 30309

Respectfully submitted this 26th day of September, 2012.

Stephen D. Apolinsky
Georgia Bar No. 020915
Tona L. Shrum
Georgia Bar No. 558363
Attorneys for Plaintiffs

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

*Page 3 of 3*

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and                        §
ANA ECKERT,                              §
                                         §
Plaintiffs,                              §     CIVIL ACTION FILE NO.:
                                         §     12CV1534
                                         §
v.                                       §
                                         §
A&D CONTRACTING & MACHINE                §
SHOP, INC. d/b/a A&D CONTRACTING         §
& MACHINE SHOP; AND JOHN DOE I           §

Defendants

### NONPARTY TINTORIA PIANA U.S., INC.'S RESPONSE TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY

COMES NOW, NONPARTY TINTORIA PIANA U.S., INC by and through

counsel, and pursuant to O.C.G.A §9-11-34 (c), files it's Response to DEFENDANT

A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND

MACHINE SHOP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-

PARTY as follows:

### Preliminary Statement

The following answers are based upon information available to NONPARTY

TINTORIA PIANA U.S., INC., which NONPARTY TINTORIA PIANA U.S., INC

believes to be correct. Said answers are made without prejudice to NONPARTY

TINTORIA PIANA U.S., INC, and said responses are made with reservation of

NONPARTY TINTORIA PIANA U.S., INC.'s rights it may have as it pertains to the

above captioned matter.

PDF created with pdfFactory trial version www.pdffactory.com

1.

Any and all documents related to or referencing employee Darryl Eckert, which includes but is not limited to the following:

(a)     Any and all documents regarding or relating to any workers compensation claims filed by or on behalf of Darryl Eckert including but not limited any documents related to the claim regarding the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010;

(b)     Any and all documents regarding or relating to any disability claim(s), short-term, long-term, permanent or otherwise, filed by or on behalf of Darryl Eckert;

(c)     The complete personnel file regarding Darryl Eckert for all dates of employment, including employment evaluations, training and certification documents, records of wages paid, disciplinary actions taken, hiring and termination or resignation documents; and

(d)     Any and all documents that are in your possession, custody and/or control regarding the employment of Darryl Eckert.

RESPONSE:  See attached Georgia State Board of Worker's Compensation documents and Temp Excel, Inc. Employee Check Record. Daryl Eckert was not employed by TINTORIA PIANA U.S., INC. so there was no employee file or any employee information maintained by TINTORIA PIANA U.S., INC.

2.

Please produce any and all documents, materials and items in your custody, possession and control regarding repairs made to the vat lid involved in the above referenced lawsuit that allegedly was involved with the claimed injury to Darryl Eckert on or about September 27, 2010, including but not limited to all work orders,

PDF created with pdfFactory trial version www.pdffactory.com

all receipts for payments of repairs, and all correspondence, letters and emails pertaining to said repairs, as well as all documents received by you or generated by you and any of your representatives of your company regarding the employees, contractors and/or any other individuals who repaired the vat lid" as well as any other documents contained in your file concerning the vat lid in question beginning from January 1,2010 to present.

RESPONSE: See attached invoices.

3.

Please produce a copy of the OSHA incident report related to or otherwise completed or provided as a result of the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27,2010, as well as all forms and documents completed regarding the injuries related to the subject incident.

RESPONSE: See attached OSHA Form 301.

4.

Please produce a copy of your OSHA 300 log that references the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010, as well as any other correspondence and/or documentation regarding the log that is in your possession, custody and control.

RESPONSE: See attached OSHA Form 300.

5.

Please produce a copy of any and all documents regarding any and all investigations regarding the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010, including any and all photographs, correspondence,

PDF created with pdfFactory trial version www.pdffactory.com

emails or other documents produced and/or received by you regarding any and all

investigations regarding the subject incident.

REPONSE: None other than what has been provided in Responses 3 and 4.

This 29th day of August, 2012.


Jennifer A.J. Green
Georgia Bar No. 394723
Attorney for
NONPARTY   TINTORIA   PIANA
U.S., INC

Law Office of Ian R. Rapaport
A Staff Counsel Office of CNA Insurance Companies- Atlanta
5565 Glenridge Connector
Suite 500
Glenridge Highlands II
Atlanta, GA 30342-4756
Direct: (404) 531-3703

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of **NONPARTY TINTORIA**

**PIANA U.S., INC.'S RESPONSE TO DEFENDANT A&D CONTRACTING &**

**MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S**

**REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY** upon all

counsel of record by depositing same in the United States mail in a properly addressed

envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur Town Center, Suite 200
Decatur, Georgia 30030

Matthew G. Moffett, Esq.
Wayne S. Melnick, Esq.
GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.
950 East Paces Ferry Road
Atlanta, Georgia 30309

Respectfully, submitted this 29 day of August, 2012.

Jennifer A.J. Green
Georgia Bar No. 394723
Attorney for
NONPARTY TINTORIA PIANA
U.S., INC.

Law Office of Ian R. Rapaport
A Staff Counsel Office of CNA Insurance Companies- Atlanta
5565 Glenridge Connector
Suite 500
Glenridge Highlands II
Atlanta, GA 30342-4756
Direct: (404) 531-3703

PDF created with pdfFactory trial version www.pdffactory.com

**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

## OSHA's Form 301
# Injury and Illness Incident Report

This *Injury and Illness Incident Report* is one of the first forms you must fill out when a recordable work-related injury or illness has occurred. Together with the *Log of Work-Related Injuries and Illnesses* and the accompanying *Summary*, these forms help the employer and OSHA develop a picture of the extent and severity of work-related incidents.

Within 7 calendar days after you receive information that a recordable work-related injury or illness has occurred, you must fill out this form or an equivalent. Some state workers' compensation, insurance, or other reports may be acceptable substitutes. To be considered an equivalent form, any substitute must contain all the information asked for on this form.

According to Public Law 91-596 and 29 CFR 1904, OSHA's recordkeeping rule, you must keep this form on file for 5 years following the year to which it pertains.

If you need additional copies of this form, you may photocopy and use as many as you need.

Completed by _Mike Phillips_
Title _Production Manager_
Phone _(770) 282-1395._ Date _9. 28. 10_

### Information about the employee

1) Full name _Darryl Eckert_

2) Street _8 Hillstone Way_
   City _Cartersville_ State _GA_ ZIP _30121_

3) Date of birth _07. 19. 1965_

4) Date hired _04. 21. 2010 (employed by Temps Excel)_

5) ☐ Male   ☐ Female

### Information about the physician or other health care professional

6) Name of physician or other health care professional

7) If treatment was given away from the worksite, where was it given?
   Facility _Cartersville Medical Center_
   Street _960 JFH Parkway_
   City _Cartersville_ State _GA_ ZIP _30120_

8) Was employee treated in an emergency room?
   ☐ Yes
   ☐ No

9) Was employee hospitalized overnight as an in-patient?
   ☐ Yes
   ☐ No

### Information about the case

10) Case number from the Log ___7___ (Transfer the case number from the Log after you record the case.)

11) Date of injury or illness _9. 27. 2010_

12) Time employee began work _7:00_ ☐ AM ☐ PM

13) Time of event _2:30_ ☐ AM ☒ PM ☐ Check if time cannot be determined

14) What was the employee doing just before the incident occurred? Describe the activity, as well as the tools, equipment, or material the employee was using. Be specific. Examples: "climbing a ladder while carrying roofing materials"; "spraying chlorine from hand sprayer"; "daily computer key-entry."

    _He was on Dye machine 5 making an adjustment to controls + checking connections._

15) What happened? Tell us how the injury occurred. Examples: "When ladder slipped on wet floor, worker fell 20 feet"; "Worker was sprayed with chlorine when gasket broke during replacement"; "Worker developed soreness in wrist over time."

    _Dye machines lid accidentally opened during the filling of the machine_

16) What was the injury or illness? Tell us the part of the body that was affected and how it was affected; be more specific than "hurt," "pain," or "sore." Examples: "strained back"; "chemical burn, hand"; "carpal tunnel syndrome."

    _mid body contusions_

17) What object or substance directly harmed the employee? Examples: "concrete floor"; "chlorine"; "radial arm saw." If this question does not apply to the incident, leave it blank.

    _The lid from Dye Machine 5 struck the employee._

18) If the employee died, when did death occur? Date of death _____ N/a

Public reporting burden for this collection of information is estimated to average 22 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any other aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistical Analysis, Room N-3644, 200 Constitution Avenue, NW, Washington, DC 20210. Do not send the completed forms to this office.

PDF created with pdfFactory trial version www.pdffactory.com

WC-1  EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

Board Claim No.

## EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE
NOTE: FAILURE TO SUBMIT THIS REPORT TO INSURER IMMEDIATELY MAY RESULT IN PENALTY

### A. IDENTIFYING INFORMATION

| EMPLOYEE | Last Name | First Name | M.I. | Male / Female | Date of Birth |
|---|---|---|---|---|---|
| | Eckert Jac | Daniel | S | ☒ Male | 01-19-1945 |

Address: 8 Hill Stone Way, Cartersville Ga 30121-2253
Phone Number: 770-387-9390
Social Security Number: 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
Employee Email:

| EMPLOYER | Name | NAICS Code | Nature of Business (Trade, Transport, Mfg., etc.) |
|---|---|---|---|
| | Temps Excel Inc. | | Staffing |

Address: 234 Nelson Street, Cartersville Ga 30120
Phone Number: 770-383-8993
Employer FEIN: 58-2280359
Employer Email: Nancy @ Tempsexcel.com

| INSURER / SELF-INSURER | Name |
|---|---|
| CLAIMS OFFICE | Name |

Address / Claims Office Address:

| SBWCID # (five digit no.) | Insurer / Self-Insurer File # | Claims Office Phone | Claims Office Email |
|---|---|---|---|

| EMPLOYMENT/WAGE | Date Hired By Employer | Job Classified Code No. | Number of Days Worked Per Week | Wage rate at time of Injury or Disease | |
|---|---|---|---|---|---|
| | 9-21-10 | 2413 | 5 | $13.00 | ☒ per Hour ☐ per Day ☐ per Week ☐ per Month |

List Normally Scheduled Days Off: Sat - Sun

| INJURY/ILLNESS & MEDICAL | Date of Injury | Time of Injury | County of Injury | Date Employer Notified | Enter First Date Employee Failed to Work a Full Day |
|---|---|---|---|---|---|
| | 9-27-10 | 2:30 ☒ am | Bartow | 9-27-10 | 9-28-10 |

| Did Employee Receive Full Pay on Date of Injury? | Did Injury/Illness Occur on the employer's premises? | Type of Injury/Illness | Body Part Affected |
|---|---|---|---|
| ☐ Yes  ☒ No | ☒ Yes  ☐ No | | multiple body parts |

| If Returned to Work, Give Date | Resumed at Work Rate __ per Week | If Fatal, Enter Complete Date of Death | How Injury/Illness/Abnormal Health Condition Occurred |
|---|---|---|---|

Physician/Provider (Name and Address):
Dr. Peacock
940 Joe Frank Harris Pkwy
Cartersville Ga 30120

| Initial Treatment Given: | Hospital/Treating Facility (Name and Address): |
|---|---|
| ☐ None ☐ Minor: By Employer ☐ Minor: Clinic/Hospital ☒ Emergency Room ☐ Hospitalized > 24hrs | Cartersville Medical Center 940 JFK Parkway Cartersville Ga 30120 |

Report Prepared by (Print or Type): Nancy Millner
Telephone Number: 770-383-8993
Date of Report: 9-28-10

### B. INCOME BENEFITS

Previous Medical Only  ☐ Yes  ☐ No     Average Weekly Wage: $ _____     Weekly benefit: $ _____     Date of disability: _____

Form WC-6 must be filed if weekly benefit is less than maximum

Date of First Payment: _____   Compensation paid: $ _____   or Date salary paid: _____   Penalty paid: $ _____

BENEFITS ARE PAYABLE FROM _____   FOR: _____

☐ Temporary total disability   ☐ Temporary partial disability   ☐ Permanent partial disability of ____ % to _____ for _____ weeks.

UNTIL _____ WHEN THE EMPLOYEE ACTUALLY RETURNED TO WORK WITHOUT RESTRICTIONS. ALL OTHER SUSPENSIONS REQUIRE THE FILING OF FORM WC-2 WITH THE STATE BOARD OF WORKERS' COMPENSATION AND THE EMPLOYEE.

### C. NOTICE TO CONTROVERT PAYMENT OF COMPENSATION

Previously Noticed Only?  ☐ Yes  ☐ No     Benefits will not be paid because: _____

### D. MEDICAL ONLY INJURY     ☐ No disability paid or controverted

| Insurer / Self-Insurer Type or Print Name of Person Filing Form | Signature | Date |
|---|---|---|
| Phone and Ext. | E-mail | |

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov

WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES SET UP TO IMPRISON THE VIOLATION (O.C.G.A. §34-9-18 AND §34-9-19).

| FORM WC-1 | REVISION. 07/2005 | 1 | EMPLOYER'S FIRST REPORT OF INJURY |
|---|---|---|---|
| | | 1 OF 2 | OR OCCUPATIONAL DISEASE |

Dr. Peacock

PDF created with pdfFactory trial version www.pdffactory.com

WC-6   WAGE STATEMENT

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

Board Claim No.

## WAGE STATEMENT

### A. IDENTIFYING INFORMATION

| EMPLOYEE | Last Name Eckut | First Name Daryl | M.I. 5 | Address 8 Hill Stone Way Cartersville Ga 30121-2253 |
|---|---|---|---|---|
| | Social Security Number 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 | Date of Injury 9-29-10 | County of Injury Bartow | |
| | E-mail Address | | | |

| EMPLOYER | Name Temps Excel Inc. | Address 234 Nelson St. Cartersville Ga. 30120 |
|---|---|---|
| | E-mail Address Nancy @ Tempsexcel.com | |

| INSURER/ SELF-INSURER | Name | Address |
|---|---|---|
| CLAIMS OFFICE | Name | |
| | E-mail Address | Insurer/Self-Insurer File # |

### B. COMPUTATION OF AVERAGE WEEKLY WAGE

If the weekly benefit is less than the maximum, complete the schedule below for thirteen (13) weeks immediately preceding the accident. If the employee has not been in your employ for the thirteen (13) weeks, complete this schedule showing gross weekly earnings of a similar employee in the same employment.

☐ 13 Weeks of Employee's Wages.   ☐ 13 Weeks of a Similar Employee's Wages   C. ☐ Full time weekly wage of injured employee   Wage at Date of Injury per week

### SCHEDULE OF WEEKLY EARNINGS

| Week | From Date MM/DD/YYYY | To Date MM/DD/YYYY | No. of Days Worked | Gross Amount Paid Including Overtime or Extra Work | Value of Additional Compensation | | | | | Total Earnings |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Meals | Lodging | Rent | Tips | Other | |
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| | | | Total | | | | | | | |
| | | Average Weekly Earnings | | | | | | | | |

| C. | REMARKS |
|---|---|

| Type or Print Name Nancy Nollner | Signature | Date 9-28-10 |
|---|---|---|
| E-mail Address Nancy PTemps Excel.com | | Phone Number 770-383-8773 |

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-844-635-5845 OR VISIT http://www.sbwc.georgia.gov

WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000.00 PER VIOLATION (O.C.G.A. §34-9-18 AND §34-9-19).

FORM WC-6      REVISION . 07/2005            6                          WAGE STATEMENT

PDF created with pdfFactory trial version www.pdffactory.com

| All Checkbooks 2010 | | | | Temps Excel, Inc. Employee Check Record | | | | | | TE Page 1 09/28/10 |
|---|---|---|---|---|---|---|---|---|---|---|

| Check # | Date | Reg. Hrs. | O/T Hrs. | Wages | FICA | Fed W/H | St W/H | Local W/H | Oth. Ded. | Net Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| **Eckert, Da – Eckert, Darryl S** | | | | | | | | | | |
| 116927 | 09/27/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| MTD | 09/30/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| QTD | 09/30/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| YTD | 12/31/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |

PDF created with pdfFactory trial version www.pdffactory.com

# IN THE SUPERIOR COURT FOR THE COUNTY OF   BARTOW
## STATE OF GEORGIA

*Civil Action File #:*  12-1534-B

*Discovery Deadline:*
Wednesday, January 16, 2013

**Plaintiff**    Darryl Eckert

**vs.**

**Defendant**   A&D Contracting & Machine Shop

Stephen Apolinsky
One Decature Town Center Suite 200 150
Decatur, GA 30030
Phone: (404) 377-9191
Fax:    (404) 377-6996

Matthew G. Moffett
181 14th St. N.E.
Atlanta, GA 30309
Phone: (404) 870-7390
Fax:    (404) 870-7374

## FOR YOUR INFORMATION

The above-referenced case has been referred to mediation:

1.   **Mediation shall not be scheduled by the ADR Office until 180 days after an answer has been timely filed in civil (non-domestic) cases. No case shall be placed on a Pretrial Calendar without it having been mediated. For exemptions please refer to your circuit court's mediation rules on file in the clerk's office or on the web at www.7jad.com.**

2.   Shortly before your 180 days expires, the Seventh District ADR Office will contact you with detailed scheduling instructions on "how to" schedule a mediation session. You will have 10 days to agree with the opposing side on a mediator from our roster and fax a completed Scheduling Form (provided to you at that time) to the ADR Office.   If we do not receive a completed Scheduling Form within 10 days, our office will assign the mediator, date, time and place for you.   Our mediator roster and necessary forms can be found at www.7jad.com, or you may call our office at (770) 387-4820 for information in that regard.

3.   If you want this case to be scheduled for mediation prior to the time frames indicated above, please visit our website at www.7jad.com and complete the scheduling form in accordance with the Seventh District scheduling procedures. If you want to use a mediator not connected with the Seventh District ADR Office, a consent order must be submitted via the ADR Office to the judge. Agreements between the parties for the selection of otherwise pre-qualified Seventh District mediators or neutrals will be honored.

4.   The scheduling of a case for a mediation conference shall not remove the case from assignment to a judge, interfere with discovery, nor serve to postpone scheduled motions before the court.

5.   An order providing for an extension of a discovery period shall extend the time for scheduling mediation, provided that a copy of said order is supplied to the ADR office.

6.   If this case is settled or dismissed prior to the expiration of the pertinent time periods indicated above, it is the parties' responsibility to fax the ADR Office at (770) 387-5479 a copy of the dismissal for removal from the mediation process

7.   Problems regarding the ADR process not otherwise resolved between the parties, counsel and the ADR Office may be addressed to the judge to whom the case is assigned.

8.   Do not hesitate to contact our office at (770) 387-4820 if you have any questions or concerns.

*Services are provided and admissions/referrals are made without regard to race, color, religious creed, ancestry, gender, sexual orientation, disability, age or national origin. Complaints of discrimination may be filed with the Seventh Administrative District Office*

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARRYL ECKERT and | § | |
| ANA ECKERT, | § | |
| | § | Civil Action |
| Plaintiffs | § | File No.: 12cv1534 |
| | § | |
| v. | § | |
| | § | |
| A&D CONTRACTING & MACHINE | § | |
| SHOP, INC. d/b/a A&D CONTRACTING | § | |
| & MACHINE SHOP; and JOHN DOE 1 | § | |
| | § | |
| Defendants | § | |

## CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

This is to certify PURSUANT TO Uniform Rule of Superior Court 5.2 that I have this day

served a copy of the foregoing **Non-Party Tintoria Piana U.S., Inc.'s Response to Defendant**

**A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Request**

**for Production of Documents to a Non-Party** on all parties through counsel by placing a copy of

same in the United States Mail with adequate postage thereon to ensure delivery addressed as

follows:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
Apolinsky & Associates, LLC
150 East Ponce de Leon Ave.
One Decatur Town Center, Suite 200
Decatur, GA 30030

Matthew G. Moffett, Esq.
Wayne S. Melnick, Esq.
Gray, Rust, St. Amand, Moffett
& Brieske, LLP
950 East Paces Ferry Road
Atlanta, GA 30309

This _____ day of August, 2012.

Jennifer A.J. Green, Esq.
Georgia Bar No. 394723
Attorney for Non-Party Tintoria
Piana U.S., Inc.

PDF created with pdfFactory trial version www.pdffactory.com

**LAW OFFICE OF IAN R. RAPAPORT**
*A Staff Counsel Office of the CNA Companies*
5565 Glenridge Connector
Suite 500
Atlanta, GA 30342
(404) 531-3700 / Fax (866) 515-1199

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and       §
ANA ECKERT,       §
      §
      §    CIVIL ACTION FILE NO.:
Plaintiffs,       §    12CV1534
      §
v.       §
      §
A&D CONTRACTING & MACHINE       §
SHOP, INC. d/b/a A&D CONTRACTING       §
& MACHINE SHOP; AND JOHN DOE I       §

Defendants

## NONPARTY TINTORIA PIANA U.S., INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY

COMES NOW, NONPARTY TINTORIA PIANA U.S., INC by and through

counsel, and pursuant to O.C.G.A §9-11-34 (c), files its Response to PLAINTIFF

REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY as follows:

### Preliminary Statement

The following answers are based upon information available to NONPARTY

TINTORIA PIANA U.S., INC., which NONPARTY TINTORIA PIANA U.S., INC

believes to be correct. Said answers are made without prejudice to NONPARTY

TINTORIA PIANA U.S., INC, and said responses are made with reservation of

NONPARTY TINTORIA PIANA U.S., INC.'s rights it may have as it pertains to the

above captioned matter.

**1.**

Please produce all documents referencing any repairs made to the vat lid involved in the subject incident during 2010, and specifically the repairs made just prior to the subject incident, including, but not limited to the work order, all documents received by you that were generated by the company who repaired the vat lid, receipts for payment and all other documents that in any way reference the vat lid involved in the subject incident.

RESPONSE: See attached invoices.

**2.**

Please produce all specifications for the vat and lid that was involved in the subject incident.

RESPONSE: See attached invoices.

**3.**

Please produce a copy of your OSHA 300 log that in any way references the subject incident.

RESPONSE: See attached OSHA Form 300.

**4.**

Please produce a copy of your OSHA 301 Injury and Illness Incident Report For the subject incident.

RESPONSE: See attached OSHA Form 301.

**5.**

Please produce a copy of all documents generated by any investigation into the subject incident.

RESPONSE:  None other than those documents produced in response to Request 3 and 4.

This 29th day of August, 2012.

Jennifer A.J. Green
Georgia Bar No. 394723
Attorney for
NONPARTY   TINTORIA   PIANA
U.S., INC

Law Office of Ian R. Rapaport
A Staff Counsel Office of CNA Insurance Companies- Atlanta
5565 Glenridge Connector
Suite 500
Glenridge Highlands II
Atlanta, GA 30342-4756
Direct: (404) 531-3703

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of **NONPARTY TINTORIA**

**PIANA U.S., INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO A NON-PARTY** upon all counsel of record

by depositing same in the United States mail in a properly addressed envelope with

adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur Town Center, Suite 200
Decatur, Georgia 30030

Matthew G. Moffett, Esq.
Wayne S. Melnick, Esq.
GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.
950 East Paces Ferry Road
Atlanta, Georgia 30309

Respectfully submitted this 20 day of August, 2012.

Jennifer A.J. Green
Georgia Bar No. 394723
Attorney for
NONPARTY TINTORIA PIANA
U.S., INC

Law Office of Ian R. Rapaport
A Staff Counsel Office of CNA Insurance Companies- Atlanta
5565 Glenridge Connector
Suite 500
Glenridge Highlands II
Atlanta, GA 30342-4756
Direct: (404) 531-3703



**U.S. Department of Labor**
Occupational Safety and Health Administration

## OSHA's Form 301
# Injury and Illness Incident Report

| Attention: This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes. |
| --- |

Form approved OMB no. 1218-0176

This Injury and Illness Incident Report is one of the first forms you must fill out when a recordable work-related injury or illness has occurred. Together with the Log of Work-Related Injuries and Illnesses and the accompanying Summary, these forms help the employer and OSHA develop a picture of the extent and severity of work-related incidents.

Within 7 calendar days after you receive information that a recordable work-related injury or illness has occurred, you must fill out this form or an equivalent. Some state workers' compensation, insurance, or other reports may be acceptable substitutes. To be considered an equivalent form, any substitute must contain all the information asked for on this form.

According to Public Law 91-596 and 29 CFR 1904, OSHA's recordkeeping rule, you must keep this form on file for 5 years following the year to which it pertains.

If you need additional copies of this form, you may photocopy and use as many as you need.

Completed by _Mike Phillips_
Title _Production Manager_
Phone _770-382-1395_   Date _9 28 10_

### Information about the employee

1) Full name _Darryl Eckert_

2) Street _8 Hillstone Way_
   City _Cartersville_ State _GA_ ZIP _30121_

3) Date of birth _07-14-1965_

4) Date hired _02-21-2010 (employed by Temps Excel)_

5) ☒ Male
   ☐ Female

### Information about the physician or other health care professional

6) Name of physician or other health care professional _____

7) If treatment was given away from the worksite, where was it given?
   Facility _Cartersville Medical Center_
   Street _960 JFH Parkway_
   City _Cartersville_ State _GA_ ZIP _30120_

8) Was employee treated in an emergency room?
   ☒ Yes
   ☐ No

9) Was employee hospitalized overnight as an in-patient?
   ☐ Yes
   ☒ No

### Information about the case

10) Case number from the Log ___7___ (Transfer the case number from the Log after you record the case.)

11) Date of injury or illness _9-27-2010_

12) Time employee began work _7:00_ AM ☐ PM

13) Time of event _2:30_ AM ☒ PM ☐ Check if time cannot be determined

14) What was the employee doing just before the incident occurred? Describe the activity, as well as the tools, equipment, or material the employee was using. Be specific. Examples: "climbing a ladder while carrying roofing materials"; "spraying chlorine from hand sprayer"; "daily computer key-entry."

_He was on Dye Machine 5 making an adjustment to controls & checking connections._

15) What happened? Tell us how the injury occurred. Examples: "When ladder slipped on wet floor, worker fell 20 feet"; "Worker was sprayed with chlorine when gasket broke during replacement"; "Worker developed soreness in wrist over time."

_Dye machine's lid accidentally opened during the filling of the machine._

16) What was the injury or illness? Tell us the part of the body that was affected and how it was affected; be more specific than "hurt," "pain," or sore." Examples: "strained back"; "chemical burn, hand"; "carpal tunnel syndrome."

_mid body contusions_

17) What object or substance directly harmed the employee? Examples: "concrete floor"; "chlorine"; "radial arm saw." If this question does not apply to the incident, leave it blank.

_The lid from Dye Machine 5 struck the employee._

18) If the employee died, when did death occur? Date of death _n/a_

Public reporting burden for this collection of information is estimated to average 22 minutes per response, including time to review the instructions, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any other aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistical Analysis, Room N-3644, 200 Constitution Avenue, NW, Washington, DC 20210. Do not send the completed forms to this office.

PDF created with pdfFactory trial version www.pdffactory.com

# OSHA's Form 300 (Rev. 01/2004)

## Log of Work-Related Injuries and Illnesses

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year 20 **12**

U.S. Department of Labor
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

Establishment name **Tintoria Plaza**
City **Cartersville** State **GA**

| (A) Case No. | (B) Employee's name | (C) Job title (e.g. Welder) | (D) Date of injury or onset of illness | (E) Where the event occurred | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill |
|---|---|---|---|---|---|
| 1 | Claude Stanley Jr. | manager | 1-6 | stairs/plant | back head elbow hip |
| 2 | Johan Santos | pressfolder | 9/11 | printedgasketarea | lower back strain |
| 3 | Martin Sandez | balepress | 9.1 | rollingladder | back pain |
| 4 | David Gilkes | mech. | 9.17 | shop | contusion of neck & back |
| 5 | Claude Stanley Jr. | mgr. | 9.21 | boiler room | abdominal wall strain Groin |
| 6 | Joe Burke | labtech | 9.24 | dyemachine | cuts, bruises concussion |
| 7 | Darryl Eckert | temp | 9.27 | dyemachine | multiple areas of body injured |
| 8 | Johan Santos | foreman cap. | 11.15 | dyemachine 2 | crushed 3 fingers on Chest |

WC-1  EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

Board Claim No.

### EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE
NOTE: FAILURE TO SUBMIT THIS REPORT TO INSURER IMMEDIATELY MAY RESULT IN PENALTY

## A. IDENTIFYING INFORMATION

| EMPLOYEE | Last Name Eckart, Jr. | First Name Derel | M.I. | ☒ Male ☐ Female | Date of Birth 01-19-1945 |
|---|---|---|---|---|---|

Address 8 Hill Stone Way
Cartersville Ga 30121-7253
Phone Number 770-387-9390
Employee E-mail
Social Security Number 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

| EMPLOYER | Name Temps Excel Inc. |
|---|---|

Address 234 Nelson Street
Cartersville Ga 30120
NAICS Code
Nature of Business (Trade, Transport, etc. etc.) Staffing
Phone Number 770-383-8993
Employer Email Nancy @ Tempsexcel.com
Employer FEIN 58-2280359

| INSURER / SELF-INSURER | Name |
|---|---|
| CLAIMS OFFICE | Name |

Claims Office Address

SBWCID # (two digit #)
Insurer's Self-Insurer File #
Claims Office Phone
Claims Office E-mail

| EMPLOYMENT/WAGE | Date Hired by Employer 9-21-10 | Job Class/DOT Code No. 2413 | Number of Days Worked Per Week 5 | Wage Rate at Time of Injury or Disease: $13.00 | ☒ Per Hour ☐ Per Day ☐ Per Week ☐ Per Month |
|---|---|---|---|---|---|

1st Normally Scheduled Days Off  Sat - Sun

| INJURY/ILLNESS & MEDICAL | Date of Injury 9-27-10 | Time of Injury 1:30 ☐ AM ☒ PM | County of Injury Bartow | Date Employer Notified 9-27-10 | Enter First Date Employee Failed to Work a Full Day 9-28-10 |
|---|---|---|---|---|---|

Did Employee Receive Full Pay on Date of Injury? ☐ Yes ☒ No
Did Injury/Illness Occur on Employer's premises? ☒ Yes ☐ No
Type of Injury/Illness
Body Part Affected multiple body parts

Did Employee Return to Work, Give Date
Resumed at Same Pay ____ per Week
If Fatal, Enter Complete Date of Death
How Injury or Illness/Abnormal Health Condition Occurred

Treating Physician (Name and Address)
Dr. Peacock
960 Dr. Frank Harris Pkwy
Cartersville Ga 30120

Initial Treatment Given:
☐ None
☐ Minor: By Employer
☐ Minor: Clinic/Hospital
☒ Emergency Room
☐ Hospitalized > 24hrs

Hospital / Treating Facility (Name and Address)
Cartersville Medical Center
960 JFK Parkway
Cartersville Ga 30120

Report Prepared By (Print or Type) Nancy Dollner
Telephone Number 770-383-8993
Date of Report 9-28-10

## B. INCOME BENEFITS

Previously Medical Only? ☐ Yes ☐ No
Average Weekly Wage $ _____
Weekly benefit $ _____
Date of disability: _____

Form WC-6 must be filed if weekly benefit is less than maximum

Date of first Payment: _____
Compensation paid: $ _____
or Date salary paid: _____
Penalty paid: $ _____

BENEFITS ARE PAYABLE FROM _____ FOR: _____

☐ Temporary total disability   ☐ Temporary partial disability   ☐ Permanent partial disability of _____ % to _____ for _____ week(s).

UNTIL _____ WHEN THE EMPLOYEE ACTUALLY RETURNED TO WORK WITHOUT RESTRICTIONS.  ALL OTHER SUSPENSIONS REQUIRE THE FILING OF FORM WC-2 WITH THE STATE BOARD OF WORKERS' COMPENSATION AND THE EMPLOYEE.

## C. NOTICE TO CONTROVERT PAYMENT OF COMPENSATION

Previously Medical Only? ☐ Yes ☐ No
Benefits will not be paid because: _____

## D. MEDICAL ONLY INJURY   ☐  No disability paid or controverted

| (Insurer / Self-Insurer Type or Print Name of Person Filing Form) | Signature | Date |
|---|---|---|
| Phone and Ext. | E-mail | |

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov
WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000.00 PER VIOLATION (O.C.G.A. §34-9-18 AND §34-9-19).

FORM WC-1      REVISION . 07/2005      **1**
1 OF 2

EMPLOYER'S FIRST REPORT OF INJURY
OR OCCUPATIONAL DISEASE

Dr. Peacock

PDF created with pdfFactory trial version www.pdffactory.com

WC-6   WAGE STATEMENT

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

Board Claim No.

## WAGE STATEMENT

### A. IDENTIFYING INFORMATION

| EMPLOYEE | Last Name Eckert | First Name Darryl | M.I. S | Address 8 Hill Grove Way Cartersville Ga 30121 - 2253 |

Social Security Number 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    Date of Injury 9-29-10    Jury of Injury Body

E-mail Address

| EMPLOYER | Name Temps Excel Inc. | | Address 234 Nelson St. Cartersville Ga 30120 |

E-mail Address Nancy @ TempsExcel.com

| INSURER/ SELF-INSURER | Name | Address |

| CLAIMS OFFICE | Name |

E-mail Address    Insurer/Self-Insurer File #

### B. COMPUTATION OF AVERAGE WEEKLY WAGE

If the weekly benefit is less than the maximum, complete the schedule below for thirteen (13) weeks immediately preceding the accident. If the employee has not been in your employ for the thirteen (13) weeks, complete the schedule showing gross weekly earnings of a similar employee in the same employment.

☐ 13 Weeks of Employee's Wages   ☐ 13 Weeks of a Similar Employee's Wages   ☐ Full time weekly wage of injured employee      Wage at date of injury per week

#### SCHEDULE OF WEEKLY EARNINGS

| Week | From Date MM/DD/YYYY | To Date MM/DD/YYYY | No. of Days Worked | Gross Amount Paid Including Overtime or Extra Work | Value of Additional Compensation | | | | | Total Earnings |
| | | | | | Meals | Lodging | Rent | Tips | Other | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| | | | Total | | | | | | | |
| | | Average Weekly Earnings | | | | | | | | |

| C. | REMARKS |

| Type or Print Name Nancy Mallow | Signature | Date 9-28-10 |

E-mail Address Nancy @ Temps Excel.com    Phone Number 770 - 383-8973

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov

WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000 PER VIOLATION [O.C.G.A. §34-9-18 AND §34-9-19.

FORM WC-6     REVISION . 07/2005          6                    WAGE STATEMENT

PDF created with pdfFactory trial version www.pdffactory.com

All Checkbooks
2010

**Temps Excel, Inc.**
**Employee Check Record**

TE
Page 1
09/28/10

| Check # | Date | Reg.Hrs. | O/T Hrs. | Wages | FICA | Fed W/H | St W/H | Local W/H | Oth. Ded. | Net Pay |
|---------|------|----------|----------|-------|------|---------|--------|-----------|-----------|---------|
| Eckert, Da - Eckert, Darryl S | | | | | | | | | | |
| 116927 | 09/27/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| MTD | 09/30/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| QTD | 09/30/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |
| YTD | 12/31/10 | 39.75 | 0.00 | 516.75 | 39.53 | 0.00 | 7.74 | 0.00 | 0.00 | 469.48 |

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and §
ANA ECKERT, §
§   Civil Action
   Plaintiffs §   File No.: 12cv1534
§
v. §
§
A&D CONTRACTING & MACHINE §
SHOP, INC. d/b/a A&D CONTRACTING §
& MACHINE SHOP; and JOHN DOE 1 §
§
   Defendants §

## CERTIFICATE OF SERVICE PURSUANT TO RULE 5.2

This is to certify PURSUANT TO Uniform Rule of Superior Court 5.2 that I have this day

served a copy of the foregoing **Non-Party Tintoria Piana U.S., Inc.'s Response to Plaintiffs'**

**Request for Production of Documents to a Non-Party** on all parties through counsel by placing a

copy of same in the United States Mail with adequate postage thereon to ensure delivery addressed as

follows:

Stephen D. Apolinsky, Esq.           Matthew G. Moffett, Esq.
Tona L. Shrum, Esq.                Wayne S. Melnick, Esq.
Apolinsky & Associates, LLC       Gray, Rust, St. Amand, Moffett
150 East Ponce de Leon Ave.       & Brieske, LLP
One Decatur Town Center, Suite 200  950 East Paces Ferry Road
Decatur, GA 30030             Atlanta, GA 30309

     This ____ day of August, 2012.

_____
Jennifer A.J. Green, Esq.
Georgia Bar No. 394723
Attorney for Non-Party Tintoria
Piana U.S., Inc.

**LAW OFFICE OF IAN R. RAPAPORT**
*A Staff Counsel Office of the CNA Companies*
5565 Glenridge Connector
Suite 500
Atlanta, GA 30342
(404) 531-3700 / Fax (866) 515-1199

PDF created with pdfFactory trial version www.pdffactory.com

# APOLINSKY & ASSOCIATES, LLC

### TRIAL LAWYERS

STEPHEN D. APOLINSKY (GA, AL, DC)
TONA SHRUM

JET HARRIS (OF COUNSEL)
MYAH T. RAINEY (OF COUNSEL)

ONE DECATUR TOWNCENTER, SUITE 200
150 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
www.aa-legal.com

TELEPHONE: (404) 377-9191
FACSIMILE: (404) 377-6996

August 28, 2012

Clerk of Court
Superior Court of Bartow County
135 W Cherokee Ave
Suite 233
Cartersville, Georgia 30120

RE:   **Eckert v. A.D. Contracting & Machine Shop et al.,** Superior Court of
Bartow County
Civil Action No.: 12CV1534

Dear Sir or Madam:

Enclosed please find one original and one copy of Plaintiff's Rule 5.2 Certificate of Service. Please file the original and return the copy to me in the enclosed self-addressed, postage-paid envelope.

Thank you for your assistance. Should you have any questions, please contact me at the above-listed number.

Sincerely,

Daphne Beasley
Paralegal to Tona L. Shrum, Esq.

Enclosure

cc:   Stephen D. Apolinsky, Esq.



IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**FILED**

AUG 3 0 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

DARRYL ECKERT and )
ANA ECKERT, )
)
    Plaintiffs, )    CIVIL ACTION
)    FILE NO 12CV1534
)
v. )
)
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
    Defendant. )
)

### <u>RULE 5.2 CERTIFICATE OF SERVICE</u>

    Pursuant to Rule 5.2 of the Georgia Uniform Court Rules, I hereby certify that I have this day served a true and correct copy of **PLAINTIFF ANA ECKERT'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION** and **PLAINTIFF DARYL ECKERT'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION** upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

    Matthew Moffett, Esq.
    Gray Rust St. Amand Moffett & Brieske, LLP
    950 East Paces Ferry Road, Suite 1700
    Atlanta, Georgia 30326

    This 28th day of August, 2012.

                     APOLINSKY & ASSOCIATES, LLC

                     STEPHEN D. APOLINSKY
                     Georgia Bar No. 020915
                     TONA L. SHRUM
                     Georgia Bar No. 558363
                     Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue

PDF created with pdfFactory trial version www.pdffactory.com

Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARRYL ECKERT and | ) | |
| ANA ECKERT | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | FILE NO 12CV1534 |
| | ) | |
| v. | ) | |
| | ) | |
| A&D CONTRACTING & MACHINE | ) | |
| SHOP, INC. d/b/a/ A&D CONTRACTING | ) | |
| & MACHINE SHOP; and John Doe 1 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ANA ECKERT'S OBJECTIONS AND RESPONSES
TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D
CONTRACTING & MACHINE SHOP'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS**

COMES NOW Ana Eckert, Plaintiff in the above-styled civil action, by and through her

undersigned counsel of record, and hereby serves her Objections and Responses to Defendant's

First Request for Production to Plaintiff as follows:

**GENERAL OBJECTIONS**

1.

Plaintiff objects to these Requests to the extent same seek information protected from any

and all privileges and protections afforded Plaintiff, including, but not limited to, the right to

privacy under the United States and/or Georgia Constitution.

2.

Plaintiff objects to these Requests to the extent same are vague, ambiguous, overly broad,

unduly burdensome and/or oppressive.

### 3.

Plaintiff objects to these Requests to the extent same seek to require Plaintiff to do more or disclose more than is otherwise required pursuant to the Georgia Civil Practice Act.

### 4.

Plaintiff objects to these Requests to the extent same seek information not relevant to the subject of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

### 5.

Plaintiff objects to these Requests to the extent same seek information protected by the attorney-client privilege and/or constitute the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff. Plaintiff's attorneys or other representatives.

Subject to and without waiving the foregoing general objections, and in a good faith effort to respond to Defendant's Requests, Plaintiff responds to the enumerated:

## REQUESTS TO PRODUCE

### 1.

All documents upon which you rely to support or prove any claim you make in this case for lost wages, including all documents which show your date of absence from work during any period you claim you were unable to work due to the injury your spouse alleges resulted from the accident at issue, as well as those documents which show the amount of money you did or did not receive from your employer during this period of

PDF created with pdfFactory trial version www.pdffactory.com

time, and your rate of pay or salary immediately prior to said accident.

If you are claiming lost wages in this case or otherwise damages based upon an

alleged inability to work or labor, please produce your income tax returns both federal

and state for the five (5) years preceding the accident or event at issue, and for all years

subsequent thereto.

RESPONSE:

     Plaintiff objects to this Request as it is irrelevant.  Plaintiff states that she does not

possess the requested documents.

2.

     All documents upon which you rely in support of or to prove your claims of

special damages you assert in this case.

RESPONSE:

     Plaintiff states that she has no documents responsive to this Request.

3.

     Any documents from any individual or entity claiming a lien or such other claim

against any settlement or judgment you may recover or secure from the defendant in this

case at issue. This request specifically seeks documentation with respect to hospital

liens, Medicaid or Medicare liens or claims, government liens or claims, and all liens or

claims of healthcare providers or ERISA plans, as well as employer/insurer liens or

claims arising from worker's compensation benefits provided or paid.

RESPONSE:

Plaintiff objects to this Request on the grounds that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that as it seeks information outside the scope of the Civil Practice Act.

4.

All lawsuits filed by you or against you as well as any bankruptcy petitions or orders of discharge.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff has no documents responsive to this Request.

5.

The transcripts of any and all depositions or trial testimony given by you in any civil or criminal action, either prior to or subsequent to the accident which forms the subject of your Complaint in this case.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff does not have any documents responsive to this Request.

6.

Any release or settlement documents you have executed with respect to any prior claims you made or legal actions you filed against any individual or entity with respect to

PDF created with pdfFactory trial version www.pdffactory.com

personal injuries or loss of consortium, including any or all worker's compensation claims or actions.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff does not have any documents responsive to this Request.

7.

Any document which shows the classification of your discharge from the Armed Forces of any nation, country or state, as well as a copy of all documents evidencing any court marital against you.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff does not have any documents responsive to this Request.

8.

Any document evidencing any felony conviction, non-adjudication, First Offender treatment or other conviction for a crime of moral turpitude, pertaining to you and such documents evidencing guilty pleas or pleas of nolo contendere to the foregoing.

RESPONSE:

Plaintiff objects to this Request to the extent same seeks information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff does not have any documents responsive to this Request.

9.

Any and all written or recorded statements given by you to anyone, excluding your attorneys, concerning the accident which forms the subject of your Complaint in this case or with respect to the alleged injuries sustained by your spouse in this accident.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives. Subject to these objections and without waiving same, Plaintiff does not have any documents responsive to this Request.

10.

Any and all written or recorded statements given by any other party to this action or any witness to the accident or the consequences of the accident which forms the subject of your Complaint in this action.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other

representatives.  Subject to these objections and without waiving same, Plaintiff does not have any documents responsive to this Request.

11.

Any and all videos, films, photographs, drawings, sketches or diagrams of the scene wherein this accident allegedly occurred, the vehicles involved in said accident, or the injuries your spouse claims to have received in said accident.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives.  Subject to these objections and without waiving same, Plaintiff does not have any documents responsive to this Request.

12.

Any and all reports or documents generated by all expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as an expert witness for the purpose of testifying at the trial of this case.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other

PDF created with pdfFactory trial version www.pdffactory.com

representatives.  Subject to these objections and without waiving same, Plaintiff states she does not possess the requested documents.

13.

A copy of any and every post, blog or other online statements you or anyone else of whom you are aware has made regarding the allegations made in your Complaint for Damages.

RESPONSE:

Plaintiff objects to this Request on the grounds that the documents sought are irrelevant to the present matter. Subject to this objection and without waiving same, Plaintiff states that she does not have any documents responsive to this Request.

14.

A copy of any and all documents that in any way evidences (whether providing support or contradicting in any way) your allegations that Defendant or any of its employees repaired the vat lid at issue.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives.  Subject to these objections and without waiving same, Plaintiff states that she does not possess the requested documents.

15.

Any and all other documents, items, materials or things identified by you in your

PDF created with pdfFactory trial version www.pdffactory.com

responses to Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting

and Machine Shop's First Continuing Interrogatories to Plaintiff.

RESPONSE:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous, and that it

falls outside the scope of the Civil Practice Act in that it does not specify the documents being

requested. Rather it constitutes an impermissible fishing expedition.

16.

Any and all documents, items, materials and/or things referred to by you or which

served to assist you in preparing your responses to Defendant A&D Contracting &

Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's First Continuing

Interrogatories to Plaintiff.

RESPONSE:

Plaintiff states that she does not possess the requested documents.

This 28TH day of August, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)                    CIVIL ACTION
  Plaintiffs, )                    FILE NO 12CV1534
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
  Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of PLAINTIFF ANA ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This _____ day of August, 2012.

       APOLINSKY & ASSOCIATES, LLC


       _____
       STEPHEN D. APOLINSKY
       Georgia Bar No. 020915
       TONA L. SHRUM
       Georgia Bar No. 558363
       Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
    ANA ECKERT )
     )      CIVIL ACTION
    Plaintiffs, )      FILE NO 12CV1534
     )
v. )
     )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
     )
    Defendant. )

### PLAINTIFF ANA ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D CONTRACTING & MACHINE SHOP'S FIRST INTERROGATORIES

COMES NOW Ana Eckert, Plaintiff in the above-styled civil action, by and through her undersigned counsel of record, and hereby serves her Objections and Responses to Defendant's First Interrogatories to Plaintiff as follows:

### GENERAL OBJECTIONS

1.

Plaintiff objects to these Interrogatories to the extent same seek information protected from any and all privileges and protections afforded to the Plaintiff, including, but not limited to, the right to privacy under the United States and/or Georgia Constitution.

2.

Plaintiff objects to these Interrogatories to the extent same are vague, ambiguous, overly broad, unduly burdensome and/or oppressive.

3.

Plaintiff object to these Interrogatories to the extent same seek to require Plaintiff to do more or disclose more than is otherwise required pursuant to the Georgia Civil Practice Act.

4.

Plaintiff objects to these Interrogatories to the extent same seek information not relevant to the subject of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Plaintiff objects to these Interrogatories to the extent same seek information protected by the attorney-client privilege and/or constitute the work-product or trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of the Plaintiff, Plaintiff's attorneys or other representatives.

Subject to and without waiving the foregoing general objections, and in a good faith effort to respond to Defendant's Interrogatories, Plaintiff states as follows:

<u>INTERROGATORIES</u>

1.

Please state your full name, all other names by which you have been known, and when and where you were known thereby, address, date of birth, place of birth, social security number, and driver's license number. If you are now married or have at any time subsequent to the accident been married under any law, please state the name, address and telephone number of said spouse or spouses, and dates of marriage, and divorce if applicable.

PDF created with pdfFactory trial version www.pdffactory.com

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it is inclusive of at least two separate interrogatories and to the extent that it is irrelevant. Subject to these objections and without waiving same, Plaintiff states as follows:

Full Name: Ana Elisa Eckert

Other Names: Ana Elisa Medina

Date of Birth: 12/20/83

Social Security: Plaintiff will respond orally to this Interrogatory

Driver's License No. 054392716

Married to Darryl Eckert

Previous Marriages: None.

2.

Please list the names and dates of birth of all children of the marriage, if any.

RESPONSE:

Mila Eckert 7/14/2010

George Ethan Eckert 03/02/2002

Daryl Santiago Eckert 12/14/2004

Jasmine Eckert 4/26/2008

3.

Describe in detail how you have been and/or will be deprived of your spouse's full society, care, comfort and consortium as alleged in your Complaint for Damages.

RESPONSE:

Plaintiff objects to this interrogatory to the extent same requires Plaintiff to make a legal conclusion she is unqualified to make. Subject to this objection and without waiving same, Plaintiff states that since the incident, her husband is constantly complaining of pain in his lower back. She finds it difficult to sleep with her husband due to his complaints of back pain. Plaintiff now sleeps in a separate room. Her husband is quite frequently in an irritable mood. At times when Plaintiff tries to initiate sexual intercourse, Darryl does not want her close to him or to even touch him as it would cause him to be very upset. Prior to the incident, Plaintiff would engage in sexual intercourse approximately four times per week. This situation is very uncomfortable and stressful for Plaintiff as her husband has bouts of depression and nightmares.

Plaintiff also states that her husband often does not interact with the children or participate in activities such as soccer and school events. Plaintiff states that her husband is unable to hold the children due to his back pain. Plaintiff also had to feed her husband while he was recovering from the incident.

4.

With regard to each and every activity engaged in by you and your spouse, before the incident which is the subject of this litigation, and which you claim has been impaired or discontinued as a result of the incident, state in detail:

(a) a description of each such activity;

(b) the frequency with which you and your spouse engaged in each such activity before the incident;

PDF created with pdfFactory trial version www.pdffactory.com

(c) all periods of time during which you have been unable to engage in each such activity as a result of the incident; and

(d) the basis upon which you claim that impairment of each such activity will continue.

RESPONSE:

Prior to the incident, Plaintiff enjoyed going out to dinner, to the movie theater, Amusement Parks, Soccer games, walking and visiting her family in Mexico with her husband. Plaintiff states that her husband performed chores, household maintenance, picked the children up from school, attended school events and other extracurricular activities with the children. These activities happened on a daily basis. Plaintiff's husband was unable to continue these activities due to the pain and discomfort from the injuries he suffered.

5.

Please state the name and address of each person who participated with you and your spouse on a regular basis in any of the activities set forth in your previous answer.

RESPONSE:

Plaintiff states that her children Mila Eckert, George Ethan Eckert, Daryl Santiago Eckert and Jasmine Eckert participated in the activities set forth above. Plaintiffs children reside in the home at 811 Hill Stone Way, Cartersville, GA 30121.

6.

If you are making a claim for loss of your spouse's services for any period following the incident, describe in detail each such service for which you are making claim and the period of time during which each such service was lost to you.

RESPONSE:

PDF created with pdfFactory trial version www.pdffactory.com

Following the injuries and continuing today, Plaintiff has noticed a decrease in Darryl's household duties such as laundry, cooking, cleaning, shopping for groceries and yard maintenance. Plaintiff states that her husband's pain nearly always prevents him from driving a vehicle, so she has to pick up the children from school or have family members pick them up.

7.

Itemize in detail the value of each such service referred to in your previous answer.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it requests information that she is not qualified to render. Subject to this objection and without waiving same, Plaintiff states that she would not trade one million dollars for the loss of help around the house and the driving her husband used to do prior to the incident considering she has four relatively young children to care for without much help.

8.

Itemize in detail every other financial loss, hardship, or expense you claim to have incurred as a result of the incident.

RESPONSE:

Plaintiff states that she has detailed her losses in previous interrogatories.

9.

Describe in detail any responsibilities you have had to assume as a result of the incident which were previously attended to by your spouse and the periods during which you have had to assume each such responsibility.

PDF created with pdfFactory trial version www.pdffactory.com

RESPONSE:

Plaintiff states that the activities she has outlined previously that Darryl can no longer do, household chores, yard maintenance, etc. have all fallen to her. Plaintiff was also forced to find full-time employment to support the family, which also contributes to long days and an increase in work due to the loss of her husband's services. Additionally, Plaintiff had to travel alone with the children to visit her family in Mexico.

10.

Itemize in detail the value of each such responsibility referred to in your previous answer.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it requests information that she is not qualified to render. Subject to this objection and without waiving same, again, Plaintiff states that she would not trade one million dollars for the loss of her husband's services considering she has four relatively young children to care for without much help.

11.

If either you or your spouse were married before your marriage to one another, identify the name and present address of any such prior spouse, and the inclusive dates of any such marriage.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Plaintiff states there are no previous marriages.

PDF created with pdfFactory trial version www.pdffactory.com

12.

If you claim that there has been a decrease in the frequency of sexual relations between you and your spouse as a result of the incident, state in detail:

(a) a description of the decrease in frequency;

(b) the periods during which there has been any decrease in frequency; and

(c) the reason or reasons for each period during which frequency of your sexual relations decreased, including those periods where a decrease occurred as a result of medical advice.

RESPONSE:

Plaintiff states that prior to the incident she and her husband had sexual relations approximately four times per week. As a result of the injuries her husband suffered, they have gone for months without engaging in sexual relations. This decrease in frequency of sexual relations began on the date of the incident through February 2012.

13.

State whether you and your spouse encountered marital difficulties, considered divorce or separation at any time, or sought marriage counseling of any nature, from the date of your marriage to the present.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in that "marital difficulties" is not defined. Subject to this objection and without waiving same, Plaintiff states that she and her husband have not considered divorce or separation, nor have they sought marriage counseling.

PDF created with pdfFactory trial version www.pdffactory.com

14.

State whether you and your spouse ever lived separate and apart from the date of your marriage to the present, and for each such occasion, state in detail the reasons therefore.

RESPONSE:

Plaintiff has not lived separate or apart from her husband at any time during the marriage.

15.

As to each medical professional or counselor consulted by you and/or your spouse at any time from the date of your marriage to the present, state the name and professional address of each such professional and the dates of all visits and/or consultations.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and to the extent that it is irrelevant. Subject to these objections and without waiving same, Plaintiff states that she and Darryl have not sought counseling.

16.

Set forth each activity which you have not previously described in your answers to these interrogatories in which you and your spouse jointly participated before the incident and which you claim has been impaired or discontinued as the result of the incident, and with regard to each detail:

(a) a complete description of each such activity;

(b) the frequency with which you and your spouse participated in each such activity before the incident;

(c) the frequency with which you and your spouse have participated in each such

PDF created with pdfFactory trial version www.pdffactory.com

activity since the incident;

(d) the reason(s) for the impairment or discontinuance of each such activity; and

(e) when you reasonably anticipate that you and your spouse will be able to

resume each such activity.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that this interrogatory was previously asked and answered in Interrogatory Number 3.

17.

For each activity that you have described in your answers to these interrogatories and in which you and your spouse jointly participated before the incident and which you claim has been impaired or discontinued as a result of the incident, describe each such activity in which you have continued to participate without your spouse.

RESPONSE:

Plaintiff continues to attend Soccer games and travels to visit her family in Mexico without her husband.

18.

Concerning your employment over the last five (5) years, please state the name(s) and address(es) of all employers, dates of employment, job titles, rates of pay, and reasons for resignation or termination.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Plaintiff states she is currently employed at Los Arcos, 966 N.

Tennessee Street, Cartersville, GA. Plaintiff began working as a waitress in May 2012. Plaintiff earns $2.30 per hour plus tips.

19.

Describe each injury and/or ailment, both physical and psychological, which you claim that your spouse has suffered as a result of the incident, specifying the bodily parts affected, severity of each such injury or ailment and the duration of each.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that said Interrogatory requires Plaintiff to make a medical determination Plaintiff is not qualified to make.

20.

With regard to each health care provider who has treated your spouse since the date of the incident, state:

(a) the identity and business address of each,

(b) the specialty of each;

(c) the period during which each treated your spouse:

(d) the nature of the treatment rendered;

(e) all charges rendered by each such provider for which a claim is made in this litigation; and

(f) the present status of each such charge, including, but not limited to, those which remain outstanding; those for which you have paid personally; and those which have been paid for or presented to an insurance carrier for payment.

RESPONSE:

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories, it is irrelevant as to this Plaintiff, it seeks information outside the scope of the Civil Practice Act, and it requires Plaintiff to make a medical determination she is not qualified to make. Subject to these objections and without waiving same, Plaintiff refers Defendant to the medical records and to Darryl Eckert's discovery responses for dates/nature of Darryl's treatment.

21.

With regard to each health care provider with whom your spouse treated for any physical or psychological problem during the period five years preceding the incident, state:

(a) the identity and business address of each;

(b) the specialty of each,

(c) the period during which each treated your spouse; and

(d) the nature of the treatment rendered.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant as to this Plaintiff, it seeks information outside the scope of the Civil Practice Act, and it requires Plaintiff to make a medical determination she is not qualified to make. Subject to these objections and without waiving same, Plaintiff states that she does not recall her husband having other treatment in the five years preceding the incident.

22.

Describe in detail any change which has occurred in your spouse's personality, attitude, manner, state of mind, and/or emotional state from the time of the incident to the present.

PDF created with pdfFactory trial version www.pdffactory.com

RESPONSE:

Plaintiff's husband is constantly complaining about the pain and discomfort of his injuries, no longer interacts with the children. He is also in a depressive mood due to his inability to work and provide for his wife and children, and is very frequently irritable.

23.

Describe each and every emotional injury, if any, which you claim you have suffered as a result of your spouse's injury, and with regard to each, state:

(a) the identity of each health care provider with whom you have treated and/or consulted; and

(b) the period during which you experienced each; (c) whether any such emotional injury has manifested itself physically.

RESPONSE:

Plaintiff states that as a direct result of Darryl's injuries, she has now had to take nearly all responsibility for household maintenance, yard maintenance, and raising their four children. and she has had to take on a full-time job, which means she has very limited time in which to accomplish these tasks. This increase in work has caused Plaintiff extreme stress.

24.

With respect to paragraph 3 of your Complaint wherein you allege that "During 2010, Tintoria Piana U.S., Inc. hired Defendant A&D to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure" please provide the following information:

(a) state all facts upon which you rely in support of said allegations;

(b) identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation:

PDF created with pdfFactory trial version www.pdffactory.com

(c) identify and describe any document or material containing facts

upon which you rely in support of said allegations; and

(d) identify the present custodian of all documents or other material

identified by you in your response to subpart (c) above.

RESPONSE:

  Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three

separate interrogatories and to the extent that it requires Plaintiff to make a legal determination

she is not qualified to make.  Subject to these objections and without waiving same, Plaintiff

refers Defendant to her Complaint for Damages wherein Defendant's allegations are outlined.

25.

With respect to paragraph 9 of your Complaint wherein you allege that "Defendant owed a duty

to Plaintiffs to complete their work in a non-negligent manner" please provide the following

information:

(a) state all facts upon which you rely in support of said allegations;

(b) identify all individuals who have personal knowledge of said

relevant facts upon which you rely in support of said allegation;

(c) identify and describe any document or material containing facts

upon which you rely in support of said allegations; and

 (d) identify the present custodian of all documents or other material

identified by you in your response to subpart (c) above.

RESPONSE:

  Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three

separate interrogatories and to the extent that it requires Plaintiff to make a legal determination

she is not qualified to make.  Subject to these objections and without waiving same, Plaintiff

refers Defendant to her Complaint for Damages wherein Defendant's negligence is outlined.

26.

With respect to paragraph 10 of your Complaint wherein you allege that "Defendants breached

their duty by failing to repair the vat lid properly" please provide the following information:

(a) state all facts upon which you rely in support of said allegations;

(b) identify all individuals who have personal knowledge of said

relevant facts upon which you rely in support of said allegation;

(c) identify and describe any document or material containing facts

upon which you rely in support of said allegations; and

(d) identify the present custodian of all documents or other material

identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three

separate interrogatories and to the extent that it requires Plaintiff to make a legal determination

she is not qualified to make.  Subject to these objections and without waiving same, Plaintiff

refers Defendant to her Complaint for Damages wherein Defendant's negligence is outlined.

27.

With respect to paragraph 13 of your Complaint wherein you allege that "Defendant John Doe 1

was in the scope of his employment with Defendant A&D when he repaired the vat lid in a

negligent manner" please provide the following information:

(a) state all facts upon which you rely in support of said allegations;

(b) identify all individuals who have personal knowledge of said

PDF created with pdfFactory trial version www.pdffactory.com

relevant facts upon which you rely in support of said allegation;

(c) identify and describe any document or material containing facts

upon which you rely in support of said allegations; and

 (d) identify the present custodian of all documents or other material

identified by you in your response to subpart (c) above.

RESPONSE:

      Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three

separate interrogatories and to the extent that it requires Plaintiff to make a legal determination

she is not qualified to make.  Subject to these objections and without waiving same, Plaintiff

refers Defendant to her Complaint for Damages wherein Defendant's negligence is outlined.

28.

      With respect to paragraph 16 of your Complaint wherein you allege that

"Defendant A&D owed a duty to Plaintiffs not to hire or retain John Doe I after knowledge of his

incompetence for the job, and to supervise John Doe 1 in a reasonable manner" please provide

the following information:

(a) state all facts upon which you rely in support of said allegations;

(b) identify all individuals who have personal knowledge of said

relevant facts upon which you rely in support of said allegation;

(c) identify and describe any document or material containing facts

upon which you rely in support of said allegations; and

(d) identify the present custodian of all documents or other material

identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories and to the extent that it requires Plaintiff to make a legal determination she is not qualified to make.  Subject to these objections and without waiving same, Plaintiff refers Defendant to her Complaint for Damages wherein Defendant's negligence is outlined.

This 28TH day of August, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
    ANA ECKERT )
)
       Plaintiffs, )
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
       Defendant. )

CIVIL ACTION
FILE NO 12CV1534

## VERIFICATION

Personally appeared before me the undersigned attesting officer duly authorized to administer oaths comes Ana Eckert, who, after being duly sworn, deposes and on oath states that the facts contained in the within and foregoing Objections and Responses to Defendant's First Interrogatories to Plaintiff are true and correct.

SO SWORN, this _26_ day of _August_ , 2012.

_Ana E. Eckert_
ANA ECKERT

Sworn to and subscribed
before me this _26_ day
of _August_ , 2012.

_____
Notary Public
My Commission Expires _July 2015_

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
) CIVIL ACTION
  Plaintiffs, ) FILE NO 12CV1534
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
  Defendant. )

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day served a true and correct copy of PLAINTIFF ANA ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This _28th_ day of August, 2012.

       APOLINSKY & ASSOCIATES, LLC


       _____
       STEPHEN D. APOLINSKY
       Georgia Bar No. 020915
       TONA L. SHRUM
       Georgia Bar No. 558363
       Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT )
)   CIVIL ACTION
Plaintiffs, )   FILE NO 12CV1534
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
Defendant. )

## PLAINTIFF DARRYL ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D CONTRACTING & MACHINE SHOP'S FIRST REQUEST FOR PRODUCTION

COMES NOW Darryl Eckert, Plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and hereby serves his Objections and Responses to Defendant's First Request for Production to Plaintiff as follows:

## GENERAL OBJECTIONS

1.

Plaintiff objects to these Requests to the extent same seek information protected from any and all privileges and protections afforded Plaintiff, including, but not limited to, the right to privacy under the United States and/or Georgia Constitution.

2.

Plaintiff objects to these Requests to the extent same are vague, ambiguous, overly broad, unduly burdensome and/or oppressive.

3.

Plaintiff objects to these Requests to the extent same seek to require Plaintiff to do more or disclose more than is otherwise required pursuant to the Georgia Civil Practice Act.

4.

Plaintiff objects to these Requests to the extent same seek information not relevant to the subject of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Plaintiff objects to these Requests to the extent same seek information protected by the attorney-client privilege and/or constitute the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives.

Subject to and without waiving the foregoing general objections, and in a good faith effort to respond to Defendant's Requests, Plaintiff responds to the enumerated:

## REQUESTS TO PRODUCE

1.

Any and all records and bills pertaining to treatment(s) rendered to Plaintiff by any hospital, clinic, health care provider, physician, or other practitioner of the healing arts for the alleged injuries sustained by Plaintiff as a result of the incident which forms the subject of Plaintiff's Complaint for Damages in this case.

RESPONSE:

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff has attached hereto his related medical records and bills. Plaintiff will supplement this response to include the medical records and bills from Georgia Sports and Pain Management, Wright Rehabilitation and Georgia Knee and Sports Medicine once he receives same, and in any case sufficiently early so as not to delay the trial of the case.

2.

All documents upon which you rely to support or prove any claim you make in this case for lost wages, including all documents which show your date of absence from work during any period you claim you were unable to work due to the injury you allege resulted from the incident at issue, as well as those documents which show the amount of money you did or did not receive from your employer during this period of time, and your rate of pay or salary immediately prior to said accident. If you are claiming lost wages in this case or otherwise damages based upon an alleged inability to work or labor, please produce your income tax returns both federal and state for the five (5) years preceding the accident or event at issue, and for all years subsequent thereto.

RESPONSE: Plaintiff is currently gathering this documentation. Plaintiff will supplement his response to this Request sufficiently early so as not to delay the trial of this matter.

3.

All documents upon which you rely in support of or to prove your claims of special damages you assert in this case.

RESPONSE: Plaintiff is currently gathering this documentation. Plaintiff will supplement his response to this Request sufficiently early so as not to delay the trial of this matter.

4.

Any documents from any individual or entity claiming a lien or such other claim against any settlement or judgment you may recover or secure from the defendant in this case at issue. This request specifically seeks documentation with respect to hospital liens, Medicaid or Medicare liens or claims, physician's practice liens, traumatic burn care center liens, government liens or claims, and all liens or claims of healthcare providers or ERISA plans, as well as employer/insurer liens or claims arising from worker's compensation benefits provided or paid.

RESPONSE:

Plaintiff objects to this Request on the grounds that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that as it seeks information outside the scope of the Civil Practice Act.

5.

A copy of all lawsuits filed by you or against you as well as any bankruptcy petitions or orders of discharge.

RESPONSE:

. Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent same are vague, ambiguous, overly broad, unduly burdensome and/or oppressive. Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

6.

The transcripts of any and all depositions or trial testimony given by you in any civil or

PDF created with pdfFactory trial version www.pdffactory.com

criminal action, either prior to or subsequent to the accident which forms the subject of your Complaint for Damages in this case.

RESPONSE:

Plaintiff objects to this Request to the extent same seeks information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

7.

Any release or settlement documents you have executed with respect to any prior claims you made or legal actions you filed against any individual or entity with respect to personal injuries, including any or all worker's compensation claims or actions.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent same requests documents that are outside the scope of the Civil Practice Act   Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

8.

Any document which shows the classification of your discharge from the Armed Forces of any nation, country or state, as well as a copy of all documents evidencing any court marital against you.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

9.

Any document evidencing any felony conviction, non-adjudication, First Offender treatment, withholding of adjudication or other conviction for a crime of moral turpitude, pertaining to you and such documents evidencing guilty pleas or pleas of nolo contendere to the foregoing.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

10.

Any and all written or recorded statements given by you to anyone, excluding your attorneys, concerning the incident which forms the subject of your Complaint in this case or with respect to the alleged injuries sustained by you in this incident.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other

representatives. Subject to these objections and without waiving same, Plaintiff states that he does not have any documents responsive to this Request.

11.

Any and all written or recorded statements given by any other party to this action or any witness to the incident or the consequences of the incident which forms the subject of your Complaint in this action.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives. Subject to these objections and without waiving same, Plaintiff states that he does not have any documents responsive to this Request.

12.

Any and all videos, films, photographs, drawings, sketches or diagrams detailing the alleged occurrence of this incident or the alleged injuries you claim to have received in said incident.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other

PDF created with pdfFactory trial version www.pdffactory.com

representatives. Subject to these objections and without waiving same, Plaintiff states that he does not have any documents responsive to this Request.

13.

Any and all reports or documents generated by all expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as an expert witness for the purpose of testifying at the trial of this case.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives. Subject to these objections and without waiving same, Plaintiff states that he does not have any documents responsive to this Request.

14.

Any and all documents or other tangible things evidence any prescriptions or medications supplied to you (whether legally or illegally) and imbibed or otherwise consumed by you within the twenty-four (24) hours immediately prior to the subject incident. To the extent your response does not otherwise identify any and all documents or other tangible things identified in your response to Interrogatory Number 21, please produce all documents evidencing any item identified in your response to Interrogatory Number 21.

RESPONSE:

Plaintiff objects to this Request to the extent same seek information not relevant to the subject of this litigation, in that it is not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff states that he does not have any documents responsive to this Request.

15.

A copy of any and every post, blog or other online statements you or anyone else of whom you are aware has made regarding the allegations made in your Complaint for Damages.

RESPONSE:

Plaintiff objects to this Request on the grounds that it is irrelevant. Subject to this objection and without waiving same, Plaintiff states that he does not have any documents responsive to this Request.

16.

A copy of any and all documents that in any way evidences (whether providing support or contradicting in any way) your allegations that Defendant or any of its employees repaired the vat lid at issue.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives. Subject to these objections and without waiving same, Plaintiff states that he does not possess the requested documents.

17.

Any and all other documents, items, materials or things identified by you in your responses to Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's First Continuing Interrogatories to Plaintiff.

RESPONSE:

Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work-product privilege and that constitutes trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions, or legal theories of Plaintiff, Plaintiff's attorneys or other representatives. Plaintiff further objects to this interrogatory to the extent that same requires him to produce more than is contemplated under the Civil Practice Act. Subject to these objections, Plaintiff states that he has attached hereto his medical records and bills.

18.

Any and all documents, items, materials and/or things referred to by you or which served to assist you in preparing your responses to Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's First Continuing Interrogatories to Plaintiff.

RESPONSE:

Plaintiff states that he does not possess the requested documents.

This _28TH_ day of August, 2012.

                                        APOLINSKY & ASSOCIATES, LLC


                                        STEPHEN D. APOLINSKY
                                        Georgia Bar No. 020915
                                        TONA L. SHRUM
                                        Georgia Bar No. 558363
                                        Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)        CIVIL ACTION
        Plaintiffs, )        FILE NO 12CV1534
)
v. )
)
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
        Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of PLAINTIFF DARRYL ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This _____ day of August, 2012.

APOLINSKY & ASSOCIATES, LLC


STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
Plaintiffs, ) CIVIL ACTION
) FILE NO 12CV1534
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
Defendants. )

### PLAINTIFF DARRYL ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D CONTRACTING & MACHINE SHOP'S FIRST INTERROGATORIES

COMES NOW Darryl Eckert, Plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and hereby serves his Objections and Responses to Defendant's First Interrogatories to Plaintiff as follows:

### GENERAL OBJECTIONS

1.

Plaintiff objects to these Interrogatories to the extent same seek information protected from any and all privileges and protections afforded to the Plaintiff, including, but not limited to, the right to privacy under the United States and/or Georgia Constitution.

2.

Plaintiff objects to these Interrogatories to the extent same are vague, ambiguous, overly broad, unduly burdensome and/or oppressive.

3.

Plaintiff object to these Interrogatories to the extent same seek to require Plaintiff to do more or disclose more than is otherwise required pursuant to the Georgia Civil Practice Act.

4.

Plaintiff objects to these Interrogatories to the extent same seek information not relevant to the subject of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

5.

Plaintiff objects to these Interrogatories to the extent same seek information protected by the attorney-client privilege and/or constitute the work-product or trial preparation materials of the Plaintiff, Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of the Plaintiff, Plaintiff's attorneys or other representatives.

Subject to and without waiving the foregoing general objections, and in a good faith effort to respond to Defendant's Interrogatories, Plaintiff states as follows:

<u>INTERROGATORIES</u>

1.

Please state your full name, all other names by which you have been known, and when and where you were known thereby, address, date of birth, place of birth, social security number, and driver's license number. If you are now married or have at any time subsequent to the accident been married under any law, please state the name, address and telephone number of said spouse or spouses, and dates of marriage, and divorce if applicable.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least two separate interrogatories and to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Plaintiff states the following:

Full Name:   Darryl Slater Eckert

Other Names: None.

Address: 8 Hillston Way, Cartersville, GA 30121

Date of Birth: 7/19/65

Social: Plaintiff will respond orally to this Interrogatory.

Driver's License: 052813149

Married: Anna Eckert, 8 Hillston Way, Cartersville, GA 30121, 770-383-9390

2.

Please identify all individuals related to you by blood or marriage who reside or are employed in the county wherein the above action now pends.

RESPONSE:

Darlene Eckert

Dwayne Eckert

Lynn Weiver

Carolyn Eckert

Jordin Dobbins

3.

Concerning your employment over the last ten (10) years, please state the name(s) and address(es) of all employers, dates of employment, job titles, rates of pay, and reasons for resignation or termination.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Plaintiff states that he worked at Besco located in Holly Springs from 1996 through May 2009. He was a supervisor earning $14 per hour working 40 hours per week. Plaintiff was laid off due to a work shortage.  Plaintiff states that he had only worked at Tintoria Piana US for one week when the incident occurred.

4.

If you have ever been convicted of, pled guilty to, or pled nolo contendere to a felony or other crime of moral turpitude, state when, in what court and of what crime you were convicted or pled to, how you pled (i.e., guilty, not guilty or nolo contendere) to any such crime resulting in a conviction, non-adjudication, withholding of adjudication or first offender treatment and the ultimate disposition of the charges.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it requests that he do more than is required by the Civil Practice Act and on grounds that it is irrelevant to the present action.

5.

If you have ever served in the Armed Forces of any nation, country or state, state what nation, country, or state you served, the branch of service, type of separation or discharge you

PDF created with pdfFactory trial version www.pdffactory.com

received (i.e., honorable, dishonorable, medical), and the number of times, if any, you were court-martialed and reasons for and disposition of same.

RESPONSE:

Plaintiff objects to this Interrogatory on grounds that it is inclusive of at least two separate interrogatories and to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that he is not nor has he been a member of the Armed Forces.

6.

Excluding this case, if you have ever made a personal injury claim or claim for damages against any person or entity, please state the dates you made any such claims, and the names and addresses of the individuals or entities to whom you directed all claims, and also state the disposition of the claims, and how much money if any you received as to each claim.

RESPONSE:

Plaintiff objects to this Interrogatory on grounds that it is inclusive of at least two separate interrogatories and to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that he has not made any other claims for personal injury.

7.

If you ever have been a party to any other type of lawsuit, including any claim for worker's compensation or bankruptcy proceeding, please identify the persons and parties involved including the style and number of the case, describe the nature of the litigation and the role you had (i.e., plaintiff, defendant, etc.) in each matter as well as all counsel involved and the court or administrative body before which each suit was pending, identify and describe all

PDF created with pdfFactory trial version www.pdffactory.com

documents setting forth the final disposition of each matter and the present custodian of all documents or other materials identified by you.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent same requests information that is outside the scope of the Civil Practice Act. Subject to and without waiving these objections, Plaintiff states that he has a workers compensation claim arising from this incident.

8.

Other than for the injuries you claimed to have sustained as a result of the subject incident, if you have you ever been treated by any medical doctor or other practitioner of the healing arts, or by or in any healthcare facility, please state the dates of all treatment(s), the individual or entity rendering said treatment(s) to you (and their addresses) and the nature of the health problem which necessitated each such treatment(s).

RESPONSE:

Plaintiff objects to this Interrogatory to the extent same is overly broad, unduly burdensome and unlimited in scope and duration. Plaintiff further objects to this Interrogatory to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states he does not recall receiving any other medical treatment in the last 10 years for illnesses or injuries other than those suffered in this incident.

9.

With respect to the personal injuries you claimed to have sustained as a result of the subject incident, state the names and addresses of any medical doctors, practitioners of the healing arts, and healthcare facilities rendering or providing any treatment(s), and the dates of all treatment(s) rendered or provided as well as the name and address of any insurer, employer, government or other entity making payment to you or on your behalf with respect to these expenses incurred, and state all amounts paid, by whom paid, and the date of each payment.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least two separate interrogatories, to the extent that the information sought is irrelevant, and to the extent that it seeks information outside the scope of the Civil Practice Act.   Subject to and without waving the foregoing objections, Plaintiff states that he received treatment at the following:

Cartersville Medical Center
960 Joe Frank Harris Parkway
Cartersville, GA 30120

PT Solutions at Harbin Clinic
150 Gentilly Blvd.
Cartersville, GA 30120

Georgia Bone and Joint
15 Medical Drive
Cartersville, GA 30121

Harbin Clinic
1825 Martha Berry Blvd
Rome, GA 30165

Georgia Knee and Sports Medicine
2801 N. Decatur Road, Suite 200
Decatur, GA 30033

Wright Rehabilitation
213 River Park Dr.

Woodstock, GA 30188

Georgia Sports and Pain Management
4900 Ivey Road, Suite 815
Acworth, GA 30101

Plaintiff refers Defendant to his medical records for dates of treatment, as Plaintiff does not recall these dates.

10.

If you were unable to work for your employer following the occurrence at issue, and if you claim your inability to work is related in any way to the occurrence at issue, please state the amount of time you did not work, the specific dates you did not work, and all monies you did not receive because you did not work.

RESPONSE:

Plaintiff has been unable to work since the incident. Plaintiff has not received income from employment since the date of this incident.

11.

If you are aware of any individual having personal knowledge of the subject incident, or the injuries and damages you contend resulted from the subject incident, or the claims you make in the lawsuit you have filed in this case, please identify each said individual, specifying whether the person named was or was not an eyewitness to the subject incident.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental

impressions, conclusions, opinions or legal theories of Plaintiff's attorneys.  Subject to, and without waiving these objections, Plaintiff states that his wife Ana Eckert, the plant manager Bob, supervisor Jim Woodard and employees Tammy, Santos and Valdor may have knowledge of his injuries. Plaintiff is unable to recall the surnames of these individuals aside from Jim Woodard.

## 12.

If you obtained any oral, recorded, or written statement from any individual concerning the occurrence at issue, your claims of injuries and damages resulting there from or your lawsuit, please identify each said individual giving said statement, identify the individual securing said statement, whether the statement was oral, recorded or written, the date the statement was given, and identify the present custodian of the statement identified.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys.  Subject to, and without waiving these objections, Plaintiff states he is unaware of any statements.

## 13.

If you are aware of any photographs,  diagrams, drawings, videotapes or other things that depict the accident scene, or your alleged injuries and damages resulting from said accident,

PDF created with pdfFactory trial version www.pdffactory.com

please identify same by describing same, and identify the present custodian of each said item or thing.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys. Subject to, and without waiving these objections, Plaintiff states he is unaware of any of the requested documents.

14.

State and specify each and every act or omission of negligence which you contend Defendant committed with respect to the cause of action which forms the basis of this lawsuit.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make. Plaintiff refers Defendant to his Complaint for Damages wherein Defendant's negligence is outlined.

15.

As to the damages you seek to recover in this case, please itemize, describe and calculate all damages, describe how you or any others working for or with you calculated said damages, identify all individuals having personal knowledge relevant to your damages, identify all documents and material containing information relevant to your claimed damages and the custodian of all said documents and material, identify all documents and material containing

PDF created with pdfFactory trial version www.pdffactory.com

information upon which you rely in support of the damages you seeks to recover in this case and the custodian of all said documents and materials.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories, and to the extent that it is vague and ambiguous and seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys.  Subject to, and without waiving these objections, Plaintiff states as follows:

Medical Expenses:

Cartersville Medical Center
960 Joe Frank Harris Parkway
Cartersville, GA 30120
9/27/10 $56,493.25
8/11/11 $38,992.25


PT Solutions at Harbin Clinic
150 Gentilly Blvd.
Cartersville, GA 30120
$ 7,460.00


Georgia Bone and Joint
15 Medical Drive
Cartersville, GA 30121
$ 6,486.43


Harbin Clinic
1825 Martha Berry Blvd
Rome, GA 30165
$ 4,249.04

Lost Wages since the incident: Prior to the incident, when he worked at Tintoria Piana, US, Plaintiff earned $14.00 per hour and worked 40 hours per week. He has not been able to work since the incident, which constitutes 92 weeks thus far, for a total of $51,520.00 in salary lost thus far.

Plaintiff will supplement this response to include additional medical expenses from Georgia Knee and Sports Medicine, Wright Rehabilitation and Georgia Sports and Pain, and he will prove the exact amount of lost wages and his loss of future earnings sufficiently early so as not to delay the trial of this matter.

16.

As to all payments made by you or on your behalf, with respect to damages sustained or incurred by you and at issue in this case or for which you seek to recover, please identify all payors or individuals or entities making any said payments, the payees or individuals or entities receiving any said payments. Please also identify and itemize and describe each payment made and specifically identify who made said payment, when it was made, the type of payment (i.e. check, draft, cash, etc.), to whom the payment was made, what the payment represents and the reason for making the payment. Please also identify and describe all documents and material which contain information relevant to each said payment made and the custodian of said documents and materials.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and to the extent that it seeks information outside the scope of the Civil Practice Act.

17.

As to any policy of insurance pursuant to which any payments were made to or on behalf of you and with respect to damages sustained or incurred by you, and at issue in this case or for which you seek to recover, please identify and describe said policy of insurance by identifying the insuring entity, the type of policy, the policy number, the term of coverage and the policy limits and the custodian of any said policy of insurance.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and to the extent that it seeks information outside the scope of the Civil Practice Act.

18.

At any time relevant to the subject incident were you engaging in any business or within the course and scope of employment for any employer, including yourself? If your answer is yes, please identify said employer, state whether you have reported this accident to your employer, and state whether you have made any claim for worker's compensation benefits and if so to whom.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it is inclusive of at least two separate interrogatories. Subject to and without waiving this objection, Plaintiff states that at the time of the incident, he was working for Tintoria Piana, US through Temp Excel, a temporary employment service.

19.

Please state in reasonable detail how the subject incident occurred.

RESPONSE:

Plaintiff states that on or about September 27, 2010, Plaintiff was working at Tintoria Piana US, Inc. when a newly repaired lid was placed on a vat and put under pressure, at which time the grooves in the lid failed, causing the lid to explode from the vat and strike Plaintiff, knocking him to the ground and causing severe injuries.

20.

To the extent that the premises at which the accident occurred may have violated any regulation, code or standard such that the violation in question alleged caused or contributed to your alleged injury, please specify the regulation, code or standard in question, the location of the alleged deviation from the regulation, code or standard and the alleged deviation from the regulation, code or standard in question.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make

21.

Please identify whether, in the twenty-four (24) hours preceding the subject incident, you imbibed or otherwise consumed any alcohol, narcotics (prescription or non-prescription; legal or illegal) or drugs (prescription or non-prescription; legal or illegal). If your answer to this question is anything other than an unqualified negative response, please identify what alcohol, narcotics and/or drugs you imbibed or consumed as well as the quantity of each and at what time each substance was imbibed or consumed.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

PDF created with pdfFactory trial version www.pdffactory.com

waiving the foregoing objection, Plaintiff states that he did not consume any alcohol, narcotics (prescription or non-prescription; legal or illegal) or drugs (prescription or non-prescription; legal or illegal) within the 24-hour period preceding the incident.

22.

With respect to paragraph 3 of your Complaint wherein you allege that "During 2010, Tintoria Piana U.S., Inc. hired Defendant A&D to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that said Interrogatory is inclusive of at least three separate interrogatories. Subject to this objection and without waiving same, Plaintiff states that he believes Defendant to be the company that repaired the vat lid due to his own personal experience at Tintoria Piana, US.

23.

With respect to paragraph 9 of your Complaint wherein you allege that "Defendant owed a duty to Plaintiffs to complete their work in a non-negligent manner" please provide the following information:

(a)      state all facts upon which you rely in support of said allegations;

(b)      identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)      identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)      identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories and to on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make.

24.

With respect to paragraph 10 of your Complaint wherein you allege that "Defendants breached their duty by failing to repair the vat lid properly" please provide the following information:

(a)      state all facts upon which you rely in support of said allegations;

(b)      identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)      identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)      identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories and to on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make.

25.

With respect to paragraph 13 of your Complaint wherein you allege that "Defendant John Doe 1 was in the scope of his employment with Defendant A&D when he repaired the vat lid in a negligent manner" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories and to on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make.

26.

With respect to paragraph 16 of your Complaint wherein you allege that "Defendant A&D owed a duty to Plaintiffs not to hire or retain John Doe 1 after knowledge of his incompetence for the job, and to supervise John Doe 1 in a reasonable manner" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least three separate interrogatories and to on the grounds that said Interrogatory requires Plaintiff to make a legal determination Plaintiff is not qualified to make.

27.

Please identify each and every person who performed any investigation on your behalf relative to this accident and if different, any experts with whom you have consulted pertaining to any issues in this action (whether or not you intend to call said expert as a witness at trial), and the nature of any reports from him (i.e., written, oral, etc.).

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is inclusive of at least two separate interrogatories and to the extent that it seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys. Subject to, and without waiving these

PDF created with pdfFactory trial version www.pdffactory.com

objections, Plaintiff states that he is unaware of any investigations and is unaware of any experts consulted.

28.

Please identify each person whom you expect to call as an expert witness at the trial of this case, and in connection with each such person, please state the subject matter on which such expert is expected to testify, as well as the substance of the facts and opinions as to which each such expert is expected to testify and a summary of the grounds for each opinion.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it seeks information prepared in anticipation of litigation and is protected by the attorney-client privilege and/or work-product doctrine in that it seeks information that constitutes the work-product or trial preparation materials of Plaintiff, Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys. Subject to, and without waiving these objections, Plaintiff states that he has not determined which experts he will use at trial.

29.

Are you eligible for or have you ever received or been the beneficiary of Medicare benefits paid to or on your behalf? If you have ever received or been the beneficiary of Medicare benefits paid to or on your behalf, on or after the date of the accident(s) or incident(s) at issue in this case, please provide the following information:

(a)     the identity of any hospital, clinic, physician or other healthcare provider to whom said benefits were paid on your behalf;

(b)     the total amount of said benefits paid to you or on your behalf;

(c)     whether you have received any notice of lien or claim for reimbursement of said

payments or benefits from Medicare, CMS or any government entity, agent or contractor; and

(d)     your date of birth, social security number and Medicare number.

RESPONSE:

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant in that it is not

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on

the grounds that as it seeks information outside the scope of the Civil Practice Act, is overbroad

and unlimited in scope and duration.  Subject to and without waiving the foregoing objection,

Plaintiff states that he does not receive Medicare benefits.

30.

Please state whether you had ever worked on or with the vat at issue prior to the subject

accident.  If you answer to this interrogatory is anything other than an unqualified negative,

please describe all interactions you had with the vat at issue and approximately how many times

prior to the subject accident you had worked on or with the vat at issue.

RESPONSE:

Plaintiff states that he did not work on the vat at any time prior to the incident other than

to tighten a bolt one time while assisting another worker.

31.

Please identify the URL of any and every post, blog or other online statement(s) you or

anyone else of whom you are aware has made regarding any allegation made in your Complaint

for Damages.

RESPONSE:

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant.  Subject to, and without waiving this objection, Plaintiff states he is unaware of any post, blog or other online statements.

This _28<u>TH</u>_ day of August, 2012.

                                        APOLINSKY & ASSOCIATES, LLC

                                        _____
                                        STEPHEN D. APOLINSKY
                                        Georgia Bar No. 020915
                                        TONA L. SHRUM
                                        Georgia Bar No. 558363
                                        Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
    ANA ECKERT )
               )     CIVIL ACTION
      Plaintiffs, )     FILE NO 12CV1534
               )
v. )
               )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
               )
      Defendant. )

## VERIFICATION

    Personally appeared before me the undersigned attesting officer duly authorized to administer oaths comes Daryl Eckert, who, after being duly sworn, deposes and on oath states that the facts contained in the within and foregoing Objections and Responses to Defendant's First Interrogatories to Plaintiff are true and correct.

SO SWORN, this 28 day of _April_ , 2012.

_____
DARYL ECKERT

Sworn to and subscribed
before me this 28 day
of _April_ , 2012.

_____
Notary Public
My Commission Expires _July 2015_

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
) CIVIL ACTION
Plaintiffs, ) FILE NO 12CV1534
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of PLAINTIFF DARRYL ECKERT'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This _____ day of August, 2012.

APOLINSKY & ASSOCIATES, LLC


STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and      )
ANA ECKERT,         )
             )
   Plaintiffs,       )  **CIVIL ACTION FILE NO.:**
             )  **12CV1534**
v.              )
             )
A&D CONTRACTING & MACHINE   )
SHOP, INC. d/b/a A&D CONTRACTING  )
& MACHINE SHOP; AND JOHN DOE 1  )
             )
   Defendants.      )
             )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

  THIS IS TO CERTIFY pursuant to Uniform Rule of State Court 5.2 that I have this day served a copy of the following discovery documents upon opposing counsel in the above-styled action:

1. *Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Responses to Plaintiffs' First Request for Admissions;*
2. *Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Objections and Responses to Plaintiffs' First Interrogatories; and*
3. *Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Objections and Responses to Plaintiffs' First Request for Production of Documents.*

Respectfully submitted this 3rd day of August, 2012.

*Wayne S M*

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting and Machine Shop

*Page 1 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:         mmoffett@grsmb.com
                wmelnick@grsmb.com

*Page 2 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DARRYL ECKERT and<br>ANA ECKERT,          )<br>          )<br>    Plaintiffs,    )<br>          )<br>v.          )<br>          )<br>A&D CONTRACTING & MACHINE    )<br>SHOP, INC. d/b/a A&D CONTRACTING  )<br>& MACHINE SHOP; AND JOHN DOE 1  )<br>          )<br>    Defendants.    )<br>          ) | CIVIL ACTION FILE NO.:<br>12CV1534 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the ***RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS*** upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

Respectfully submitted this 3rd day of August, 2012.

_____
Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting and Machine Shop

*Page 3 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                 wmelnick@grsmb.com

*Page 4 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DARRYL ECKERT and<br>ANA ECKERT, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | 12CV1534 |
| v. | ) | |
| | ) | |
| A&D CONTRACTING & MACHINE | ) | |
| SHOP, INC. d/b/a A&D CONTRACTING | ) | |
| & MACHINE SHOP; AND JOHN DOE 1 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop (hereinafter referred to as "Defendant") and by and through its undersigned counsel and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34 and all applicable Uniform Rules of State Court and responds to the First Request for Production of Documents from Plaintiffs.

Defendant objects to the preamble to said requests to the extent that said preamble seeks to impose duties and obligation upon Defendant in excess of those as required by the Georgia Civil Practice Act, Uniform Rules of Superior Court and/or other applicable law. Defendant shall respond to all said requests in accordance with applicable law.

Defendant further objects to the definitions contained within the preamble to said requests as Defendant states that it shall give all words, terms and phrases their common and normal usage and meaning.

*Page 1 of 8*

PDF created with pdfFactory trial version www.pdffactory.com

To the extent that any said requests propounded seek to impose duties and obligations upon Defendant in excess of those required by the Georgia Civil Practice Act, Uniform Rules of State Court and/or other applicable law, Defendant objects to same. Defendant shall respond to all requests in accordance with applicable law.

Defendant objects to any said requests which seek information in violation of the attorney/client privilege. Defendant further objects to any requests that seek information in violation of Rule 26 of the Georgia Civil Practice Act.

Subject to the foregoing objections and qualifications and any and all other of same as set forth below, Defendant responds as follows:

1.

Please produce any and all documents that support your response to Plaintiffs' First Interrogatories to Defendants, including but not limited to contracts, agreements between you and Tintoria Piana U.S., Inc. to repair the vat lid in 2010 and specifications, instructions or other documents providing instructions as to how the vat lid should be repaired.

**Response:  Defendant objects to this Request on the basis that it is overbroad and unduly vague.  Defendant further objects to this Request on the basis that it seeks the disclosure of certain information protected by attorney/client privilege, was prepared in anticipation of litigation, is excepted from discovery pursuant to the work-product doctrine or is otherwise outside the scope of discovery as contemplated by the Georgia Civil Practice Act.  Subject to and without waiving said objection, Defendant states that it is aware of no such document as it did not perform the maintenance work at issue on the subject vat lid.**

*Page 2 of 8*

PDF created with pdfFactory trial version www.pdffactory.com

2.

Please produce any and all documents that support your answer to Plaintiffs' Complaint, which are not privileged or subject to the work-product doctrine.

**Response:    As Defendant did not perform the maintenance work at issue on the subject vat lid, there are no such documents that are responsive to this request. Defendant refers Plaintiffs to Non-Party Tintoria Piana U.S., Inc. as it is the entity most likely to have documents responsive to this request.**

3.

Please product copies of any and all insurance policies in effect during the time in which Defendant A&D was repairing the vat lid sent for repair by Tintoria Piana U.S., Inc. in 2010. (copies of the declaration pages may be submitted In lieu of the entire policy).

**Response:  As Defendant did not perform the maintenance work at issue on the subject vat lid, there are no such documents that are responsive to this request.**

4.

Please produce any and all photographs videotapes, photographic reproductions or other visual representations of the vat lid sent to Defendant A&D for repair by Tintoria Piana U.S., Inc. in 2010 (color photocopies of such photographs may be produced in lieu of the positive prints).

**Response: As Defendant did not perform the maintenance work at issue on the subject vat lid, there are no such documents that are responsive to this request.**

PDF created with pdfFactory trial version www.pdffactory.com

5.

Please produce any and all diagrams, maps, models, plan, diagrams, or other graphic representations of any kind whatsoever prepared by you or on your behalf that relate to the incident which is the subject of this litigation. Please produce any and all diagrams, maps, models, plan, diagrams, or other graphic representations of any kind whatsoever prepared by you or on your behalf that relate to the incident which is the subject of this litigation.

**Response:  As Defendant did not perform the maintenance work at issue on the subject vat lid, there are no such documents that are responsive to this request.**

6.

Please produce copies of all correspondence, letters, memoranda or other written records or documents provided by you, your agents or by your attorneys to any expert you or your attorney intends to call as a witness at trial.

**Response:  Defendant objects to this request as seeking information that is protected by attorney/client privilege, excepted from discovery by the work-product exception or otherwise beyond the scope of discovery as contemplated by the Georgia Civil Practice Act. Subject to and without waiving said objection, Defendant states that it has not yet determined what expert, if any, it will call as an expert witness in the trial of this case.  Defendant reserve the right to supplement its answer to this interrogatory as necessary and proper pursuant to the Georgia Civil Practice Act.**

PDF created with pdfFactory trial version www.pdffactory.com

7.

Please produce all written and/or transcribed statements pertaining to the vat lid failure, specifically including, but not limited to, any statements provided by the Plaintiffs, Tintoria Piana US., Inc., your employees, agents, representatives or other persons acting on your behalf.

**Response: Defendant objects to this request as seeking information that is protected by attorney/client privilege, excepted from discovery by the work-product exception or otherwise beyond the scope of discovery as contemplated by the Georgia Civil Practice Act. Subject to and without waiving said objection, Defendant states that no such statements are in the care, custody or control of Defendant.**

8.

Please produce copies of all materials, documents and reports prepared by any accident reconstruction experts, safety experts or any other expert contained in your file.

**Response: Response:  Defendant objects to this request as seeking information that is protected by attorney/client privilege, excepted from discovery by the work-product exception or otherwise beyond the scope of discovery as contemplated by the Georgia Civil Practice Act. Subject to and without waiving said objection, Defendant states that there are no such documents in its care, custody or control.**

PDF created with pdfFactory trial version www.pdffactory.com

9.

Please produce copies of all documentary evidence relied upon to demonstrate and support facts relevant to this litigation. E. H. Siler Realty, etc. v. Sanderline,158 Ga. App. 796 (2), 282 S.E. 2d. 381 (1981).

**Response: Defendant objects to this request as E. H. Siler Realty, etc. v. Sanderline,158 Ga. App. 796, 282 S.E. 2d. 381 (1981) has been superseded by Rule and is no longer valid case law in Georgia as stated in Dikeman v. Mary A. Stearns, P.C., 253 Ga. App. 646, 648, 560 S.E.2d 115 (2002).**

Respectfully submitted this 3rd day of August, 2012.

_Wayne S. M_

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:       mmoffett@grsmb.com
              wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
      )
        Plaintiffs, )    CIVIL ACTION FILE NO.:
      )    12CV1534
v. )
      )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
      )
        Defendants. )
      )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS* upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

*Page 7 of 8*

Respectfully submitted this 3rd day of August, 2012.

_Wayn S.M_
Matthew B. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

*Page 8 of 8*

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
 )
      Plaintiffs, )      CIVIL ACTION FILE NO.:
 )      12CV1534
v. )
 )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
 )
      Defendants. )
      _____ )

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

COMES NOW A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop (hereinafter referred to as "Defendant"), and by and through its undersigned counsel and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33 and all applicable Uniform Rules of State Court and responds to the First Interrogatories of Plaintiffs.

Defendant objects to the preamble to said interrogatories to the extent that said preamble seeks to impose duties and obligations upon Defendant in excess of those as required by the Georgia Civil Practice Act, Uniform Rules of Superior Court and/or other applicable law. Defendant shall respond to all said interrogatories in accordance with applicable law.

Defendant further objects to the definitions contained within the preamble to said interrogatories as Defendant states that it shall give all words, terms and phrases their common and normal usage and meaning.

*Page 1 of 13*

PDF created with pdfFactory trial version www.pdffactory.com

To the extent that any said interrogatories propounded seek to impose duties and obligations upon Defendant in excess of those required by the Georgia Civil Practice Act, Uniform Rules of Superior Court and/or other applicable law, Defendant objects to same. Defendant shall respond to all interrogatories in accordance with applicable law.

Defendant objects to any said interrogatories which seek information in violation of the attorney/client privilege. Defendant further objects to any interrogatories that seek information in violation of Rule 26 of the Georgia Civil Practice Act.

Subject to the foregoing objections and qualifications and any and all other of same as set forth below, Defendant responds as follows:

## INTERROGATORIES

### 1.

Please identify by name, address and telephone number all persons who assisted in responding to these interrogatories, omitting defense counsel.

**Response:     Thomas Belisle, Project Engineer. Mr. Belisle can be contacted through undersigned counsel.**

### 2.

Please identify every contract, agreement or other document between Defendant A&D and Tintoria Piana U.S., Inc. that in any way references work to be performed on a vat lid.

**Response:     Defendant objects to this interrogatory as being overly broad and unduly burdensome in that it is restricted neither in time nor to the vat lid that is the subject of the above-styled action. Subject to and without waiving said**

PDF created with pdfFactory trial version www.pdffactory.com

objection, restricting its response to the vat lid at issue, Defendant states that it is aware of no such document as it did not perform the maintenance work at issue on the subject vat lid.

3.

Please identify the name, address, and telephone number of all employees, agents, or other representatives of Defendants that were located on Defendant A&D's premises ("the premises") when the vat lid was being repaired for Tintoria Piana U.S., Inc. sometime during 2010.

**Response:** As Defendant did not repair the vat lid at issue, there is no one that is responsive to this interrogatory.

4.

Please identify each and every person of which you are aware that worked on the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. in 2010.

**Response:** As Defendant did not repair the vat lid at issue, there is no one that is responsive to this interrogatory.

5.

Please identify the name, address, and telephone number of the person acting as the manager, assistant manager, supervisor or assistant supervisor of the premises during the time that the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. was being repaired in 2010.

**Response:** As Defendant did not repair the vat lid at issue, there is no one that is responsive to this interrogatory.

PDF created with pdfFactory trial version www.pdffactory.com

6.

Please state the date that Defendant A&D received the vat lid for repair and the

date Defendant returned the vat lid to Tintoria Piana U.S., Inc. in 2010 — possibly

September.

**Response:  As Defendant did not repair the vat lid at issue, there is no date**

**that is responsive to this interrogatory.**

7.

Please provide a detailed description of the work that was performed on the vat lid

sent to Defendant A&D by Tintoria Piana U.S., Inc. in 2010, and whether the repair was

successfully made.

**Response:  None.  Because Defendant did not repair the vat lid at issue, it**

**cannot state whether the repair was successfully made.**

8.

Please identity all literature, specifications, instructions or other documents that

provided instruction to A&D employees as to how to repair the vat lid sent to Defendant

A&D by Tintoria Piana U.S., Inc. in 2010.

**Response:  As Defendant did not repair the vat lid at issue, none.**

9.

Please provide a detailed description as to how you knew the lid was repaired to

specifications at the time it left Defendant A&D's premises.

**Response:  Defendant objects to this interrogatory as assuming facts in**

**evidence.  Subject to and without waiving said objection, as Defendant did not**

*Page 4 of 13*

PDF created with pdfFactory trial version www.pdffactory.com

repair the vat lid at issue, there is no information that is responsive to this interrogatory.

10.

For each and every admission inn Plaintiffs' Request for Admissions to Defendants that you deny please state the basis of those denials.

**Response: Defendant objects to this interrogatory as it is actually multiple interrogatories impermissibly combined into a single interrogatory. If Plaintiffs wish to ask questions regarding each individually denied request for admission, then they should propound individual interrogatories for each admission request denied. Subject to and without waiving said objections, Defendant states that it did not repair the vat lid at issue, so all requests for admissions assuming the fact that it did were denied.**

11.

Please state each and every fact which supports each and every one of your affirmative defense, raised in your Answer relating to the subject lawsuit.

**Response:     Defendant objects to said interrogatory in that same is actually multiple interrogatories within a single interrogatory and as such is an improper question.  To answer each and every subpart of this interrogatory might place the total number of interrogatories in violation of the limits on the total number of interrogatories allowed pursuant to Georgia Civil Practice Act.  As the first affirmative defense answers each paragraph of the Complaint individually, the affirmative defense alone actually contains 22 subparts.  If Plaintiffs wish to provide individual interrogatories for each specific defense about which he seeks factual**

PDF created with pdfFactory trial version www.pdffactory.com

information, and same does not exceed the total number of interrogatories allowed pursuant to Georgia Civil Practice Act, Defendant will supplement its responses as necessary and required. Subject to and without waiving said objections, Defendant states that it did not repair the vat lid at issue, so all paragraphs making that allegation or the related allegation that Defendant performed any work on the subject vat lid in a negligent manner were denied.

12.

For each and every one of your responses to Plaintiffs' complaint, please state each and every fact which supports your response.

Response:  Defendant objects to said interrogatory in that same is actually multiple interrogatories within a single interrogatory and as such is an improper question.  To answer each and every subpart of this interrogatory might place the total number of interrogatories in violation of the limits on the total number of interrogatories allowed pursuant to Georgia Civil Practice Act.  If Plaintiffs wish to provide individual interrogatories for each specific defense about which he seeks factual information, and same does not exceed the total number of interrogatories allowed pursuant to Georgia Civil Practice Act, Defendant will supplement its responses as necessary and required. Subject to and without waiving said objections, Defendant states that it did not perform the maintenance work on the vat lid at issue.  Defendant reserves the right to supplement its response to this interrogatory as necessary and proper pursuant to the Georgia Civil Practice Act.

PDF created with pdfFactory trial version www.pdffactory.com

13.

If you contend that you are not a proper party in this lawsuit, please state the reasons why and identify entity who is the proper party.

**Response: As Defendant did not perform the maintenance work on the subject vat lid, it is not a proper party to this lawsuit. Because Defendant does not know who did perform the work at issue, it cannot identify who is the proper party. Defendant refers Plaintiffs to Non-Party Tintoria Piana U.S., Inc. as it is the entity that most likely has the information sought.**

14.

Please identify any and all verbal and/or written warnings you gave to your invitees, licensees, employees, or other persons regarding the failure of the vat lid sent to you for repair by Tintoria Piana, U.S., Inc. in 2010.

**Response: The subject vat lid was not sent to Defendant for repair by Tintoria Piana, U.S., Inc. in 2010 and Defendant did not repair the subject vat lid. As such, there is no information that is responsive to this interrogatory.**

15.

Do you contend that Plaintiff Darryl Eckert had knowledge that the vat lid would fail? If so, then please identify what the knowledge was and when he received that knowledge.

**Response: As Defendant did not repair the vat lid at issue, Defendant is unaware of any knowledge Plaintiff Darryl Eckert had that the vat lid at issue would fail. Defendant reserves the right to supplement its response to this interrogatory as necessary and proper pursuant to the Georgia Civil Practice Act.**

PDF created with pdfFactory trial version www.pdffactory.com

16.

Do you contend that Plaintiff Darryl Eckert had waning that the vat lid would fail? If so, please identify what that warning was, how he received the warning, who communicated that warning to Plaintiff, and when he received that warning.

**Response:  As Defendant did not repair the vat lid at issue, Defendant is unaware of any warnings Plaintiff Darryl Eckert had that the vat lid at issue would fail inclusive of who provided him such warnings and how and when such warnings were provided.  Defendant reserves the right to supplement its response to this interrogatory as necessary and proper pursuant to the Georgia Civil Practice Act.**

17.

Do you, your attorney, insurance carrier, their representatives, or anyone acting in your behalf or their behalf, have any still photographs, motion pictures, video tapes, drawings or other graphic representations, or know of anyone who claims to possess any photographs, motion pictures, video tapes, drawings or other graphic representations of the vat lid both prior to the repair and subsequent to the repair?

**Response:  No.**

18.

If your answer to the foregoing interrogatory was in the affirmative, please identify and describe each photograph, motion picture, video tape, drawing, or other graphic representation as follows:

(a)  the subject matter of each, Including the angle of the view and whether it was prior to or subsequent to repair,

PDF created with pdfFactory trial version www.pdffactory.com

(b) the name, business and residence address, arid telephone number of each person who took, made or prepared each;

(c) the total number still photographs, motion pictures, video tapes, drawings or other graphic representations;

(d) the date each was taken or made;

(e) the name, address and telephone number of the custodian of each; and,

(f) whether, the subject matter represented therein differs in any way from the conditions existing immediately after the Vat lid failed (if yes, describe all changes or differences In detail).

**Response: Not applicable as the previous answer was not in the affirmative.**

### 19.

Does any insurance agreement and/or indemnity agreement exist covering yourself and/or the vat lid involved in this suit?

**Response: Yes.**

### 20.

If the answer to the foregoing interrogatory is yes, please state:

(a) the type of policy;

(b) the name and address of the insurer;

(c) the policy number;

(d) the name and address of the person or persons injured;

(e) the effective date of coverage; and

(f) the limits of coverage provided by such agreement.

PDF created with pdfFactory trial version www.pdffactory.com

Response: Defendant is in the process of obtaining this information and will supplement it upon receipt as necessary and proper pursuant to the Georgia Civil Practice Act.

21.

Please identify each person whom you expect to call as an expert witness in the trial of this case, stating the subject matter upon which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify, and a summary of the grounds for each such opinion.

Response: Defendant objects to this interrogatory as seeking information that is protected by attorney/client privilege, excepted from discovery by the work-product exception or otherwise beyond the scope of discovery as contemplated by the Georgia Civil Practice Act. Subject to and without waiving said objection, Defendant states that it has not yet determined what expert, if any, it will call as an expert witness in the trial of this case. Defendant reserve the right to supplement its answer to this interrogatory as necessary and proper pursuant to the Georgia Civil Practice Act.

Respectfully submitted this 3rd day of August, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                    wmelnick@grsmb.com

*Page 11 of 13*

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
### STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
  )
    Plaintiffs, )    CIVIL ACTION FILE NO.:
  )    12CV1534
v. )
  )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
  )
    Defendants. )
  )

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES* upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 3rd day of August, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                 wmelnick@grsmb.com

*Page 13 of 13*

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
             )
    Plaintiffs, )    CIVIL ACTION FILE NO.:
             )    12CV1534
v. )
             )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
             )
    Defendants. )
             )

## DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a  A&D CONTRACTING AND MACHINE SHOP'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

COMES NOW A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting

and Machine Shop (hereinafter referred to as "Defendant"), and by and through its

undersigned counsel and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36 and all applicable

Uniform Rules of State Court and responds to the *Request for Admissions* from Plaintiffs.

1.

Admit that Defendant A&D has been served with process.

**Response:**    **Admitted as stated.**

2.

Admit the Defendant A&D is subject to the jurisdiction and venue of this

Court.

**Response:**    **Admitted as stated.**

PDF created with pdfFactory trial version www.pdffactory.com

3.

Admit that Defendant A&D is a proper party to this lawsuit.

**Response:**     **Denied as stated.**

4.

Admit that in 2010, Tintoria Piana U.S., Inc. sent a vat lid to Defendant A&D to be repaired.

**Response:**     **Denied as stated.**

5.

Admit that Defendant A&D negligently repaired the vet lid.

**Response:**     **Denied as stated.**

6.

Admit that on September 27, 2010, the vat lid failed due to the negligent repair by Defendant A&D.

**Response:**     **Denied as stated.**

7.

Admit that Plaintiff Darryl Eckert suffered injuries and damages as a result of Defendant A&D's negligence.

**Response:**     **Denied as stated.**

8.

Admit that Plaintiff Ana Eckert suffered damages as a result of Defendant A&D's negligence.

**Response:**     **Denied as stated.**

PDF created with pdfFactory trial version www.pdffactory.com

9.

Admit that Defendant A&D is liable for all injuries and damages suffered

Plaintiffs, which occurred as a result of Defendant A&D's negligence.

**Response:**     **Denied as stated.**

Respectfully submitted this 3ʳᵈ day of August, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
    Plaintiffs, )     CIVIL ACTION FILE NO.:
)     12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
    Defendants. )
)

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served a copy of the ***DEFENDANT A&D***

***CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND***

***MACHINE SHOP'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR***

***ADMISSIONS*** upon all counsel of record by depositing same in the United States mail in

a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 3rd day of August, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting and
Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:        mmoffett@grsmb.com
                wmelnick@grsmb.com

*Page 5 of 5*

PDF created with pdfFactory trial version www.pdffactory.com



# GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.
## ATTORNEYS AT LAW

950 EAST PACES FERRY ROAD
1700 ATLANTA PLAZA
ATLANTA, GEORGIA 30326

(404) 870-7430 (Telephone)
(404) 870-1020 (Facsimile)
rmitschele@grsmb.com (E-mail)

July 27, 2012

Clerk of Bartow County Superior Court
Bartow County Courthouse
(Frank Moore Administration Building and Judicial Center)
135 West Cherokee Avenue
Cartersville, Georgia 30120

> **Re:** **Darryl Eckert and Ana Eckert v. A&D Contracting & Machine Shop,**
> **Inc. d/b/a A&D Contracting and Machine Shop, et al.**
> **Superior Court of Bartow County, State of Georgia**
> **Civil Action File Number: 12CV1534**

Dear Sir or Madam:

With regard to the above-referenced matter, enclosed please find an original and two (2) copies of the *RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL (Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Request for Production of Documents to a Non-Party, Tintoria Piana, US, Inc.)*

Please file the enclosed and return to me the stamped, filed copies in the self-addressed, stamped envelope provided herein.

Thank you for your kind assistance in this matter, and please let me know if you have any questions concerning the above.

Sincerely,

Rhonda Gargis Mitschele
Paralegal Supervisor to Matthew G. Moffett and
Wayne S. Melnick

RGM:sos
Enclosures
cc:   Stephen D. Apolinsky, Esq.
      Tona L. Shrun, Esq.

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DARRYL ECKERT and <br> ANA ECKERT,        ) <br> ) <br> Plaintiffs,        ) <br> ) <br> v.        ) <br> ) <br> A&D CONTRACTING & MACHINE ) <br> SHOP, INC. d/b/a A&D CONTRACTING ) <br> & MACHINE SHOP; AND JOHN DOE 1 ) <br> ) <br> Defendants.        ) <br> ) | CIVIL ACTION FILE NO.: <br> 12CV1534 |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

THIS IS TO CERTIFY pursuant to Uniform Rule of Superior Court 5.2 that I have this day served a copy of the following discovery documents upon all counsel of record in the above-styled action:

1.  *Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's Request for Production of Documents to a Non-Party:*

    a)  *Tintoria Piana U.S., Inc.*

Respectfully submitted this 27th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

*Page 1 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

*Page 2 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
    Plaintiffs, )    CIVIL ACTION FILE NO.:
) 12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
    Defendants. )
)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *RULE 5.2 CERTIFICATE OF*

*SERVICE OF DISCOVERY MATERIAL* upon all counsel of record by depositing same in the

United States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

Respectfully submitted this 27th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

*Page 3 of 4*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:          mmoffett@grsmb.com
                    wmelnick@grsmb.com

*Page 4 of 4*



## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and  )
ANA ECKERT,  )
 )
 Plaintiffs,  )  CIVIL ACTION FILE NO.:
 )  12CV1534
v.  )
 )
A&D CONTRACTING & MACHINE  )
SHOP, INC. d/b/a A&D CONTRACTING  )
& MACHINE SHOP; AND JOHN DOE 1  )
 )
 Defendants.  )
 )

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a  A&D CONTRACTING AND MACHINE SHOP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY

TO:  Tintoria Piana U.S., Inc.
 C/O Registered Agent Mark Schiff
 220 S. Erwin Street
 Cartersville, Georgia 30120

*Attn: Records Custodian*

COMES NOW, Defendant in the above-styled matter, and serve upon you a request for production of documents pursuant to O.C.G.A., § 9-11-34(c) you are hereby requested to produce the following documents for inspection and copying at the offices of Matthew G. Moffett and Wayne S. Melnick, with GRAY, RUST, ST. AMEND, MOFFETT, BRIESKE, LLP, 1700 Atlanta Plaza, 950 East Paces Ferry Road, Atlanta, Georgia 30326. Please do not produce the records sooner than **twenty (20) days** from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within that period of time, the above-referenced statute directs you to promptly comply with this request.

*Page 1 of 6*

PDF created with pdfFactory trial version www.pdffactory.com

<u>In lieu of personal production, photocopies of the documents may be mailed to the above-referenced address on or before the thirtieth (30th) day from receipt, to the attention of Matthew G. Moffett.</u>

As used herein, the term "document" shall mean the original of every writing or record of every type and description that is in your actual and/or constructive possession, custody or control.   The material shall include but not limited to the following:   correspondence, memorandum, stenographic and hand-written notes, studies, publications, books, pamphlets, voice recording(s), reports, minutes, telegrams, telexes, memoranda of agreement, diaries, calendars, invoices, bills, summaries, checks, wage histories, employment contracts, personnel file and medical records. The request includes every copy of such document whether or not the original is in your possession, custody or control. Any document bearing on any side thereof any marks, such as (but not limited to) initials, stamped indicia, comments or notations, of any character, and not a part of the original text or photographic reproduction thereof, is to be considered and produced as a separate document.

The documents to be produced are as follows:

## 1.

Any and all documents related to or referencing employee Darryl Eckert, which includes but is not limited to the following:

(a)   Any and all documents regarding or relating to any workers compensation claims filed by or on behalf of Darryl Eckert including but not limited any documents related to the claim regarding the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010;

(b)   Any and all documents regarding or relating to any disability claim(s), short-term, long-term, permanent or otherwise, filed by or on behalf of Darryl Eckert;

PDF created with pdfFactory trial version www.pdffactory.com

(c)   The complete personnel file regarding Darryl Eckert for all dates of employment, including employment evaluations, training and certification documents, records of wages paid, disciplinary actions taken, hiring and termination or resignation documents; and

(d)   Any and all documents that are in your possession, custody and/or control regarding the employment of Darryl Eckert.

2.

Please produce any and all documents, materials and items in your custody, possession and control regarding repairs made to the vat lid involved in the above-referenced lawsuit that allegedly was involved with the claimed injury to Darryl Eckert on or about September 27, 2010, including but not limited to all work orders, all receipts for payments of repairs, and all correspondence, letters and emails pertaining to said repairs, as well as all documents received by you or generated by you and any of your representatives of your company regarding the employees, contractors and/or any other individuals who repaired the vat lid,, as well as any other documents contained in your file concerning the vat lid in question beginning from January 1, 2010 to present.

3.

Please produce a copy of the OSHA incident report related to or otherwise completed or provided as a result of the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010, as well as all forms and documents completed regarding the injuries related to the subject incident.

4.

Please produce a copy of your OSHA 300 log that references the subject incident allegedly resulting in injury to Darryl Eckert on or about September 27, 2010, as well as

*Page 3 of 6*

PDF created with pdfFactory trial version www.pdffactory.com

any other correspondence and/or documentation regarding the log that is in your

possession, custody and control.

**5.**

Please produce a copy of any and all documents regarding any and all investigations

regarding the subject incident allegedly resulting in injury to Darryl Eckert on or about

September 27, 2010, including any and all photographs, correspondence, emails or other

documents produced and/or received by you regarding any and all investigations regarding

the subject incident.

Respectfully submitted this 27th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                    wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
Plaintiffs, )          CIVIL ACTION FILE NO.:
)                 12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
Defendants. )
)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D*

*CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE*

*SHOP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY* upon all

counsel of record by depositing same in the United States mail in a properly addressed envelope

with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

Respectfully submitted this 27th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

*Page 5 of 6*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:        mmoffett@grsmb.com
              wmelnick@grsmb.com

*Page 6 of 6*

PDF created with pdfFactory trial version www.pdffactory.com



IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
Plaintiffs, )          CIVIL ACTION FILE NO.:
)          12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
Defendants. )
)

_____

## DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF ANA ECKERT

COMES NOW Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop (hereinafter referred to as "Defendant") pursuant to O.C.G.A. § 9-11-26 and § 9-11-34, and requires **Plaintiff Ana Eckert** herein to produce all documents, materials, and items requested below within the time period prescribed by the Georgia Civil Practice Act and uniform rules of this Court at the offices of the undersigned counsel. In lieu of a formal production session, Plaintiff may mail copies of the requested documents, materials, and items to the undersigned counsel of record for Defendant within the aforementioned time period prescribed by the aforementioned authorities.

PDF created with pdfFactory trial version www.pdffactory.com

# DEFINITIONS

1. **"Person" or "Persons"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

2. **"Identify"** with respect to any "person" who is an individual means to provide the name, present and/or last known address, present and last known residence telephone number, present or last known employee or business affiliation and present and last known business telephone number.

3. **"Identify"** with respect to an institution, business, group or other organization means to provide the current or last known complete name, address and telephone number.

4. **"Document"** means every writing or record of every type or description that is or has been in your possession, control or custody, or of which you have knowledge including but not limited to, correspondence, memoranda, tapes, e-mails, facsimiles, stenographic or handwritten notes, studies, test reports, publications, books, pamphlets, pictures, drawings, photographs, computer records, invoices, purchase orders, shipping orders, bills of laden, acknowledgments, laboratory or other reports, surveys, diagrams, plans or specifications, work orders, inspection reports, quality control reports and any other writing of any kind or nature.

5. **"Identify"** with respect to any "document" means to provide (without regard to whether the document is privileged or subject to claim of privilege) the title or other means of identification of such document, the date authored, all copies, the names and addresses of any and all persons with custody, control or possession of each such document or copies thereof.

PDF created with pdfFactory trial version www.pdffactory.com

6.   **"You"**, **"Your"** or **"Plaintiff"** refers to **Plaintiff Ana Eckert**, her representatives, and agents and when appropriate Plaintiff's attorneys.

7.   **"Occurrence", "Incident"** or **"Accident"** refers to the facts alleging liability of all defendants as set forth in Plaintiff's *Complaint for Damages.*

The documents, materials and items requested for you to produce are as follows:

### 1.

All documents upon which you rely to support or prove any claim you make in this case for lost wages, including all documents which show your date of absence from work during any period you claim you were unable to work due to the injury your spouse alleges resulted from the accident at issue, as well as those documents which show the amount of money you did or did not receive from your employer during this period of time, and your rate of pay or salary immediately prior to said accident.

If you are claiming lost wages in this case or otherwise damages based upon an alleged inability to work or labor, please produce your income tax returns both federal and state for the five (5) years preceding the accident or event at issue, and for all years subsequent thereto.

### 2.

All documents upon which you rely in support of or to prove your claims of special damages you assert in this case.

### 3.

Any documents from any individual or entity claiming a lien or such other claim against any settlement or judgment you may recover or secure from the defendant in this case at issue.  This request specifically seeks documentation with respect to hospital

PDF created with pdfFactory trial version www.pdffactory.com

liens, Medicaid or Medicare liens or claims, government liens or claims, and all liens or claims of healthcare providers or ERISA plans, as well as employer/insurer liens or claims arising from worker's compensation benefits provided or paid.

4.

All lawsuits filed by you or against you as well as any bankruptcy petitions or orders of discharge.

5.

The transcripts of any and all depositions or trial testimony given by you in any civil or criminal action, either prior to or subsequent to the accident which forms the subject of your Complaint in this case.

6.

Any release or settlement documents you have executed with respect to any prior claims you made or legal actions you filed against any individual or entity with respect to personal injuries or loss of consortium, including any or all worker's compensation claims or actions.

7.

Any document which shows the classification of your discharge from the Armed Forces of any nation, country or state, as well as a copy of all documents evidencing any court marital against you.

8.

Any document evidencing any felony conviction, non-adjudication, First Offender treatment or other conviction for a crime of moral turpitude, pertaining to you and such documents evidencing guilty pleas or pleas of nolo contendere to the foregoing.

PDF created with pdfFactory trial version www.pdffactory.com

9.

Any and all written or recorded statements given by you to anyone, excluding your attorneys, concerning the accident which forms the subject of your Complaint in this case or with respect to the alleged injuries sustained by your spouse in this accident.

10.

Any and all written or recorded statements given by any other party to this action or any witness to the accident or the consequences of the accident which forms the subject of your Complaint in this action.

11.

Any and all videos, films, photographs, drawings, sketches or diagrams of the scene wherein this accident allegedly occurred, the vehicles involved in said accident, or the injuries your spouse claims to have received in said accident.

12.

Any and all reports or documents generated by all expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as an expert witness for the purpose of testifying at the trial of this case.

13.

A copy of any and every post, blog or other online statements you or anyone else of whom you are aware has made regarding the allegations made in your Complaint for Damages.

PDF created with pdfFactory trial version www.pdffactory.com

14.

A copy of any and all documents that in any way evidences (whether providing support or contradicting in any way) your allegations that Defendant or any of its employees repaired the vat lid at issue.

15.

Any and all other documents, items, materials or things identified by you in your responses to <u>Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's  First Continuing Interrogatories to Plaintiff.</u>

16.

Any and all documents, items, materials and/or things referred to by you or which served to assist you in preparing your responses to <u>Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's  First Continuing Interrogatories to Plaintiff.</u>

Respectfully submitted this 25th day of July, 2012.

Matthew/G. Moffett
State Bar No.: 515323
Wayne S. Melnick.
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:         mmoffett@grsmb.com
                wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and                    )
ANA ECKERT,                          )
                                     )
    Plaintiffs,             )          CIVIL ACTION FILE NO.:
                                     )          12CV1534
v.                                   )
                                     )
A&D CONTRACTING & MACHINE            )
SHOP, INC. d/b/a A&D CONTRACTING     )
& MACHINE SHOP; AND JOHN DOE 1       )
                                     )
    Defendants.             )
                                     )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D*

*CONTRACTING & MACHINE SHOP, INC. d/b/a  A&D CONTRACTING AND*

*MACHINE SHOP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO*

*PLAINTIFF ANA ECKERT* upon all counsel of record by depositing same in the United

States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 25th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                 wmelnick@grsmb.com

*Page 9 of 9*

PDF created with pdfFactory trial version www.pdffactory.com



IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
 )
    Plaintiffs, )    **CIVIL ACTION FILE NO.:**
 )    **12CV1534**
v. )
 )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
 )
    Defendants. )
 )

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF DARRYL ECKERT

COMES NOW Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D

Contracting and Machine Shop (hereinafter referred to as "Defendant") pursuant to O.C.G.A. §

9-11-26 and § 9-11-34, and requires **Plaintiff Darryl Eckert** herein to produce all documents,

materials, and items requested below within the time period prescribed by the Georgia Civil

Practice Act and uniform rules of this Court at the offices of the undersigned counsel. In lieu of a

formal production session, Plaintiff may mail copies of the requested documents, materials, and

items to the undersigned counsel of record for Defendant within the aforementioned time period

prescribed by the aforementioned authorities.

*Page 1 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

## DEFINITIONS

1. **"Person" or "Persons"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

2. **"Identify"** with respect to any "person" who is an individual means to provide the name, present and/or last known address, present and last known residence telephone number, present or last known employee or business affiliation and present and last known business telephone number.

3. **"Identify"** with respect to an institution, business, group or other organization means to provide the current or last known complete name, address and telephone number.

4. **"Document"** means every writing or record of every type or description that is or has been in your possession, control or custody, or of which you have knowledge including but not limited to, correspondence, memoranda, tapes, e-mails, facsimiles, stenographic or handwritten notes, studies, test reports, publications, books, pamphlets, pictures, drawings, photographs, computer records, invoices, purchase orders, shipping orders, bills of laden, acknowledgments, laboratory or other reports, surveys, diagrams, plans or specifications, work orders, inspection reports, quality control reports and any other writing of any kind or nature.

5. **"Identify"** with respect to any "document" means to provide (without regard to whether the document is privileged or subject to claim of privilege) the title or other means of identification of such document, the date authored, all copies, the names and addresses of any and all persons with custody, control or possession of each such document or copies thereof.

6. **"You", "Your" or "Plaintiff"** refers to Plaintiff **Darryl Eckert**, his representatives, and agents and when appropriate Plaintiff's attorneys.

*Page 2 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

7.    **"Occurrence"**, **"Incident"** or **"Accident"** refers to the facts alleging liability of all defendants as set forth in Plaintiff's *Complaint for Damages*.

The documents, materials and items requested for you to produce are as follows:

1.

Any and all records and bills pertaining to treatment(s) rendered to Plaintiff by any hospital, clinic, health care provider, physician, or other practitioner of the healing arts for the alleged injuries sustained by Plaintiff as a result of the incident which forms the subject of Plaintiff's *Complaint for Damages* in this case.

2.

All documents upon which you rely to support or prove any claim you make in this case for lost wages, including all documents which show your date of absence from work during any period you claim you were unable to work due to the injury you allege resulted from the incident at issue, as well as those documents which show the amount of money you did or did not receive from your employer during this period of time, and your rate of pay or salary immediately prior to said accident.

If you are claiming lost wages in this case or otherwise damages based upon an alleged inability to work or labor, please produce your income tax returns both federal and state for the five (5) years preceding the accident or event at issue, and for all years subsequent thereto.

3.

All documents upon which you rely in support of or to prove your claims of special damages you assert in this case.

*Page 3 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

4.

Any documents from any individual or entity claiming a lien or such other claim against any settlement or judgment you may recover or secure from the defendant in this case at issue.  This request specifically seeks documentation with respect to hospital liens, Medicaid or Medicare liens or claims, physician's practice liens, traumatic burn care center liens, government liens or claims, and all liens or claims of healthcare providers or ERISA plans, as well as employer/insurer liens or claims arising from worker's compensation benefits provided or paid.

5.

A copy of all lawsuits filed by you or against you as well as any bankruptcy petitions or orders of discharge.

6.

The transcripts of any and all depositions or trial testimony given by you in any civil or criminal action, either prior to or subsequent to the accident which forms the subject of your *Complaint for Damages* in this case.

7.

Any release or settlement documents you have executed with respect to any prior claims you made or legal actions you filed against any individual or entity with respect to personal injuries, including any or all worker's compensation claims or actions.

PDF created with pdfFactory trial version www.pdffactory.com

8.

Any document which shows the classification of your discharge from the Armed Forces of any nation, country or state, as well as a copy of all documents evidencing any court marital against you.

9.

Any document evidencing any felony conviction, non-adjudication, First Offender treatment, withholding of adjudication or other conviction for a crime of moral turpitude, pertaining to you and such documents evidencing guilty pleas or pleas of nolo contendere to the foregoing.

10.

Any and all written or recorded statements given by you to anyone, excluding your attorneys, concerning the incident which forms the subject of your Complaint in this case or with respect to the alleged injuries sustained by you in this incident.

11.

Any and all written or recorded statements given by any other party to this action or any witness to the incident or the consequences of the incident which forms the subject of your Complaint in this action.

12.

Any and all videos, films, photographs, drawings, sketches or diagrams detailing the alleged occurrence of this incident or the alleged injuries you claim to have received in said incident.

*Page 5 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

13.

Any and all reports or documents generated by all expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as an expert witness for the purpose of testifying at the trial of this case.

14.

Any and all documents or other tangible things evidence any prescriptions or medications supplied to you (whether legally or illegally) and imbibed or otherwise consumed by you within the twenty-four (24) hours immediately prior to the subject incident. To the extent your response does not otherwise identify any and all documents or other tangible things identified in your response to Interrogatory Number 21, please produce all documents evidencing any item identified in your response to Interrogatory Number 21.

15.

A copy of any and every post, blog or other online statements you or anyone else of whom you are aware has made regarding the allegations made in your Complaint for Damages.

16.

A copy of any and all documents that in any way evidences (whether providing support or contradicting in any way) your allegations that Defendant or any of its employees repaired the vat lid at issue.

PDF created with pdfFactory trial version www.pdffactory.com

17.

Any and all other documents, items, materials or things identified by you in your responses to Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's First Continuing Interrogatories to Plaintiff.

18.

Any and all documents, items, materials and/or things referred to by you or which served to assist you in preparing your responses to Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop's  First Continuing Interrogatories to Plaintiff.

Respectfully submitted this 25th day of July, 2012.

_Wayn S. Mh_

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

*Page 7 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
 )
  Plaintiffs, )  CIVIL ACTION FILE NO.:
 )  12CV1534
 )
v. )
 )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
 )
  Defendants. )
 )

## CERTIFICATE OF SERVICE

  This is to certify that I have this day served a copy of the *DEFENDANT A&D*

*CONTRACTING & MACHINE SHOP, INC. d/b/a  A&D CONTRACTING AND MACHINE*

*SHOP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF*

*DARRYL ECKERT* upon all counsel of record by depositing same in the United States mail in a

properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

*Page 8 of 9*

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 25th day of July, 2012.

_____

Matthew Q. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:       mmoffett@grsmb.com
              wmelnick@grsmb.com

*Page 9 of 9*

PDF created with pdfFactory trial version www.pdffactory.com



## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
  Plaintiffs, )  **CIVIL ACTION FILE NO.:**
)  **12CV1534**
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
  Defendants. )
)

---

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF ANA ECKERT

COMES NOW Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop (hereinafter referred to as "Defendant") and pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 requires **Plaintiff Ana Eckert** to answer under oath the following interrogatories, the answers to be served upon defendant's attorneys of record, Matthew G. Moffett and Wayne S. Melnick, within the time period prescribed by O.C.G.A. § 9-11-26, § 9-11-33 and the uniform rules of the court in which this case now pends.

Unless otherwise indicated, the following interrogatories and the accident mentioned in them, refer to the time, place, and circumstances of the accident which is complained of in the *Complaint for Damages* filed in this action. The word "accident" as herein contained is not used in the legal sense, but rather in the lay meaning as the incident which is the subject matter of this lawsuit.

PDF created with pdfFactory trial version www.pdffactory.com

Where knowledge or information in the possession or control of Plaintiff is requested or inquired of, such request or inquiry includes knowledge or information in the possession or control of or by Plaintiff's agents, representatives, and unless privileged, Plaintiff's attorneys.

## DEFINITIONS

1. **"Person" or "Persons"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

2. **"Identify"** with respect to any "person" who is an individual means to provide the name, present and/or last known address, present and last known residence telephone number, present or last known employee or business affiliation and present and last known business telephone number.

3. **"Identify"** with respect to an institution, business, group or other organization means to provide the current or last known complete name, address and telephone number.

4. **"Document"** means every writing or record of every type or description that is or has been in your possession, control or custody, or of which you have knowledge including but not limited to, correspondence, memoranda, tapes, E-mails, facsimiles, stenographic or handwritten notes, studies, test reports, publications, books, pamphlets, pictures, drawings, photographs, computer records, invoices, purchase orders, shipping orders, bills of laden, acknowledgments, laboratory or other reports, surveys, diagrams, plans or specifications, work orders, inspection reports, quality control reports and any other writing of any kind or nature.

5. **"Identify"** with respect to any "document" means to provide (without regard to whether the document is privileged or subject to claim of privilege) the title or other means of identification of such document, the date authored, all copies, the

PDF created with pdfFactory trial version www.pdffactory.com

names and addresses of any and all persons with custody, control or possession of each such document or copies thereof.

6.     **"You", "Your" or "Plaintiff"** refers to **Plaintiff Ana Eckert**, her representatives, and agents and when appropriate Plaintiff's attorneys.

7.     **"Occurrence", "Incident" or "Accident"** refers to the facts alleging liability of all defendants as set forth in Plaintiff's *Complaint for Damages*.

The following interrogatories are continuing in character so as to require Plaintiff to file supplemental answers as soon as Plaintiff or Plaintiff's attorney, representatives and/or agents obtain further information relative to these interrogatories.

### 1.

Please state your full name, all other names by which you have been known, and when and where you were known thereby, address, date of birth, place of birth, social security number, and driver's license number. If you are now married or have at any time subsequent to the accident been married under any law, please state the name, address and telephone number of said spouse or spouses, and dates of marriage, and divorce if applicable.

### 2.

Please list the names and dates of birth of all children of the marriage, if any.

### 3.

Describe in detail how you have been and/or will be deprived of your spouse's full society, care, comfort and consortium as alleged in your Complaint for Damages.

PDF created with pdfFactory trial version www.pdffactory.com

4.

With regard to each and every activity engaged in by you and your spouse, before the incident which is the subject of this litigation, and which you claim has been impaired or discontinued as a result of the incident, state in detail:

(a) a description of each such activity;

(b) the frequency with which you and your spouse engaged in each such activity before the incident;

(c) all periods of time during which you have been unable to engage in each such activity as a result of the incident; and

(d) the basis upon which you claim that impairment of each such activity will continue.

5.

Please state the name and address of each person who participated with you and your spouse on a regular basis in any of the activities set forth in your previous answer.

6.

If you are making a claim for loss of your spouse's services for any period following the incident, describe in detail each such service for which you are making claim and the period of time during which each such service was lost to you.

7.

Itemize in detail the value of each such service referred to in your previous answer.

PDF created with pdfFactory trial version www.pdffactory.com

8.

Itemize in detail every other financial loss, hardship, or expense you claim to have incurred as a result of the incident.

9.

Describe in detail any responsibilities you have had to assume as a result of the incident which were previously attended to by your spouse and the periods during which you have had to assume each such responsibility.

10.

Itemize in detail the value of each such responsibility referred to in your previous answer.

11.

If either you or your spouse were married before your marriage to one another, identify the name and present address of any such prior spouse, and the inclusive dates of any such marriage.

12.

If you claim that there has been a decrease in the frequency of sexual relations between you and your spouse as a result of the incident, state in detail:

(a) a description of the decrease in frequency;

(b) the periods during which there has been any decrease in frequency; and

(c) the reason or reasons for each period during which frequency of your sexual relations decreased, including those periods where a decrease occurred as a result of medical advice.

PDF created with pdfFactory trial version www.pdffactory.com

13.

State whether you and your spouse encountered marital difficulties, considered divorce or separation at any time, or sought marriage counseling of any nature, from the date of your marriage to the present.

14.

State whether you and your spouse ever lived separate and apart from the date of your marriage to the present, and for each such occasion, state in detail the reasons therefore.

15.

As to each medical professional or counselor consulted by you and/or your spouse at any time from the date of your marriage to the present, state the name and professional address of each such professional and the dates of all visits and/or consultations.

16.

Set forth each activity which you have not previously described in your answers to these interrogatories in which you and your spouse jointly participated before the incident and which you claim has been impaired or discontinued as the result of the incident, and with regard to each detail:

(a) a complete description of each such activity;

(b) the frequency with which you and your spouse participated in each such activity before the incident;

(c) the frequency with which you and your spouse have participated in each such activity since the incident;

PDF created with pdfFactory trial version www.pdffactory.com

(d) the reason(s) for the impairment or discontinuance of each such activity; and

(e) when you reasonably anticipate that you and your spouse will be able to resume each such activity.

17.

For each activity that you have described in your answers to these interrogatories and in which you and your spouse jointly participated before the incident and which you claim has been impaired or discontinued as a result of the incident, describe each such activity in which you have continued to participate without your spouse.

18.

Concerning your employment over the last five (5) years, please state the name(s) and address(es) of all employers, dates of employment, job titles, rates of pay, and reasons for resignation or termination.

19.

Describe each injury and/or ailment, both physical and psychological, which you claim that your spouse has suffered as a result of the incident, specifying the bodily parts affected, severity of each such injury or ailment and the duration of each.

20.

With regard to each health care provider who has treated your spouse since the date of the incident; state:

(a) the identity and business address of each,

(b) the specialty of each;

(c) the period during which each treated your spouse;

(d) the nature of the treatment rendered;

PDF created with pdfFactory trial version www.pdffactory.com

(e) all charges rendered by each such provider for which a claim is made in this litigation; and

(f) the present status of each such charge, including, but not limited to, those which remain outstanding; those for which you have paid personally; and those which have been paid for or presented to an insurance carrier for payment.

21.

With regard to each health care provider with whom your spouse treated for any physical or psychological problem during the period five years preceding the incident, state:

(a) the identity and business address of each;

(b) the specialty of each,

(c) the period during which each treated your spouse; and

(d) the nature of the treatment rendered.

22.

Describe in detail any change which has occurred in your spouse's personality, attitude, manner, state of mind, and/or emotional state from the time of the incident to the present.

23.

Describe each and every emotional injury, if any, which you claim you have suffered as a result of your spouse's injury, and with regard to each, state:

(a) the identity of each health care provider with whom you have treated and/or consulted; and

PDF created with pdfFactory trial version www.pdffactory.com

(b) the period during which you experienced each; (c) whether any such emotional injury has manifested itself physically.

24.

With respect to paragraph 3 of your <u>Complaint</u> wherein you allege that "During 2010, Tintoria Piana U.S., Inc. hired Defendant A&D to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure" please provide the following information:

    (a)    state all facts upon which you rely in support of said allegations;

    (b)    identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

    (c)    identify and describe any document or material containing facts upon which you rely in support of said allegations; and

    (d)    identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

25.

With respect to paragraph 9 of your <u>Complaint</u> wherein you allege that "Defendant owed a duty to Plaintiffs to complete their work in a non-negligent manner" please provide the following information:

    (a)    state all facts upon which you rely in support of said allegations;

    (b)    identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

    (c)    identify and describe any document or material containing facts upon which you rely in support of said allegations; and

PDF created with pdfFactory trial version www.pdffactory.com

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

26.

With respect to paragraph 10 of your <u>Complaint</u> wherein you allege that "Defendants breached their duty by failing to repair the vat lid properly" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

27.

With respect to paragraph 13 of your <u>Complaint</u> wherein you allege that "Defendant John Doe 1 was in the scope of his employment with Defendant A&D when he repaired the vat lid in a negligent manner" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

PDF created with pdfFactory trial version www.pdffactory.com

(d)     identify the present custodian of all documents or other material
identified by you in your response to subpart (c) above.

28.

With respect to paragraph 16 of your <u>Complaint</u> wherein you allege that
"Defendant A&D owed a duty to Plaintiffs not to hire or retain John Doe 1 after
knowledge of his incompetence for the job, and to supervise John Doe 1 in a reasonable
manner" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said
relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts
upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material
identified by you in your response to subpart (c) above.

Respectfully submitted this 25th day of July, 2012.

_____

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
    Plaintiffs, )     CIVIL ACTION FILE NO.:
)     12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
).
    Defendants. )
)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D*

*CONTRACTING & MACHINE SHOP, INC. d/b/a  A&D CONTRACTING AND*

*MACHINE SHOP'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF*

*ANA ECKERT* upon all counsel of record by depositing same in the United States mail

in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

*Page 13 of 14*

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 25th day of July, 2012.

_Wayne S. M_

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                     wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com



## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)
    Plaintiffs, )    CIVIL ACTION FILE NO.:
)    12CV1534
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a A&D CONTRACTING )
& MACHINE SHOP; AND JOHN DOE 1 )
)
    Defendants. )
)

---

### DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF DARRYL ECKERT

COMES NOW Defendant A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting and Machine Shop (hereinafter referred to as "Defendant") and pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 requires **Plaintiff Darryl Eckert** to answer under oath the following interrogatories, the answers to be served upon defendant's attorneys of record, Matthew G. Moffett and Wayne S. Melnick, within the time period prescribed by O.C.G.A. § 9-11-26, § 9-11-33 and the uniform rules of the court in which this case now pends.

Unless otherwise indicated, the following interrogatories and the accident mentioned in them, refer to the time, place, and circumstances of the accident which is complained of in the *Complaint for Damages* filed in this action. The word "accident" as herein contained is not used in the legal sense, but rather in the lay meaning as the incident which is the subject matter of this lawsuit.

*Page 1 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

Where knowledge or information in the possession or control of Plaintiff is requested or inquired of, such request or inquiry includes knowledge or information in the possession or control of or by Plaintiff's agents, representatives, and unless privileged, Plaintiff's attorneys.

## DEFINITIONS

1.  **"Person" or "Persons"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

2.  **"Identify"** with respect to any "person" who is an individual means to provide the name, present and/or last known address, present and last known residence telephone number, present or last known employee or business affiliation and present and last known business telephone number.

3.  **"Identify"** with respect to an institution, business, group or other organization means to provide the current or last known complete name, address and telephone number.

4.  **"Document"** means every writing or record of every type or description that is or has been in your possession, control or custody, or of which you have knowledge including but not limited to, correspondence, memoranda, tapes, E-mails, facsimiles, stenographic or handwritten notes, studies, test reports, publications, books, pamphlets, pictures, drawings, photographs, computer records, invoices, purchase orders, shipping orders, bills of laden, acknowledgments, laboratory or other reports, surveys, diagrams, plans or specifications, work orders, inspection reports, quality control reports and any other writing of any kind or nature.

5.  **"Identify"** with respect to any "document" means to provide (without regard to whether the document is privileged or subject to claim of privilege) the title or other means of identification of such document, the date authored, all copies, the names and addresses of any and all persons with custody, control or possession of each such document or copies thereof.

*Page 2 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

6.  **"You", "Your"** or **"Plaintiff"** refers to **Plaintiff Darryl Eckert,** his representatives, and agents and when appropriate Plaintiff's attorneys.

7.  **"Occurrence", "Incident"** or **"Accident"** refers to the facts alleging liability of all defendants as set forth in Plaintiff's *Complaint for Damages.*

The following interrogatories are continuing in character so as to require Plaintiff to file supplemental answers as soon as Plaintiff or Plaintiff's attorney, representatives and/or agents obtain further information relative to these interrogatories.

1.

Please state your full name, all other names by which you have been known, and when and where you were known thereby, address, date of birth, place of birth, social security number, and driver's license number.  If you are now married or have at any time subsequent to the accident been married under any law, please state the name, address and telephone number of said spouse or spouses, and dates of marriage, and divorce if applicable.

2.

Please identify all individuals related to you by blood or marriage who reside or are employed in the county wherein the above action now pends.

3.

Concerning your employment over the last ten (10) years, please state the name(s) and address(es) of all employers, dates of employment, job titles, rates of pay, and reasons for resignation or termination.

*Page 3 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

4.

If you have ever been convicted of, pled guilty to, or pled nolo contendere to a felony or other crime of moral turpitude, state when, in what court and of what crime you were convicted or pled to, how you pled (i.e., guilty, not guilty or nolo contendere) to any such crime resulting in a conviction, non-adjudication, withholding of adjudication or first offender treatment and the ultimate disposition of the charges.

5.

If you have ever served in the Armed Forces of any nation, country or state, state what nation, country, or state you served, the branch of service, type of separation or discharge you received (i.e., honorable, dishonorable, medical), and the number of times, if any, you were court-martialed and reasons for and disposition of same.

6.

Excluding this case, if you have ever made a personal injury claim or claim for damages against any person or entity, please state the dates you made any such claims, and the names and addresses of the individuals or entities to whom you directed all claims, and also state the disposition of the claims, and how much money if any you received as to each claim.

7.

If you ever have been a party to any other type of lawsuit, including any claim for worker's compensation or bankruptcy proceeding, please identify the persons and parties involved including the style and number of the case, describe the nature of the litigation and the role you had (i.e., plaintiff, defendant, etc.) in each matter as well as all counsel involved and the court or administrative body before which each suit was pending, identify and describe all documents setting

PDF created with pdfFactory trial version www.pdffactory.com

forth the final disposition of each matter and the present custodian of all documents or other materials identified by you.

8.

Other than for the injuries you claimed to have sustained as a result of the subject incident, if you have you ever been treated by any medical doctor or other practitioner of the healing arts, or by or in any healthcare facility, please state the dates of all treatment(s), the individual or entity rendering said treatment(s) to you (and their addresses) and the nature of the health problem which necessitated each such treatment(s).

9.

With respect to the personal injuries you claimed to have sustained as a result of the subject incident, state the names and addresses of any medical doctors, practitioners of the healing arts, and healthcare facilities rendering or providing any treatment(s), and the dates of all treatment(s) rendered or provided as well as the name and address of any insurer, employer, government or other entity making payment to you or on your behalf with respect to these expenses incurred, and state all amounts paid, by whom paid, and the date of each payment.

10.

If you were unable to work for your employer following the occurrence at issue, and if you claim your inability to work is related in any way to the occurrence at issue, please state the amount of time you did not work, the specific dates you did not work, and all monies you did not receive because you did not work.

PDF created with pdfFactory trial version www.pdffactory.com

11.

If you are aware of any individual having personal knowledge of the subject incident, or the injuries and damages you contend resulted from the subject incident, or the claims you make in the lawsuit you have filed in this case, please identify each said individual, specifying whether the person named was or was not an eyewitness to the subject incident.

12.

If you obtained any oral, recorded, or written statement from any individual concerning the occurrence at issue, your claims of injuries and damages resulting there from, or your lawsuit, please identify each said individual giving said statement, identify the individual securing said statement, whether the statement was oral, recorded or written, the date the statement was given, and identify the present custodian of the statement identified.

13.

If you are aware of any photographs, diagrams, drawings, videotapes or other things that depict the accident scene, or your alleged injuries and damages resulting from said accident, please identify same by describing same, and identify the present custodian of each said item or thing.

14.

State and specify each and every act or omission of negligence which you contend Defendant committed with respect to the cause of action which forms the basis of this lawsuit.

15.

As to the damages you seek to recover in this case, please itemize, describe and calculate all damages, describe how you or any others working for or with you calculated said damages, identify all individuals having personal knowledge relevant to your damages, identify all

*Page 6 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

documents and material containing information relevant to your claimed damages and the custodian of all said documents and material, identify all documents and material containing information upon which you rely in support of the damages you seeks to recover in this case and the custodian of all said documents and materials.

16.

As to all payments made by you or on your behalf, with respect to damages sustained or incurred by you and at issue in this case or for which you seek to recover, please identify all payors or individuals or entities making any said payments, the payees or individuals or entities receiving any said payments. Please also identify and itemize and describe each payment made and specifically identify who made said payment, when it was made, the type of payment (i.e. check, draft, cash, etc.), to whom the payment was made, what the payment represents and the reason for making the payment. Please also identify and describe all documents and material which contain information relevant to each said payment made and the custodian of said documents and materials.

17.

As to any policy of insurance pursuant to which any payments were made to or on behalf of you and with respect to damages sustained or incurred by you, and at issue in this case or for which you seek to recover, please identify and describe said policy of insurance by identifying the insuring entity, the type of policy, the policy number, the term of coverage and the policy limits and the custodian of any said policy of insurance.

PDF created with pdfFactory trial version www.pdffactory.com

18.

At any time relevant to the subject incident were you engaging in any business or within the course and scope of employment for any employer, including yourself? If your answer is yes, please identify said employer, state whether you have reported this accident to your employer, and state whether you have made any claim for worker's compensation benefits and if so to whom.

19.

Please state in reasonable detail how the subject incident occurred.

20.

To the extent that the premises at which the accident occurred may have violated any regulation, code or standard such that the violation in question alleged caused or contributed to your alleged injury, please specify the regulation, code or standard in question, the location of the alleged deviation from the regulation, code or standard and the alleged deviation from the regulation, code or standard in question.

21.

Please identify whether, in the twenty-four (24) hours preceding the subject incident, you imbibed or otherwise consumed any alcohol, narcotics (prescription or non-prescription; legal or illegal) or drugs (prescription or non-prescription; legal or illegal). If your answer to this question is anything other than an unqualified negative response, please identify what alcohol, narcotics and/or drugs you imbibed or consumed as well as the quantity of each and at what time each substance was imbibed or consumed.

PDF created with pdfFactory trial version www.pdffactory.com

22.

With respect to paragraph 3 of your <u>Complaint</u> wherein you allege that "During 2010, Tintoria Piana U.S., Inc. hired Defendant A&D to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

23.

With respect to paragraph 9 of your <u>Complaint</u> wherein you allege that "Defendant owed a duty to Plaintiffs to complete their work in a non-negligent manner" please provide the following information:

(a)     state all facts upon which you rely in support of said allegations;

(b)     identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

(c)     identify and describe any document or material containing facts upon which you rely in support of said allegations; and

(d)     identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

*Page 9 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

24.

With respect to paragraph 10 of your Complaint wherein you allege that "Defendants breached their duty by failing to repair the vat lid properly" please provide the following information:

    (a)    state all facts upon which you rely in support of said allegations;

    (b)    identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

    (c)    identify and describe any document or material containing facts upon which you rely in support of said allegations; and

    (d)    identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

25.

With respect to paragraph 13 of your Complaint wherein you allege that "Defendant John Doe 1 was in the scope of his employment with Defendant A&D when he repaired the vat lid in a negligent manner" please provide the following information:

    (a)    state all facts upon which you rely in support of said allegations;

    (b)    identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

    (c)    identify and describe any document or material containing facts upon which you rely in support of said allegations; and

    (d)    identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

*Page 10 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

26.

With respect to paragraph 16 of your Complaint wherein you allege that "Defendant A&D owed a duty to Plaintiffs not to hire or retain John Doe 1 after knowledge of his incompetence for the job, and to supervise John Doe 1 in a reasonable manner" please provide the following information:

    (a)    state all facts upon which you rely in support of said allegations;

    (b)    identify all individuals who have personal knowledge of said relevant facts upon which you rely in support of said allegation;

    (c)    identify and describe any document or material containing facts upon which you rely in support of said allegations; and

    (d)    identify the present custodian of all documents or other material identified by you in your response to subpart (c) above.

27.

Please identify each and every person who performed any investigation on your behalf relative to this accident and if different, any experts with whom you have consulted pertaining to any issues in this action (whether or not you intend to call said expert as a witness at trial), and the nature of any reports from him (i.e., written, oral, etc.).

28.

Please identify each person whom you expect to call as an expert witness at the trial of this case, and in connection with each such person, please state the subject matter on which such expert is expected to testify, as well as the substance of the facts and opinions as to which each such expert is expected to testify and a summary of the grounds for each opinion.

*Page 11 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

29.

Are you eligible for or have you ever received or been the beneficiary of Medicare benefits paid to or on your behalf? If you have ever received or been the beneficiary of Medicare benefits paid to or on your behalf, on or after the date of the accident(s) or incident(s) at issue in this case, please provide the following information:

    (a)    the identity of any hospital, clinic, physician or other healthcare provider to whom said benefits were paid on your behalf;

    (b)    the total amount of said benefits paid to you or on your behalf;

    (c)    whether you have received any notice of lien or claim for reimbursement of said payments or benefits from Medicare, CMS or any government entity, agent or contractor; and

    (d)    your date of birth, social security number and Medicare number.

30.

Please state whether you had ever worked on or with the vat at issue prior to the subject accident. If you answer to this interrogatory is anything other than an unqualified negative, please describe all interactions you had with the vat at issue and approximately how many times prior to the subject accident you had worked on or with the vat at issue.

31.

Please identify the URL of any and every post, blog or other online statement(s) you or anyone else of whom you are aware has made regarding any allegation made in your Complaint for Damages.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 25th day of July, 2012.

Matthew B. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:    mmoffett@grsmb.com
             wmelnick@grsmb.com

*Page 13 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

## IN THE SUPERIOR COURT OF BARTOW COUNTY
## STATE OF GEORGIA

DARRYL ECKERT and       )
ANA ECKERT,       )
      )
    Plaintiffs,       )     **CIVIL ACTION FILE NO.:**
      )     **12CV1534**
v.       )
      )
A&D CONTRACTING & MACHINE       )
SHOP, INC. d/b/a A&D CONTRACTING       )
& MACHINE SHOP; AND JOHN DOE 1       )
      )
    Defendants.       )
      )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *DEFENDANT A&D*

*CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE*

*SHOP'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF DARRYL ECKERT*

upon all counsel of record by depositing same in the United States mail in a properly addressed

envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

*Page 14 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted this 25th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop,
Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:      (404) 870-7390
Facsimile:      (404) 870-1030
E-mail:          mmoffett@grsmb.com
                 wmelnick@grsmb.com

*Page 15 of 15*

PDF created with pdfFactory trial version www.pdffactory.com

## APOLINSKY & ASSOCIATES, LLC

### TRIAL LAWYERS

STEPHEN D. APOLINSKY (GA, AL, DC)
TONA SHRUM

JET HARRIS (OF COUSEL)
MYAH T. RAINEY (OF COUSEL)

ONE DECATUR TOWNCENTER, SUITE 200
150 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
www.aa-legal.com

TELEPHONE: (404) 377-9191
FACSIMILE: (404) 377-6996

**FILED**

JUL 2 6 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

July 24, 2012

Clerk of Court
Superior Court of Bartow County
135 W Cherokee Ave
Suite 233
Cartersville, Georgia 30120

> RE:   <u>Eckert v. A.D. Contracting & Machine Shop et al.</u>, Superior Court of
> Bartow County
> Civil Action No.: 12CV1534

Dear Sir or Madam:

Enclosed please find one original and one copy of Plaintiff's Affidavit of Service re: Request for Production to Non Party Tintoria. Please file the original and return the copy to me in the enclosed self-addressed, postage-paid envelope.

Thank you for your assistance. Should you have any questions, please contact me at the above-listed number.

Sincerely,

Daphne Beasley
Paralegal to Tona L. Shrum, Esq.

Enclosures

cc:   Stephen D. Apolinsky, Esq.

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

**RETURN COPY**
**FILED**

JUL 2 6 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

Darryl Eckert and
Ann Eckert,

      Plaintiffs,                  CIVIL ACTION FILE NO: 12CV1534

vs.

A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop; and John Doe 1

      Defendant,

### AFFIDAVIT OF SERVICE

COME NOW Eddie Mills, before the undersigned officer duly authorized to

administer oaths, and after being duly sworn on oath deposes and states that he is a

citizen of the United States, is over the age of eighteen (18), and is a party having no

interest in the above-styled case, states that on July 11, 2012 at 11:08am, he served

Bob Waldin, Controller, at 220 South Erwin Street, Cartersville, Georgia 30120, a true

and correct copy of a Request For Production of Documents To Non-Party Tintoria Piana

U.S., Inc., related to the above-style case.

    I certify under penalty of perjury that the foregoing is true and correct.

Executed this _11th_ day of _July_, 2012.

_Eddie Mills_
Eddie Mills
Direct Investigations
P.O. Box 361939
Decatur, Georgia 30036

Sworn to and subscribed
before me this _11_ day of July, 2012

_Michelle Mills_
Notary Public
My Commission expires:_____

Michelle Mills
Notary Public, Rockdale County, GA
My Commission Expires June 22, 2016



IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARRYL ECKERT and<br>ANA ECKERT, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | 12CV1534 |
| v. | ) | |
| | ) | |
| A&D CONTRACTING & MACHINE | ) | |
| SHOP, INC. d/b/a A&D CONTRACTING | ) | |
| & MACHINE SHOP; AND JOHN DOE 1 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND DEFENSES OF DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP

COMES NOW A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop, named as Defendant in the above-styled action (hereinafter referred to as "Defendant") and by and through its undersigned counsel responds to Plaintiffs' Complaint for Damages (hereinafter referred to as the "Complaint") by filing this Answer and further showing this Honorable Court as follows:

### FIRST DEFENSE

For a first defense, Defendant responds to the enumerated paragraphs of the Complaint as follows:

PDF created with pdfFactory trial version www.pdffactory.com

1.

Defendant admits the facts as alleged in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant denies the facts as alleged in paragraph 2 of Plaintiffs' Complaint and demands strict proof thereof.

3.

Defendant denies the facts as alleged in paragraph 3 of Plaintiffs' Complaint and demands strict proof thereof.

4.

Defendant is without knowledge as to the truthfulness of the facts as alleged in paragraph 4 of Plaintiffs' Complaint and therefore denies same and demand strict proof thereof.

5.

Defendant denies the facts as alleged in paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

6.

Defendant denies the facts as alleged in paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.   Defendants incorporate and restate their responses to paragraphs 1-5 of Plaintiffs' Complaint as if fully set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

7.

Defendant is without knowledge as to the truthfulness of the facts as alleged in paragraph 7 of Plaintiffs' Complaint and therefore denies same and demand strict proof thereof.

## COUNT I -- NEGLIGENCE

8.

Defendant incorporates and restates its responses to paragraphs 1-7 of Plaintiffs' Complaint as if fully set forth herein.

9.

Defendant denies the facts as alleged in paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10.

Defendant denies the facts as alleged in paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11.

Defendant denies the facts as alleged in paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II -- RESPONDEAT SUPERIOR

12.

Defendant incorporates and restates its responses to paragraphs 1-11 of Plaintiffs' Complaint as if fully set forth herein.

PDF created with pdfFactory trial version www.pdffactory.com

13.

Defendant denies the facts as alleged in paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14.

Defendant denies the facts as alleged in paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT III -- NEGLIGENT HIRING, RETENTION AND SUPERVISION

15.

Defendant incorporates and restates its responses to paragraphs 1-11 of Plaintiffs' Complaint as if fully set forth herein.

16.

Defendant denies the facts as alleged in paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

17.

Defendant denies the facts as alleged in paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.

Defendant denies the facts as alleged in paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

PDF created with pdfFactory trial version www.pdffactory.com

## COUNT IV -- LOSS OF CONSORTIUM

### 19.

Defendant incorporates and restates its responses to paragraphs 1-18 of Plaintiffs' Complaint as if fully set forth herein.

### 20.

Defendant denies the facts as alleged in paragraph 20 of Plaintiffs' Complaint and demands strict proof thereof.

### 21.

No response of Defendant is required to the "WHEREFORE" paragraph of Plaintiffs' Complaint. To the extent any response is required, Defendant denies all facts as alleged in the "WHEREFORE" paragraph of Plaintiffs' Complaint and demands strict proof thereof.

### 22.

To the extent any factual allegation in Plaintiffs' Complaint is not specifically responded to, Defendant denies all factual allegations in Plaintiffs' Complaint not otherwise specifically responded to and demands strict proof thereof.

## SECOND DEFENSE

Plaintiffs' Complaint against Defendant fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant owed no legal duty to Plaintiffs, and therefore Plaintiffs cannot recover from Defendant.

PDF created with pdfFactory trial version www.pdffactory.com

### FOURTH DEFENSE

Defendant breached no legal duty owing Plaintiffs, and therefore Plaintiffs cannot recover from Defendant.

### FIFTH DEFENSE

Plaintiffs' alleged injuries and damages proximately resulted from actions or omissions of parties or non-parties to this lawsuit other than Defendant over whom Defendant had no control or responsibility, and therefore Plaintiffs cannot recover from Defendant.

### SIXTH DEFENSE

Defendant asserts the defenses of contributory and comparative negligence against Plaintiffs such that Plaintiffs cannot recover from Defendant or any recovery awarded Plaintiffs must be reduced in proportion to Plaintiffs' negligence with respect to the incident at issue.

### SEVENTH DEFENSE

No action or omission on the part of Defendant proximately caused the incident at issue or the alleged injuries and damages of Plaintiffs, and therefore Plaintiffs cannot recover from any Defendant.

### EIGHTH DEFENSE

Plaintiffs' Complaint lacks substantial justification, is frivolous, substantially groundless and substantially vexatious, and Plaintiff filed said lawsuit simply to harass Defendant. As such, Defendant intends to move the Court, pursuant to O.C.G.A. § 9-15-14, to order Plaintiff and/or his counsel to pay Defendant their reasonable and necessary

PDF created with pdfFactory trial version www.pdffactory.com

attorney's fees and expenses of litigation incurred by Defendant in the defense of said action, should Plaintiff not dismiss this case.

## NINTH DEFENSE

Plaintiffs' Complaint against Defendant is brought with malice and without substantial justification and thus constitutes abusive litigation pursuant to O.C.G.A. § 51-7-81 and other Georgia law. As such, Plaintiff should have no recovery against Defendant. Further, pursuant to the terms and conditions of O.C.G.A.§ 51-7-84, Defendant hereby gives notice to Plaintiff of their intention to assert a claim for abusive litigation against Plaintiff, to recover damages including costs and expenses of litigation and reasonable attorney's fees, unless Plaintiff voluntarily withdraws, abandons, discontinues, or dismisses the civil proceeding against Defendants.

## TENTH DEFENSE

To the extent Plaintiffs have alleged any damage, the sole proximate cause of the alleged damage sustained by Plaintiffs resulted from the combination of actions, non-actions or negligence, in whole or in part, of a person/entity or persons/entities other than Defendant for whose actions, non-actions or negligence, in whole or in part, Defendant is in no way liable. Plaintiffs are not, therefore, entitled to recover from Defendant in this action.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs assumed the risk of the injury.

## TWELFTH DEFENSE

Defendant is not a proper party to this case.

PDF created with pdfFactory trial version www.pdffactory.com

## THIRTEENTH DEFENSE

Defendant gives notice that it intends to rely upon and invoke any other defense that may become available or appear during the proceedings in this case and reserves its rights to amend this Answer to include any such defense.

WHEREFORE, having responded to the Plaintiffs' Complaint, Defendant respectfully requests:

(a)     that the Court enter judgment in Defendant's favor and cast all costs of said action against Plaintiffs;

(b)     for a trial by jury of twelve (12); and

(c)     for such further relief as this Court deems just and proper.

Respectfully submitted this 19th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:   (404) 870-7390
Facsimile:   (404) 870-1030
E-mail:   mmoffett@grsmb.com
          wmelnick@grsmb.com

PDF created with pdfFactory trial version www.pdffactory.com

**IN THE SUPERIOR COURT OF BARTOW COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DARRYL ECKERT and<br>ANA ECKERT,<br><br>    Plaintiffs,<br><br>v.<br><br>A&D CONTRACTING & MACHINE<br>SHOP, INC. d/b/a A&D CONTRACTING<br>& MACHINE SHOP; AND JOHN DOE 1<br><br>    Defendants. | )<br>)<br>)<br>)   CIVIL ACTION FILE NO.:<br>)<br>)   12CV1534<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the *ANSWER AND DEFENSES OF DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. d/b/a A&D CONTRACTING AND MACHINE SHOP* upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Stephen D. Apolinsky, Esq.
Tona L. Shrum, Esq.
APOLINSKY & ASSOCIATES, LLC
150 East Ponce de Leon Avenue
One Decatur TownCenter, Suite 200
Decatur, Georgia 30030

Respectfully submitted this 19th day of July, 2012.

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for A&D Contracting & Machine
Shop, Inc. d/b/a A&D Contracting &
Machine Shop

*Page 9 of 10*

PDF created with pdfFactory trial version www.pdffactory.com

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
Atlanta, Georgia 30309
Telephone:     (404) 870-7390
Facsimile:     (404) 870-1030
E-mail:        mmoffett@grsmb.com
               wmelnick@grsmb.com

*Page 10 of 10*

PDF created with pdfFactory trial version www.pdffactory.com

# APOLINSKY & ASSOCIATES, LLC

### TRIAL LAWYERS

STEPHEN D. APOLINSKY (GA, AL, DC)
TONA SHRUM
EMANUEL L. BALAMS, JR.

JET HARRIS (OF COUNSEL)
MYAH T. RAINEY (OF COUNSEL)

ONE DECATUR TownCenter, SUITE 200
150 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030
www.sa-legal.com

TELEPHONE: (404) 377-9191
FACSIMILE: (404) 377-6996

**FILED**

JUL 0 2 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

June 29, 2012

Clerk of Court
Superior Court of Bartow County
135 W Cherokee Ave
Suite 233
Cartersville, Georgia 30120

> RE:   <u>Eckert v. A.D. Contracting & Machine Shop et al.</u>, Superior Court of
> Bartow County
> Civil Action No.: 12CV1534

Dear Sir or Madam:

Enclosed please find one original and one copy of Plaintiff's Rule 5.2. Certificate of Service. Please file the original and return the copy to me in the enclosed self-addressed, postage-paid envelope.

Thank you for your assistance. Should you have any questions, please contact me at the above-listed number.

Sincerely,

Daphne Beasley
Paralegal to Tona L. Shrum, Esq.

Enclosures

cc:   Stephen D. Apolinsky, Esq.

IN THE SUPERIOR COURT OF BARTOW COUNTY **RETURN COPY**
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
) CIVIL ACTION **FILED**
Plaintiffs, ) FILE NO 12CV1534
) JUL 0 2 2012
v. )
) CLERK OF SUPERIOR COURT
) BARTOW CO., GA.
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
Defendant. )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Rule 5.2 of the Georgia Uniform Court Rules, I hereby certify that I have this day served a true and correct copy of the within and foregoing REQUEST FOR PRODUCTION OF DOCUMENTS TO TINTORIA PIANA U.S., INC. upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This 28th day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and                        )
ANA ECKERT,                              )
                                         )     CIVIL ACTION
            Plaintiffs,                  )     FILE NO 12CV1534
                                         )
v.                                       )
                                         )
A&D CONTRACTING & MACHINE                )
SHOP, INC. d/b/a/ A&D CONTRACTING        )
& MACHINE SHOP; and John Doe 1           )
                                         )
            Defendant.                   )

## REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY TINTORIA PIANA U.S., INC.

TO:    Tintoria Piana U.S., Inc.
       c/o Registered Agent Mark Schiff
       220 S. Erwin Street
       Cartersville, Georgia 30120

       Darryl Eckert and Ana Eckert, Plaintiffs in the above-captioned case, by and through

their counsel of record, hereby serve upon Tintoria Piana U.S., Inc. this Request for Production

of Documents to Non-Party pursuant to O.C.G.A. § 9-11-34(c).

       You are requested under Georgia law to respond to this Request pursuant to the above-

referenced Code Section. You are requested to produce the documents requested herein within

thirty (30) days of your receipt hereof by either (1) producing said originals, in person, at the

offices of Plaintiffs' counsel, Stephen D. Apolinsky, Apolinsky & Associates, LLC, One Decatur

TownCenter, Suite 200, 150 E. Ponce de Leon Avenue, Decatur, Georgia 30030; or (2) by

mailing said documents to Plaintiffs' counsel at the address above. Please do not produce the

records sooner than ten (10) days from the date of mailing of this Request in order to afford any

party, or yourself, the opportunity to object to this Request. If no objection is filed within that

period of time, the above-referenced statute directs you to promptly comply with this Request. These requests center around the vat that exploded on or about September 27, 2010 ("the subject incident"), located on the Tintoria Piana U.S., Inc. premises at 220 S. Erwin Street, Cartersville, Georgia 30120 ("the subject premises").

Please produce the following requested documents:

1.

Please produce all documents referencing any repairs made to the vat lid involved in the subject incident during 2010, and specifically the repairs made just prior to the subject incident, including, but not limited to the work order, all documents received by you that were generated by the company who repaired the vat lid, receipts for payment and all other documents that in any way reference the vat lid involved in the subject incident.

2.

Please produce all specifications for the vat and lid that was involved in the subject incident.

3.

Please produce a copy of your OSHA 300 log that in any way references the subject incident.

4.

Please produce a copy of your OSHA 301 Injury and Illness Incident Report for the subject incident.

5.

Please produce a copy of all documents generated by any investigation into the subject incident.

6.

Please produce all documents that in any way reference the person(s) or entity/entities who repaired the vat lid just prior to the subject incident.

This __28th__ day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and                          )
ANA ECKERT,                                )
                                           )      CIVIL ACTION
        Plaintiffs,                        )      FILE NO 12CV1534
                                           )
v.                                         )
                                           )
A&D CONTRACTING & MACHINE                  )
SHOP, INC. d/b/a/ A&D CONTRACTING          )
& MACHINE SHOP; and John Doe 1             )
                                           )
        Defendant.                         )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing REQUEST FOR PRODUCTION OF DOCUMENTS TO TINTORIA PIANA U.S., INC. upon all parties of record by placing a copy of said document in the U.S. mail with sufficient postage attached, addressed as follows:

Matthew Moffett, Esq.
Gray Rust St. Amand Moffett & Brieske, LLP
950 East Paces Ferry Road, Suite 1700
Atlanta, Georgia 30326

This _28th_ day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

Civil Action No. _12 CV 1534_

Date Filed _06-15-2012_

Superior
~~State Court~~
**Magistrate Court**
Georgia, DeKalb County
Bartow

Attorney's Address

Tina L. Shrum, Esq.
150 E. Ponce De Leon Ave, Ste 200
Decatur, GA  30030

Darryl Eckart _____

_____ **Plaintiff**

VS.

Name and Address of Party to be Served

A.D. Contracting & Machine Shop d/b/a A.D. Contracting & Machine Shop c/o Jeffrey Watkins, Reg. Agent

100 W. Cherokee Ave, Cartersville, GA 30120

Serving  Summons | Complaint | ROGS | RPD / RTA

A.D. Contracting & Machine Shop d/b/a A.D. Contracting & Machine Shop _____

_____ **Defendant**

_____ **Garnishee**

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant_____ personally with a copy of the within action and summons.

**RESIDENCE** ☐  I have this day served the defendant_____ by leaving a copy of the action and summons at (his/her) dwelling house or usual place of abode with a person of suitable age and discretion residing therein; delivered same into the hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐  Served the defendant  A & D CONTRACTING & MACHINE SHOP _____ by leaving a copy of the within action and summons with ~~JEFF WATKINS~~ R. A. _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This _21_ day of _June_, 20_12_    _Sandra Clark_
                                            **Deputy**  BCSO 512

PDF created with pdfFactory trial version www.pdffactory.com

marshalservice/2007

GEORGIA, BARTOW COUNTY

DO NOT WRITE IN THIS SPACE

**SUPERIOR COURT OF BARTOW COUNTY**
Civil Division

CIVIL ACTION FILE NO. *12CV1534*

**RETURN COPY**

**FILED**

DARRYL ECKERT and ANA ECKERT
c/o Stephen D. Apolinsky, Esq.
Apolinsky & Associates
150 E. Ponce De Leon, Avenue
Suite 200
Decatur, GA 30030
Plaintiff's Name, Address, City, State, Zip Code

vs.

A.D. CONTRACTING AND MACHINE SHOP d/b/a A.D.
CONTRACTING AND MACHINE SHOP
100 W. Cherokee Avenue
Cartersville, GA 30120
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $__TBD____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x ] PERSONAL INJURY | ATTY. FEES $___TBD_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _TBD_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

JUN 1 5 2012
CLERK OF SUPERIOR COURT
BARTOW CO., GA.

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  STEPHEN D. APOLINSKY

Address: One Decatur TownCenter, Suite 200, 150 E. Ponce de Leon Avenue

City, State, Zip Code: Decatur, Georgia 30030   Phone No: (404) 377-9191

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, in the Clerk's Office at 135 W. Cherokee Avenue, Suite 233, Cartersville, GA 30120.

This _____        _____
                                         Gary Bell., Chief Deputy Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.   _____
                                                          DEPUTY MARSHAL, SUPERIOR COURT OF BARTOW COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)                CIVIL ACTION
     Plaintiffs, )                FILE NO _____
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
     Defendant. )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENTANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D CONTRACTING AND MACHINE SHOP

     **COME NOW** Darryl Eckert and Ana Eckert, Plaintiffs in the above civil action, and

pursuant to O.C.G.A. 9-11-34, hereby request the production of the following documents and

other evidence for inspection and/or copying by Plaintiffs' attorney, Stephen D. Apolinsky, One

Decatur TownCenter, Suite 200, 150 East Ponce de Leon Avenue, Decatur, Georgia 30030,

following service of this request upon you.  In lieu of producing said documents or things at the

above time and location, for present purposes, it shall be deemed sufficient compliance with this

request if Defendant A&D Contracting & Machine Shop, Inc. d/b/a/ A&D Contracting &

Machine Shop ("Defendant A&D") mails to Plaintiffs' attorney, by first class mail, legible

photocopies of the requested items within the time allowed for response.  In the event you claim

that any item requested hereunder is privileged, you are requested to describe said item

sufficiently so as to allow a ruling by the Court as to the privileged nature of said item, including

the general nature of the item, the date such item was prepared, the custodian of such item, and

PDF created with pdfFactory trial version www.pdffactory.com

the nature of the privileged claim.  Defendant A&D is requested to produce the following documents or things for inspection and/or copying by Plaintiff as follows:

### 1.

Please produce any and all documents that support your response to Plaintiffs' First Interrogatories to Defendants, including but not limited to contracts, agreements between you and Tintoria Piana U.S., Inc. to repair the vat lid in 2010 and specifications, instructions or other documents providing instructions as to how the vat lid should be repaired.

### 2.

Please produce any and all documents that support your answer to Plaintiffs' Complaint, which are not privileged or subject to the work-product doctrine.

### 3.

Please produce copies of any and all insurance policies in effect during the time in which Defendant A&D was repairing the vat lid sent for repair by Tintoria Piana U.S., Inc. in 2010. (copies of the declaration pages may be submitted in lieu of the entire policy).

### 4.

Please produce any and all photographs, videotapes, photographic reproductions or other visual representations of the vat lid sent to Defendant A&D for repair by Tintoria Piana U.S., Inc. in 2010. (color photocopies of such photographs may be produced in lieu of the positive prints).

### 5.

Please produce any and all diagrams, maps, models, plats, diagrams, or other graphic representations of any kind whatsoever prepared by you or on your behalf that relate to the incident which is the subject of this litigation.

6.

Please produce copies of all correspondence, letters, memoranda, or other written records or documents provided by you, your agents or by your attorneys to any expert you or your attorney intends to call as a witness at trial;

7.

Please produce all written and/or transcribed statements pertaining to the vat lid failure, specifically including, but not limited to, any statements provided by the Plaintiffs, Tintoria Piana U.S., Inc., your employees, agents, representatives or other persons acting on your behalf.

8.

Please produce copies of all materials, documents and reports prepared by any accident reconstruction experts, safety experts or any other expert contained in your file.

9.

Please produce copies of all documentary evidence relied upon to demonstrate and support facts relevant to this litigation. E.H. Siler Realty, etc. v. Sanderline, 158 Ga. App. 796 (2), 282 S.E. 2d. 381 (1981).

This 13th day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com

APOLINSKY & ASSOCIATES, LLC
One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
Telephone: (404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT,                          )
                                        )     CIVIL ACTION
      Plaintiff,                   )     FILE NO _____
                                        )
v.                                      )
                                        )
A&D CONTRACTING & MACHINE               )
SHOP, INC. d/b/a/ A&D CONTRACTING       )
& MACHINE SHOP; and John Doe 1          )
                                        )
      Defendant.                   )

## PLAINTIFFS' FIRST INTERROGATORIES
## TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&d
## CONTRACTING & MACHINE SHOP

**COME NOW** Darryl Eckert and Ana Eckert, Plaintiffs in the above-styled civil action,

and pursuant to O.C.G.A. 9-11-33, hereby file this, their First Interrogatories to Defendant A&D

Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop ("Defendant

A&D") as follows:

Plaintiffs propound the following interrogatories to be answered under oath by Defendant

A&D. If the whole answer to a question is not known, so state and answer the part known. With

respect to any interrogatory that calls for the decryption of the contents of a document or asks

that documents be identified, you may, in lieu of answering the interrogatory, attach such

document, or copies thereof, to your answers, specifying the exact interrogatory to which each

such document relates. Each of the following is continuing in the manner provided by law.

I.    DEFINITIONS

A.    As used in these interrogatories, "Defendant", "employee", "you", or "your means

A&D Contracting & Machine Shop, Inc., its predecessors, successors, any agents,

representatives or other persons acting on behalf of Defendant A&D.

PDF created with pdfFactory trial version www.pdffactory.com

B.    As used herein, "document" means, but without limitation: every writing or record of every type and description that is or has been in the possession, control, or custody of defendant or of which defendant has knowledge, including without limitation: correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, reports, surveys, minutes, or statistical compilations; every copy of such writing or record where the original is not in the possession, custody, or control of defendant; and every copy of every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

C.    As used herein, "data" means any document or any oral communication of which defendant has knowledge.

D.    As used herein, "person" means any individual, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

E.    As used herein, "date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

F.    As used herein, "identify," when used in reference to:

(1) an individual, means to state his full name, present or last known residence address, present or last known position or business affiliation (designating which), job title, employment address, and present or last known business and residence telephone numbers;

(2) a firm, partnership, joint venture, corporation, proprietorship, association or other organization or entity, means to state its full name and present or last known address and telephone number;

PDF created with pdfFactory trial version www.pdffactory.com

(3) <u>documents</u> means to state the date, author, sender, recipient, type of document (i.e.), a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

(a) in the case of documents within the possession, custody, control or access of defendant whether defendant will make it available to Plaintiffs' attorney for inspection and copying;

(b) in the case of a document that was, but is no longer, in the possession, custody, or control of defendant, what disposition was made if it and why.

(4) <u>oral communications</u> means to state the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded, and any witnesses' identity.

G.   <u>Privileged Matters</u>:   If the request for documents is deemed to call for the production of privileged materials and such privilege is asserted, a list is to be furnished identifying each document so withheld together with the following information:

(1) The reason for withholding:

(2) A statement of facts, constituting the basis for any claim of privilege, work Product, or other ground of non-disclosure;

(3) A brief description of the document, including: (i) the date of the document; (ii) the number of pages, attachments and appendices; (iii) the names of its author, authors or preparers and an identification by employment and title of each such person; (iv) the names of each person who is sent, shown or blind carbon copied, has access to or custody of the document, or to whom it was explained; together with an identification by employment and title of each such person; and (v) subject matter of the document, and in

PDF created with pdfFactory trial version www.pdffactory.com

the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation.

<u>PLAINTIFFS' INTERROGATORY NO. 1:</u>

Please identify by name, address and telephone number all persons who assisted in responding to these interrogatories, omitting defense counsel.

<u>PLAINTIFFS' INTERROGATORY NO. 2:</u>

Please identify every contract, agreement or other document between Defendant A&D and Tintoria Piana U.S., Inc. that in any way references work to be performed on a vat lid.

<u>PLAINTIFFS' INTERROGATORY NO. 3:</u>

Please identify the name, address, and telephone number of all employees, agents, or other representatives of Defendant's that were located on Defendant A&D's premises ("the premises") when the vat lid was being repaired for Tintoria Piana U.S., Inc. sometime during 2010.

<u>PLAINTIFFS' INTERROGATORY NO. 4:</u>

Please identify each and every person of which you are aware that worked on the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. in 2010.

<u>PLAINTIFFS' INTERROGATORY NO. 5:</u>

Please identify the name, address, and telephone number of the person acting as the manager, assistant manager, supervisor or assistant supervisor of the premises during the time that the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. was being repaired in 2010.

<u>PLAINTIFFS' INTERROGATORY NO. 6:</u>

Please state the date that Defendant A&D received the vat lid for repair and the date Defendant returned the vat lid to Tintoria Piana U.S., Inc. in 2010 – possibly September.

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFFS' INTERROGATORY NO. 7:

Please provide a detailed description of the work that was performed on the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. in 2010, and whether the repair was successfully made.

PLAINTIFFS' INTERROGATORY NO. 8:

Please identify all literature, specifications, instructions or other documents that provided instruction to A&D employees as to how to repair the vat lid sent to Defendant A&D by Tintoria Piana U.S., Inc. in 2010.

PLAINTIFFS' INTERROGATORY NO. 9:

Please provide a detailed description as to how you knew the lid was repaired to specifications at the time it left Defendant A&D's premises.

PLAINTIFFS' INTERROGATORY NO. 10:

For each and every admission in Plaintiffs' Request for Admissions to Defendants that you deny, please state the basis of those denials.

PLAINTIFFS' INTERROGATORY NO. 11:

Please state each and every fact which supports each and every one of your affirmative defenses raised in your Answer relating to the subject lawsuit.

PLAINTIFFS' INTERROGATORY NO. 12:

For each and every one of your responses to Plaintiffs' complaint, please state each and every fact which supports your response.

PLAINTIFFS' INTERROGATORY NO. 13:

If you contend that you are not a proper party in this lawsuit, please state the reasons why and identify the entity who is the proper party.

PDF created with pdfFactory trial version www.pdffactory.com

PLAINTIFFS' INTERROGATORY NO. 14:

Please identify any and all verbal and/or written warnings you gave to your invitees, licensees, employees, or other persons regarding the failure of the vat lid sent to you for repair by Tintoria Piana, U.S., Inc. in 2010.

PLAINTIFFS' INTERROGATORY NO. 15:

Do you contend that Plaintiff Darryl Eckert had knowledge that the vat lid would fail? If so, then please identify what the knowledge was and when he received that knowledge.

PLAINTIFFS' INTERROGATORY NO. 16:

Do you contend that Plaintiff Darryl Eckert had warning that the vat lid would fail? If so, please identify what that warning was, how he received the warning, who communicated that warning to Plaintiff, and when he received that warning.

PLAINTIFFS' INTERROGATORY NO. 17:

Do you, your attorney, insurance carrier, their representatives, or anyone acting in your behalf or their behalf, have any still photographs, motion pictures, video tapes, drawings or other graphic representations, or know of anyone who claims to possess any photographs, motion pictures, video tapes, drawings or other graphic representations of the vat lid both prior to the repair and subsequent to the repair?

PLAINTIFFS' INTERROGATORY NO. 18:

If your answer to the foregoing interrogatory was in the affirmative, please identify and describe each photograph, motion picture, video tape, drawing, or other graphic representation as follows:

(a)     the subject matter of each, including the angle of the view and whether it was prior to or subsequent to repair;

PDF created with pdfFactory trial version www.pdffactory.com

(b)   the name, business and residence address, and telephone number of each person who took, made or prepared each;

(c)   the total number of still photographs, motion pictures, video tapes, drawings or other graphic representations;

(d)   the date each was taken or made;

(e)   the name, address and telephone number of the custodian of each; and,

(f)   whether the subject matter represented therein differs in any way from the conditions existing immediately after the vat lid failed (if yes, describe all changes or differences in detail).

## PLAINTIFFS' INTERROGATORY NO. 19:

Does any insurance agreement and/or indemnity agreement exist covering yourself, and/or the vat lid involved in this suit?

## PLAINTIFFS' INTERROGATORY NO. 20:

If the answer to the foregoing interrogatory is yes, please state:

(a)   the type of policy;

(b)   the name and address of the insurer;

(c)   the policy number;

(d)   the name and address of the person or persons injured;

(e)   the effective date of coverage; and

(f)   the limits of coverage provided by such agreement.

## PLAINTIFFS' INTERROGATORY NO. 21:

Please identify each person whom you expect to call as an expert witness in the trial of this case, stating the subject matter upon which such expert is expected to testify, the substance

PDF created with pdfFactory trial version www.pdffactory.com

of the facts and opinions to which such expert is expected to testify, and a summary of the grounds for each such opinion.

This 13th day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
)                    CIVIL ACTION
     Plaintiffs, )                    FILE NO _____
)
v. )
)
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
)
     Defendant. )

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT A&D CONTRACTING & MACHINE SHOP, INC. D/B/A A&D CONTRACTING & MACHINE SHOP

Pursuant to O.C.G.A. §9-11-36, Plaintiffs request that Defendant A&D

Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop ("Defendant

A&D") make admissions to the truth of the matters set forth below concerning the repair

of a vat lid for Tintoria Piana U.S., Inc. for the purpose of this action and subject to all

pertinent objections to admissibility which may be interposed at the time of trial.

1.     Admit that Defendant A&D has been served with process.

2.     Admit the Defendant A&D is subject to the jurisdiction and venue of this

Court.

3.     Admit that Defendant A&D is a proper party to this lawsuit.

4.     Admit that in 2010, Tintoria Piana U.S., Inc. sent a vat lid to Defendant

A&D to be repaired.

5.     Admit that Defendant A&D negligently repaired the vat lid.

6.   Admit that on September 27, 2010, the vat lid failed due to the negligent

repair by Defendant A&D.

7.   Admit that Plaintiff Darryl Eckert suffered injuries and damages as a

result of Defendant A&D's negligence.

8.   Admit that Plaintiff Ana Eckert suffered damages as a result of Defendant

A&D's negligence.

9.   Admit that Defendant A&D is liable for all injuries and damages suffered

by Plaintiffs, which occurred as a result of Defendant A&D's negligence.

This 13th day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363
Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
Telephone: (404) 377-9191

PDF created with pdfFactory trial version www.pdffactory.com

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

DARRYL ECKERT and )
ANA ECKERT, )
                            )     CIVIL ACTION
      Plaintiffs,          )     FILE NO _____
                            )
v.                           )
                            )
A&D CONTRACTING & MACHINE )
SHOP, INC. d/b/a/ A&D CONTRACTING )
& MACHINE SHOP; and John Doe 1 )
                            )
      Defendant.         )

## COMPLAINT FOR DAMAGES

COME NOW Darryl Eckert and Ana Eckert, Plaintiffs in the above-styled civil action, by and through their counsel of record, and file this, their Complaint for Damages and show this Court as follows:

1.

Defendant A& D Contracting & Machine Shop, Inc. d/b/a A&D Contracting & Machine Shop (hereinafter "Defendant A&D") is a domestic corporation licensed to do business in the State of Georgia. Defendant A&D will be subject to the jurisdiction and venue of this Court upon service of process upon its registered agent who is located in Bartow County, Georgia.

2.

Defendant John Doe 1's legal name is not presently known to Plaintiff, but upon information and belief, this Defendant is the employee of Defendant A&D's who worked on the vat lid prior to its failure. The true legal name of the John Doe Defendant will be substituted when Plaintiff discovers his or her true identity.

3.

During 2010, Tintoria Piana U.S., Inc. hired Defendant A&D to repair a lid for a vat that Tintoria Piana used to dye fabrics under pressure.

4.

On or about September 27, 2010, Plaintiff Daryl Eckert was working at Tintoria Piana US, Inc. when the newly repaired lid was placed on the vat and put under pressure, at which time the grooves in the lid failed, causing the lid to explode from the vat and strike Plaintiff Darryl Eckert, knocking him to the ground.

5.

As a direct and proximate result of Defendants' negligent repair of the vat lid, Plaintiff Darryl Eckert sustained serious injuries and incurred medical expenses in excess of $75,000.00, the exact amount to be proven at trial.

6.

As a direct and proximate result of Defendants' negligent repair of the vat lid, Plaintiff Darryl Eckert suffered a loss of wages and Plaintiff Ana Eckert suffered the loss of her husband's consortium.

7.

At all times material hereto, Plaintiff Darryl Eckert was married to Plaintiff Ana Eckert.

## COUNT I – NEGLIGENCE

8.

Plaintiffs reallege and incorporate Paragraphs 1-7 as though fully set forth herein.

9.

Defendants owed a duty to Plaintiffs to complete their work in a non-negligent manner.

PDF created with pdfFactory trial version www.pdffactory.com

10.

Defendants breached their duty by failing to repair the vat lid properly.

11.

As a direct and proximate result of Defendants' negligence, Plaintiff Darryl Eckert suffered injuries and damages and Plaintiff Ana Eckert suffered the loss of consortium with her husband.

## COUNT II – RESPONDEAT SUPERIOR

12.

Plaintiffs reallege and incorporate Paragraphs 1-11 as though fully set forth herein.

13.

Defendant John Doe 1 was in the scope of his employment with Defendant A&D when he repaired the vat lid in a negligent manner.

14.

Pursuant to a theory of respondeat superior, Defendant A&D is vicariously liable for the actions of Defendant John Doe 1.

## COUNT III – NEGLIGENT HIRING, RETENTION AND SUPERVISION

15.

Plaintiffs reallege and incorporate Paragraphs 1-14 as though fully set forth herein.

16.

Defendant A&D owed a duty to Plaintiffs not to hire or retain John Doe 1 after knowledge of his incompetence for the job, and to supervise John Doe 1 in a reasonable manner.

PDF created with pdfFactory trial version www.pdffactory.com

17.

Defendant A&D breached its duty by hiring and/or retaining Defendant John Doe 1 after knowledge of his incompetence for the job and by failing to properly supervise his work.

18.

Defendant A&D's negligence was the direct and proximate cause of Plaintiff Darryl Eckert's injuries and damages and Plaintiff Ana Eckert's loss of consortium.

## COUNT IV – LOSS OF CONSORTIUM

19.

Plaintiffs reallege and incorporate Paragraphs 1-18 as though fully set forth herein.

20.

Pursuant to O.C.G.A. § 51-1-9, Plaintiff Ana Eckert has a right to recover for the loss of her husband, Darryl Eckert's society, companionship and affection that was lost due to the negligent actions of Defendants.

WHEREFORE, Plaintiffs respectfully pray:

a. That Summons be issued and Defendants be served with process;

b. That judgment be entered in favor of Plaintiffs holding Defendants liable for losses suffered resulting from the injuries sustained and caused by Defendants in such amount as will fairly and adequately compensate Plaintiffs;

c. That Plaintiffs recover judgment in excess of $10,000.00 for the injuries and losses they incurred as a result of the negligence of Defendants, including, without limitation, damages for:

(1) All medical expenses incurred in the care and treatment of Plaintiff Darryl Eckert's injuries and the resulting consequences;

PDF created with pdfFactory trial version www.pdffactory.com

(2) Compensation for all pain and suffering endured by Plaintiff Darryl Eckert;

(3) Compensation for lost wages endured by Plaintiff Darryl Eckert; and

(4) Compensation for Plaintiff Ana Eckert's loss of consortium.

d.  That all costs be assessed against Defendants;

e.  That Plaintiffs have a trial by jury;

f.  That Plaintiffs be allowed to amend their Complaint in order to avoid a manifest injustice; and

g.  That Plaintiffs have such other relief as this Court deems just and proper.

Respectfully submitted this 13TH day of June, 2012.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY
Georgia Bar No. 020915
TONA L. SHRUM
Georgia Bar No. 558363

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191